

ADR

FILED

2007 SEP 10 P 2: 40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

1  Mark A. Neubauer (No. 73728)
2  Rebecca Edelson (No. 150464)
   Steptoe & Johnson LLP
3  2121 Avenue of the Stars, Suite 2800
   Los Angeles CA 90067
4  Telephone: (310) 734-3200
   Facsimile: (310) 734-3300
5  Email: mneubauer@steptoe.com
   Email: redelson@steptoe.com

6  Attorneys for Defendant
7  DEPUY ORTHOPAEDICS, INC.,
   an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C07 04659 RS

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> DEPUY ORTHOPAEDICS, INC., an Indiana corporation, <br><br> Defendants. | CASE NO. _____ <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) BY DEFENDANT DEPUY ORTHOPAEDICS, INC. <br><br> BY FAX |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE POLICH AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc. ("DePuy" or "Defendant") hereby removes this action to the United States District Court for the Northern District of California.

1.  **Intradistrict Assignment.** On August 24, 2007, an action was commenced in the Superior Court of the State of California for the County of Santa Clara, entitled <u>Gault South Bay, Inc., Bob Gault and Candice Polich vs.</u>

---
- 1 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.        Case No. _____
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.         Doc. # CC-166020 v.1

DePuy Orthopaedics, Inc., as Case Number 107CV092906 ("State Court Action"). No process, pleadings, or orders have been served on Defendant at the time of removal, but a true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit 1.  Assignment to the San Jose Division of the United States District Court is therefore appropriate. (Local Rule 3-2(e)).

2. To date, DePuy has not been served with a copy of the Complaint or Summons.

3. This Notice of Removal is filed within 30 days of service of the Complaint since service has not yet occurred and is therefore timely under 28 U.S.C. § 1446(b).

4. To Defendant's knowledge, no further proceedings have taken place in the State Court Action other than the Complaint attached at Exhibit 1.

5. **Jurisdiction.** This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal is therefore proper under § 1441(a). As set forth below, there is diversity of citizenship between Plaintiffs and Defendant.

    A. **Plaintiffs**. As alleged in the Complaint, plaintiff Bob Gault was, at the time his action commenced, and continues to be, an individual who is a citizen of the State of California. As alleged in the Complaint, plaintiff Candice Polich was, at the time the State Court Action commenced, and continues to be, an individual who is a citizen of the State of California. Plaintiff Gault South Bay, Inc. was, at the time this action commenced, and continues to be, a corporation duly organized and incorporated under the laws of the State of California with its principal place of business in California. These are the only plaintiffs in the State Court Action.

    B. **Defendant DePuy.** Defendant DePuy was, at the time this action commenced, and continues to be a corporation duly organized and incorporated under the laws of the State of Indiana with its principal place of

business in Warsaw, Indiana. DePuy is the only defendant in the State Court Action.

   C. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. To the extent that the sales representative agreement at issue in the State Court Action is declared unenforceable as prayed for in the Complaint, DePuy stands to lose in excess of $75,000. To the extent that Plaintiffs are permitted to take to a competitor those accounts they serviced as DePuy sales representatives and wrongfully exploit those relationships they developed or enhanced using DePuy's resources in violation of Gault South Bay Inc.'s sales representative agreement with DePuy, DePuy will be damaged well in excess of $75,000 given the profits Gault South Bay, Inc. generated for DePuy while it was a DePuy sales representative.

  6. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant DePuy will promptly give notice of the filing of this Notice of Removal to Plaintiff and will file a copy with the Clerk of the Superior Court of the State of California for the County of Santa Clara.

DATED: September 10, 2007  STEPTOE & JOHNSON LLP

          MARK A. NEUBAUER
          REBECCA EDELSON

          By _/s/ Rebecca Edelson_
          REBECCA EDELSON
          Attorneys for Defendant
          DEPUY ORTHOPAEDICS, INC.