```
DOWNEY BRAND LLP
TORY E. GRIFFIN (Bar No. 186181)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone:   (916) 444-1000
Facsimile:   (916) 444-2100

Attorneys for Plaintiffs
GAULT SOUTH BAY, INC., BOB GAULT, and
CANDICE POLICH
```

UCS

FILED Santa Clara Co
08/24/07   1:42pm
Kiri Torre
Chief Executive Officer
By: mrosales DISTRICT
R#2007/00084255
CK        $320.00
IL        $320.00
Case: 1-07-CV-092906

M. Rosales

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation,<br><br>    Defendant. | CASE NO. 107CV092906<br><br>COMPLAINT<br><br> |

Plaintiffs Gault South Bay, Inc. ("Gault South Bay"), and Bob Gault ("Gault"), (collectively referred to herein as "Plaintiffs") seek declaratory and injunctive relief pursuant to California Code of Civil Procedure Section 1060 and Business and Professions Code Section 17200. In support thereof, Plaintiffs allege:

### THE PARTIES

1.  Gault South Bay is a corporation incorporated in the State of California with its principal place of business in California. Gault is the President and sole shareholder of Gault South Bay. Gault South Bay's business purpose is to allow Gault to perform certain sales activities on behalf of Defendant, as stated more fully herein.

872966.3

1

COMPLAINT

Page 4
Exhibit 1

2. Gault is an individual residing in Santa Clara County, California.

3. Polich is an individual residing in California.

4. Defendant DePuy Orthopedics, Inc. ("Defendant") is a corporation incorporated in the State of Indiana and having its principal place of business in the State of Indiana. Plaintiffs are informed and believes that Defendant maintains sufficient contacts with California such that this court has personal jurisdiction over said defendant. These contacts include, but are not limited to, numerous clients in California, and several employees residing in California. Moreover, the instant dispute arises out of the contract between Gault South Bay and Defendant, and such contract was to be performed in California.

5. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs at the time of filing this complaint, and therefore Plaintiffs sue said defendants under such fictitious names. Plaintiffs will amend this complaint to insert the true name and capacities of the fictitiously named Defendants when the same become known to Plaintiffs.

## VENUE

6. Venue is proper in this court pursuant to Code of Civil Procedure sections 395 or 395.5 because (a) Defendant does not reside in California, and (b) because the controversy regarding the written agreement that is the subject of this declaratory relief action arose in Santa Clara County, California, and such written agreement was made in Santa Clara County, California.

## GENERAL BACKGROUND

7. Defendant is a corporation that designs, manufactures and distributes orthopedic devices and supplies including hip, knee, extremity, trauma, orthobiologics, and operating room products.

8. In November 2006, Gault South Bay and Defendant entered into an independent contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as the independent sales representative for Defendant's products in a certain identified territory. The Agreement had an effective date of January 1, 2007. A copy of the Agreement is attached hereto

1 | as Exhibit A.

2 | 9. The Agreement purports to be in effect until December 31, 2007, and states that during this time period, Contractor will not "sell any competitive products or engage in any competitive activities without obtaining DePuy's prior written consent." (Exhibit A, at p. 1.) The Agreement further defines competitive activities in this context as "selling, offering for sale, promoting, receiving or soliciting orders for goods or services similar, or intended for similar use as those offered by DePuy or any other J&J company, or accepting remuneration or any kind from any person providing such goods and services." (Id.)

10. On August 24, 2007, DePuy sent a letter terminating the Agreement.

11. In addition to the restrictive covenant noted in Paragraph 8 above, the Agreement contains an extremely broad covenant not to compete following termination of the Agreement. It provides, in pertinent part:

> Contractor agrees that, if this Agreement is terminated for any reason, that for a period of one (1) year after termination of the Agreement, that neither Contractor nor any of its employees, independent contractors, or agents who were involved in the representation or sale of the Products, will, without DePuy's prior written consent, accept a position with a competitor of DePuy, which involves direct or indirect sales of competitive products in the same Territory or sales to the same accounts covered by the Agreement or engage, directly or indirectly in the sales of competitive products or in competitive activities as described above.
>
> ...
>
> Contractor also agree [sic] to waive any defense to entry of a preliminary injunction prohibiting its violation of the noncompetition provisions of this Agreement based on the existence of an adequate remedy at law by DePuy.

(Exhibit A, at p.7.)

12. Polich is not a party to the Agreement. Polich is an independent contractor for Gault South Bay. Nevertheless, the Agreement purports to limit Polich's ability to compete with DePuy. The Agreement states:

> Contractor may hire its own employees or contract with other individuals or entities to assist Contractor in the performance of its duties hereunder, which employees, individuals or entities shall be solely Contractor's responsibility and shall be compensated solely by Contractor. Contractor agrees that any such employees,

872966.3

3

COMPLAINT

Page 6
Exhibit 1

individuals or entitles will not be subject to DePuy's approval or supervision, but will be bound by the same DePuy and Johnson & Johnson guidelines, policies and procedures, the non-compete provisions and all other provisions of this agreement to which Contractor is subject.

(Exhibit A, p. 2.)

13.  The Agreement also contains a waiver of a right to a jury trial. (Exhibit A, at p.9.) Such provisions are unenforceable in California.

14.  By this action, Plaintiffs wish to have this court declare that the non-compete provisions contained in the Agreement are void and invalid as contrary under California law, due to California's strong public policy against agreements restricting an individual from employment in his or her chosen trade or profession. (*See* Business and Professions Code Section 16600). In particular, Plaintiffs seek to have this court declare all restrictive covenants in the Agreement void as an improper restraint of trade under Business and Professions Code Section 16600. (*See Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998)).

15.  Plaintiffs further seek to have the Agreement declared invalid insofar as the one-year term purports to prohibit Gault from engaging in his chosen profession during this one-year period. Enforcement of the one-year term against Plaintiffs would constitute an unlawful restraint of trade in violation of California law.

## FIRST CAUSE OF ACTION
## REQUEST FOR DECLARATORY RELIEF

16.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 15, as though fully contained herein.

17.  An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and obligations under the Agreement. Plaintiffs believe the Agreement is terminable at will, and that the non-compete provisions contained in the Agreement are void and unenforceable. Plaintiffs, however, are informed and believe, and thereon allege, that Defendant disputes these assertions.

18.  Plaintiffs request a judicial determination regarding the validity and enforceability of the non-compete provisions contained in the Agreement, as well as the termination provision

1 | of the Agreement and the waiver of the right to a jury trial.

2 | 19.   A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiffs may ascertain the scope and extent of their right to do business in their chosen profession.

### SECOND CAUSE OF ACTION
### UNFAIR COMPETITION
(Business & Professions Code § 17200)

20.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19, as though fully contained herein.

21.   The Agreement is unlawful and unfair within the meaning of Business & Professions Code Section 17200 insofar as the Agreement restricts Plaintiffs' ability to compete with DePuy, or otherwise restricts the ability to terminate the Agreement.

22.   Plaintiffs seek an injunction to prohibit enforcement of the invalid portions of the Agreement, as set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1.   For a declaration that the non-compete contained in the Agreement are void and unenforceable in California, and that the Agreement is not applicable to or binding on non-parties thereto, including the one-year term and non-compete provisions of the Agreement;

2.   For a preliminary and permanent injunction preventing Defendant from enforcing any non-compete provisions contained in the Agreement, or from enforcing any portion of the Agreement against non-parties thereto;

3.   For attorneys' fees, according to proof and as permitted by law;

4.   For costs of suit as permitted by law; and

5.   For such other relief as the court deems just and proper.

| | |
|---|---|
| DATED: August 24, 2007 | DOWNEY BRAND LLP<br><br>By: _____<br>TORY E. GRIFFIN<br>Attorney for Plaintiffs<br>GAULT SOUTH BAY SYSTEMS, INC., BOB GAULT, and CANDICE POLICH |

872966.3

6

COMPLAINT

Page 9
Exhibit 1