**EXHIBIT 1**

Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles CA 90067
Telephone: (310) 734-3200
Facsimile: (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana corporation,<br><br>Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) BY DEFENDANT DEPUY ORTHOPAEDICS, INC.**<br><br>BY FAX |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE POLICH AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc. ("DePuy" or "Defendant") hereby removes this action to the United States District Court for the Northern District of California.

1.    **Intradistrict Assignment.** On August 24, 2007, an action was commenced in the Superior Court of the State of California for the County of **Santa Clara**, entitled <u>Gault South Bay, Inc., Bob Gault and Candice Polich vs.</u>

- 1 -
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.

Case No. _____
Doc. # CC-166020 v.1

Exhibit "1" Page 4

1   DePuy Orthopaedics, Inc., as Case Number 107CV092906 ("State Court Action").

2   No process, pleadings, or orders have been served on Defendant at the time of

3   removal, but a true and correct copy of the Complaint in the State Court Action is

4   attached hereto as Exhibit 1.  Assignment to the San Jose Division of the United

5   States District Court is therefore appropriate.  (Local Rule 3-2(e)).

6       2.      To date, DePuy has not been served with a copy of the Complaint or

7   Summons.

8       3.      This Notice of Removal is filed within 30 days of service of the

9   Complaint since service has not yet occurred and is therefore timely under

10  28 U.S.C. § 1446(b).

11      4.      To Defendant's knowledge, no further proceedings have taken place

12  in the State Court Action other than the Complaint attached at Exhibit 1.

13      5.      **Jurisdiction.**  This Court has original subject matter jurisdiction over

14  this action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper under §

15  1441(a).  As set forth below, there is diversity of citizenship between Plaintiffs and

16  Defendant.

17          A.      **Plaintiffs.**  As alleged in the Complaint, plaintiff Bob Gault

18  was, at the time his action commenced, and continues to be, an individual who is a

19  citizen of the State of California.  As alleged in the Complaint, plaintiff Candice

20  Polich was, at the time the State Court Action commenced, and continues to be, an

21  individual who is a citizen of the State of California.  Plaintiff Gault South Bay,

22  Inc. was, at the time this action commenced, and continues to be, a corporation

23  duly organized and incorporated under the laws of the State of California with its

24  principal place of business in California.  These are the only plaintiffs in the State

25  Court Action.

26          B.      **Defendant DePuy.**  Defendant DePuy was, at the time this

27  action commenced, and continues to be a corporation duly organized and

28  incorporated under the laws of the State of Indiana with its principal place of

- 2 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.**
Case No. _____
Doc. # CC-166020 v.1

Exhibit "1" Page 5

1  business in Warsaw, Indiana. DePuy is the only defendant in the State Court
2  Action.

3        C.    The amount in controversy exceeds the sum of $75,000,
4  exclusive of interest and costs. To the extent that the sales representative
5  agreement at issue in the State Court Action is declared unenforceable as prayed
6  for in the Complaint, DePuy stands to lose in excess of $75,000. To the extent that
7  Plaintiffs are permitted to take to a competitor those accounts they serviced as
8  DePuy sales representatives and wrongfully exploit those relationships they
9  developed or enhanced using DePuy's resources in violation of Gault South Bay
10 Inc.'s sales representative agreement with DePuy, DePuy will be damaged well in
11 excess of $75,000 given the profits Gault South Bay, Inc. generated for DePuy
12 while it was a DePuy sales representative.

13       6.    Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant
14 DePuy will promptly give notice of the filing of this Notice of Removal to Plaintiff
15 and will file a copy with the Clerk of the Superior Court of the State of California
16 for the County of Santa Clara.

17 DATED: September 10, 2007    STEPTOE & JOHNSON LLP

18                                     MARK A. NEUBAUER
19                                     REBECCA EDELSON

20

21              By    _Rebecca Edelson_
22                        REBECCA EDELSON
23                      Attorneys for Defendant
                       DEPUY ORTHOPAEDICS, INC.

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.**
**§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.**

Case No. _____
Doc. # CC-166020 v.1

Exhibit "1" Page 6

DOWNEY BRAND LLP
TORY E. GRIFFIN  (Bar No. 186181)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:     (916) 444-1000
Facsimile:     (916) 444-2100

**UCS**

Attorneys for Plaintiffs
GAULT SOUTH BAY, INC., BOB GAULT, and
CANDICE POLICH

FILED  Santa Clara Co
08/24/07  1:42pm
Kiri Torre
Chief Executive Offic
By: mrosales DISC1VU
R#2007/00084255
CK          $320.00
IL          $320.00
Case: 1-07-CV-092906

M. Rosales

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

GAULT SOUTH BAY, INC., a California
Corporation, BOB GAULT, an individual,
and CANDICE POLICH, an individual,

            Plaintiffs,

      v.

DEPUY ORTHOPAEDICS, INC., an
Indiana Corporation,

            Defendant.

CASE NO. **107CV092906**

**COMPLAINT**

**FAXED**

        Plaintiffs Gault South Bay, Inc. ("Gault South Bay"), and Bob Gault ("Gault"),

(collectively referred to herein as "Plaintiffs") seek declaratory and injunctive relief pursuant to

California Code of Civil Procedure Section 1060 and Business and Professions Code Section

17200.  In support thereof, Plaintiffs allege:

                            **THE PARTIES**

        1.      Gault South Bay is a corporation incorporated in the State of California with its

principal place of business in California.  Gault is the President and sole shareholder of Gault

South Bay.  Gault South Bay's business purpose is to allow Gault to perform certain sales

activities on behalf of Defendant, as stated more fully herein.

872966.3                                    1

                            COMPLAINT

Page ___4___
Exhibit ___1___

Exhibit "1"Page 7

2.    Gault is an individual residing in Santa Clara County, California.

3.    Polich is an individual residing in California.

4.    Defendant DePuy Orthopedics, Inc. ("Defendant") is a corporation incorporated in the State of Indiana and having its principal place of business in the State of Indiana. Plaintiffs are informed and believes that Defendant maintains sufficient contacts with California such that this court has personal jurisdiction over said defendant. These contacts include, but are not limited to, numerous clients in California, and several employees residing in California. Moreover, the instant dispute arises out of the contract between Gault South Bay and Defendant, and such contract was to be performed in California.

5.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs at the time of filing this complaint, and therefore Plaintiffs sue said defendants under such fictitious names. Plaintiffs will amend this complaint to insert the true name and capacities of the fictitiously named Defendants when the same become known to Plaintiffs.

**VENUE**

6.    Venue is proper in this court pursuant to Code of Civil Procedure sections 395 or 395.5 because (a) Defendant does not reside in California, and (b) because the controversy regarding the written agreement that is the subject of this declaratory relief action arose in Santa Clara County, California, and such written agreement was made in Santa Clara County, California.

**GENERAL BACKGROUND**

7.    Defendant is a corporation that designs, manufactures and distributes orthopedic devices and supplies including hip, knee, extremity, trauma, orthobiologics, and operating room products.

8.    In November 2006, Gault South Bay and Defendant entered into an independent contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as the independent sales representative for Defendant's products in a certain identified territory. The Agreement had an effective date of January 1, 2007. A copy of the Agreement is attached hereto

2

872966.3

Exhibit "1" Page 8

1    as Exhibit A.

2       9.      The Agreement purports to be in effect until December 31, 2007, and states that

3    during this time period, Contractor will not "sell any competitive products or engage in any

4    competitive activities without obtaining DePuy's prior written consent." (Exhibit A, at p. 1.) The

5    Agreement further defines competitive activities in this context as "selling, offering for sale,

6    promoting, receiving or soliciting orders for goods or services similar, or intended for similar use

7    as those offered by DePuy or any other J&J company, or accepting remuneration or any kind

8    from any person providing such goods and services." (*Id.*)

9       10.      On August 24, 2007, DePuy sent a letter terminating the Agreement.

10       11.      In addition to the restrictive covenant noted in Paragraph 8 above, the Agreement

11    contains an extremely broad covenant not to compete following termination of the Agreement. It

12    provides, in pertinent part:

13         Contractor agrees that, if this Agreement is terminated for any

14         reason, that for a period of one (1) year after termination of the
Agreement, that neither Contractor nor any of its employees,
independent contractors, or agents who were involved in the

15         representation or sale of the Products, will, without DePuy's prior
written consent, accept a position with a competitor of DePuy,

16         which involves direct or indirect sales of competitive products in
the same Territory or sales to the same accounts covered by the

17         Agreement or engage, directly or indirectly in the sales of
competitive products or in competitive activities as described

18         above.

19         ...

20         Contractor also agree [sic] to waive any defense to entry of a
preliminary injunction prohibiting its violation of the

21         noncompetition provisions of this Agreement based on the
existence of an adequate remedy at law by DePuy.

22    (Exhibit A, at p.7.)

23       12.      Polich is not a party to the Agreement. Polich is an independent contractor for

24    Gault South Bay. Nevertheless, the Agreement purports to limit Polich's ability to compete with

25    DePuy. The Agreement states:

26         Contractor may hire its own employees or contract with other
individuals or entities to assist Contractor in the performance of its

27         duties hereunder, which employees, individuals or entities shall be
solely Contractor's responsibility and shall be compensated solely

28         by Contractor. Contractor agrees that any such employees,

872966.3

3

Page   6

Exhibit   1

Exhibit "1" Page 9

1     individuals or entitles will not be subject to DePuy's approval or
2     supervision, but will be bound by the same DePuy and Johnson &
    Johnson guidelines, policies and procedures, the non-compete
3     provisions and all other provisions of this agreement to which
    Contractor is subject.

4    (Exhibit A, p. 2.)

5       13.    The Agreement also contains a waiver of a right to a jury trial. (Exhibit A, at p.9.)

6    Such provisions are unenforceable in California.

7       14.    By this action, Plaintiffs wish to have this court declare that the non-compete

8    provisions contained in the Agreement are void and invalid as contrary under California law, due

9    to California's strong public policy against agreements restricting an individual from employment

10   in his or her chosen trade or profession. (*See* Business and Professions Code Section 16600). In

11   particular, Plaintiffs seek to have this court declare all restrictive covenants in the Agreement void

12   as an improper restraint of trade under Business and Professions Code Section 16600. (*See*

13   *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998)).

14       15.    Plaintiffs further seek to have the Agreement declared invalid insofar as the one-

15   year term purports to prohibit Gault from engaging in his chosen profession during this one-year

16   period. Enforcement of the one-year term against Plaintiffs would constitute an unlawful restraint

17   of trade in violation of California law.

18                      **FIRST CAUSE OF ACTION**

19                **REQUEST FOR DECLARATORY RELIEF**

20       16.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

21   through 15, as though fully contained herein.

22       17.    An actual controversy has arisen and now exists between Plaintiffs and Defendant

23   concerning their respective rights and obligations under the Agreement. Plaintiffs believe the

24   Agreement is terminable at will, and that the non-compete provisions contained in the Agreement

25   are void and unenforceable. Plaintiffs, however, are informed and believe, and thereon allege,

26   that Defendant disputes these assertions.

27       18.    Plaintiffs request a judicial determination regarding the validity and enforceability

28   of the non-compete provisions contained in the Agreement, as well as the termination provision

872966.3

COMPLAINT

Page ___7___
Exhibit ___7___

1   of the Agreement and the waiver of the right to a jury trial.

2       19.    A judicial declaration is necessary and appropriate at this time under the

3   circumstances so that Plaintiffs may ascertain the scope and extent of their right to do business in

4   their chosen profession.

5   **SECOND CAUSE OF ACTION**

**UNFAIR COMPETITION**

6   **(Business & Professions Code § 17200)**

7       20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

8   through 19, as though fully contained herein.

9       21.    The Agreement is unlawful and unfair within the meaning of Business &

10  Professions Code Section 17200 insofar as the Agreement restricts Plaintiffs' ability to compete

11  with DePuy, or otherwise restricts the ability to terminate the Agreement.

12      22.    Plaintiffs seek an injunction to prohibit enforcement of the invalid portions of the

13  Agreement, as set forth above.

14  **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

16      1.    For a declaration that the non-compete contained in the Agreement are void and

17  unenforceable in California, and that the Agreement is not applicable to or binding on non-parties

18  thereto, including the one-year term and non-compete provisions of the Agreement;

19      2.    For a preliminary and permanent injunction preventing Defendant from enforcing

20  any non-compete provisions contained in the Agreement, or from enforcing any portion of the

21  Agreement against non-parties thereto;

22      3.    For attorneys' fees, according to proof and as permitted by law;

23      4.    For costs of suit as permitted by law; and

24      5.    For such other relief as the court deems just and proper.

25

26

27

28

872966.3

5

Page ___8___
Exhibit __1__

Exhibit "1"Page 11

1

DATED:  August 24, 2007

DOWNEY BRAND LLP

2

3

By: _____

4

TORY E. GRIFFIN
Attorney for Plaintiffs
GAULT SOUTH BAY SYSTEMS, INC., BOB
GAULT, and CANDICE POLICH

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

872966.3

COMPLAINT

Page ___9___
Exhibit ___1___

Exhibit "1"Page 12

**EXHIBIT 2**

STEPTOE & JOHNSON LLP
Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Carla A. Veltman (No. 223910)
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052
Telephone: 310-734-3200
Facsimile: 310-734-3300
Email: mneubauer@steptoe.com
Email: bedelson@steptoe.com
Email: cveltman@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana Corporation

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation<br><br>Defendant. | CASE NO. 107CV092906<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA BY DEFENDANT DEPUY ORTHOPAEDICS, INC.** |

NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE U.S.D.C. FOR THE NORTHERN DIST
CALIF. BY DEFT. DEPUY ORTHOPAEDICS, INC.

Exhibit "2" Page 13

Doc. # CC-166001

1  **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF**

2  **CALIFORNIA, COUNTY OF SANTA CLARA, AND PLAINTIFFS GAULT**

3  **SOUTH BAY, INC., BOB GAULT AND CANDICE POLICH AND THEIR**

4  **COUNSEL OF RECORD:**

5       **PLEASE TAKE NOTICE** that under 28 U.S.C. §§ 1332 and 1441, a Notice

6  of Removal in this action was filed in the United States District Court for the

7  Northern District of California on September 10, 2007, bearing United States

8  District Court Case No. 5:07-cv-04659-RS.  Notice of this removal is provided

9  pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Removal

10  along with ECF confirmation of filing is attached hereto as Exhibit A.

11

12  DATED: September 10, 2007     STEPTOE & JOHNSON LLP

13                    MARK A. NEUBAUER

14                    REBECCA EDELSON

15

16                    By _____

17                        REBECCA EDELSON

18                      Attorneys for Defendant

                        DEPUY ORTHOPAEDICS, INC.

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE U.S.D.C. FOR THE NORTHERN DIST.
OF CALIF. BY DEFT. DEPUY ORTHOPAEDICS, INC.

Exhibit "2"Page 14

From:     ECF-CAND@cand.uscourts.gov
Sent:     Monday, September 10, 2007 3:20 PM
To:       efiling@cand.uscourts.gov
Subject:  Activity in Case 5:07-cv-04659-RS Gault South Bay, Inc. et al v. DePuy Orthopaedics, Inc. Notice of Removal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are two hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document. *If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 9/10/2007 3:20 PM and filed on 9/10/2007
**Case Name:**        Gault South Bay, Inc. et al v. DePuy Orthopaedics, Inc.
**Case Number:**      5:07-cv-4659
**Filer:**            DePuy Orthopaedics, Inc.
**Document Number:** 1(No document attached)

**Docket Text:**
NOTICE OF REMOVAL (NO PROCESS) from Superior Court of California, Santa Clara County. Their case number is 107CV092906. (Filing fee $350 receipt number 54611001673). Filed by DePuy Orthopaedics, Inc. (bw, COURT STAFF) (Filed on 9/10/2007)

**5:07-cv-4659 Notice has been electronically mailed to:**

Rebecca Edelson     bedelson@steptoe.com, smcloughlin@steptoe.com

Tory Edward Griffin     tgriffin@downeybrand.com, afrench@downeybrand.com

**5:07-cv-4659 Notice has been delivered by other means to:**

Mark Alan Neubauer
Steptoe & Johnson LLP
2121 Avenue of the Stars
Ste 900
Los Angeles, CA 90067

9/10/2007     Exhibit "2" Page 15     **EXHIBIT A**

Exhibit "A" Page 3

1 | Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
2 | Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
3 | Los Angeles  CA  90067
Telephone:  (310) 734-3200
4 | Facsimile:   (310) 734-3300
Email: mneubauer@steptoe.com
5 | Email: redelson@steptoe.com

6 | Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
7 | an Indiana corporation

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

13 | GAULT SOUTH BAY, INC. a
California Corporation, BOB
14 | GAULT, an individual, and
CANDICE POLICH, an individual,

CASE NO._____

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441(b)
BY DEFENDANT DEPUY
ORTHOPAEDICS, INC.

15 |                Plaintiff,

16 |        vs.

17 | DEPUY ORTHOPAEDICS, INC.,
18 | an Indiana corporation,

19 |                Defendants.

20 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND**

21 | **PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE**

22 | **POLICH AND THEIR COUNSEL OF RECORD:**

23 |        PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc.

24 | ("DePuy" or "Defendant") hereby removes this action to the United States District

25 | Court for the Northern District of California.

26 |        1.      **Intradistrict Assignment.**  On August 24, 2007, an action was

27 | commenced in the Superior Court of the State of California for the County of

28 | **Santa Clara,** entitled <u>Gault South Bay, Inc., Bob Gault and Candice Polich vs.</u>

Exhibit "2" Page 16                                          Exhibit "A" Page 4

1   DePuy Orthopaedics, Inc., as Case Number 107CV092906 ("State Court Action").

2   No process, pleadings, or orders have been served on Defendant at the time of

3   removal, but a true and correct copy of the Complaint in the State Court Action is

4   attached hereto as Exhibit 1.  Assignment to the San Jose Division of the United

5   States District Court is therefore appropriate.  (Local Rule 3-2(e)).

6       2.      To date, DePuy has not been served with a copy of the Complaint or

7   Summons.

8       3.      This Notice of Removal is filed within 30 days of service of the

9   Complaint since service has not yet occurred and is therefore timely under

10  28 U.S.C. § 1446(b).

11      4.      To Defendant's knowledge, no further proceedings have taken place

12  in the State Court Action other than the Complaint attached at Exhibit 1.

13      5.      **Jurisdiction.**  This Court has original subject matter jurisdiction over

14  this action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper under §

15  1441(a).  As set forth below, there is diversity of citizenship between Plaintiffs and

16  Defendant.

17          A.      **Plaintiffs.**  As alleged in the Complaint, plaintiff Bob Gault

18  was, at the time his action commenced, and continues to be, an individual who is a

19  citizen of the State of California.  As alleged in the Complaint, plaintiff Candice

20  Polich was, at the time the State Court Action commenced, and continues to be, an

21  individual who is a citizen of the State of California.  Plaintiff Gault South Bay,

22  Inc. was, at the time this action commenced, and continues to be, a corporation

23  duly organized and incorporated under the laws of the State of California with its

24  principal place of business in California.  These are the only plaintiffs in the State

25  Court Action.

26          B.      **Defendant DePuy.**  Defendant DePuy was, at the time this

27  action commenced, and continues to be a corporation duly organized and

28  incorporated under the laws of the State of Indiana with its principal place of

- 2 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.

Case No.
Doc. # CC-186928 v.1

Exhibit "2" Page 17

Exhibit "A" Page 5

1 | business in Warsaw, Indiana.  DePuy is the only defendant in the State Court

2 | Action.

3 |           C.       The amount in controversy exceeds the sum of $75,000,

4 | exclusive of interest and costs.  To the extent that the sales representative

5 | agreement at issue in the State Court Action is declared unenforceable as prayed

6 | for in the Complaint, DePuy stands to lose in excess of $75,000.  To the extent that

7 | Plaintiffs are permitted to take to a competitor those accounts they serviced as

8 | DePuy sales representatives and wrongfully exploit those relationships they

9 | developed or enhanced using DePuy's resources in violation of Gault South Bay

10 | Inc.'s sales representative agreement with DePuy, DePuy will be damaged well in

11 | excess of $75,000 given the profits Gault South Bay, Inc. generated for DePuy

12 | while it was a DePuy sales representative.

13 |       6.      Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant

14 | DePuy will promptly give notice of the filing of this Notice of Removal to Plaintiff

15 | and will file a copy with the Clerk of the Superior Court of the State of California

16 | for the County of Santa Clara.

17 | DATED: September 10, 2007     STEPTOE & JOHNSON LLP

18 |                                  MARK A. NEUBAUER

19 |                                  REBECCA EDELSON

20 |

21 |                  By   *Rebecca Edelson*

22 |                           REBECCA EDELSON

                          Attorneys for Defendant

23 |                         DEPUY ORTHOPAEDICS, INC.

24 |

25 |

26 |

27 |

28 |

DOWNEY BRAND LLP
TORY E. GRIFFIN  (Bar No. 186181)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:    (916) 444-1000
Facsimile:    (916) 444-2100

Attorneys for Plaintiffs
GAULT SOUTH BAY, INC., BOB GAULT, and
CANDICE POLICH

**UCS**

FILED  Santa Clara Co
08/24/07   1:42pm
Kiri Torre
Chief Executive Offic
By: mrosales DISCIVIL
R#200/00084255
CK              $320.00
IL              $320.00
Case: 1-07-CV-092906

M. Rosales

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SANTA CLARA

GAULT SOUTH BAY, INC., a California
Corporation, BOB GAULT, an individual,
and CANDICE POLICH, an individual,

            Plaintiffs,

    v.

DEPUY ORTHOPAEDICS, INC., an
Indiana Corporation,

            Defendant.

CASE NO. **107CV092906**

**COMPLAINT**



Plaintiffs Gault South Bay, Inc. ("Gault South Bay"), and Bob Gault ("Gault"),

(collectively referred to herein as "Plaintiffs") seek declaratory and injunctive relief pursuant to

California Code of Civil Procedure Section 1060 and Business and Professions Code Section

17200.  In support thereof, Plaintiffs allege:

### THE PARTIES

1.      Gault South Bay is a corporation incorporated in the State of California with its

principal place of business in California.  Gault is the President and sole shareholder of Gault

South Bay.  Gault South Bay's business purpose is to allow Gault to perform certain sales

activities on behalf of Defendant, as stated more fully herein.

872966.3

1

Page   4
Exhibit   1

2.      Gault is an individual residing in Santa Clara County, California.

3.      Polich is an individual residing in California.

4.      Defendant DePuy Orthopedics, Inc. ("Defendant") is a corporation incorporated in the State of Indiana and having its principal place of business in the State of Indiana. Plaintiffs are informed and believes that Defendant maintains sufficient contacts with California such that this court has personal jurisdiction over said defendant. These contacts include, but are not limited to, numerous clients in California, and several employees residing in California. Moreover, the instant dispute arises out of the contract between Gault South Bay and Defendant, and such contract was to be performed in California.

5.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs at the time of filing this complaint, and therefore Plaintiffs sue said defendants under such fictitious names. Plaintiffs will amend this complaint to insert the true name and capacities of the fictitiously named Defendants when the same become known to Plaintiffs.

**VENUE**

6.      Venue is proper in this court pursuant to Code of Civil Procedure sections 395 or 395.5 because (a) Defendant does not reside in California, and (b) because the controversy regarding the written agreement that is the subject of this declaratory relief action arose in Santa Clara County, California, and such written agreement was made in Santa Clara County, California.

**GENERAL BACKGROUND**

7.      Defendant is a corporation that designs, manufactures and distributes orthopedic devices and supplies including hip, knee, extremity, trauma, orthobiologics, and operating room products.

8.      In November 2006, Gault South Bay and Defendant entered into an independent contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as the independent sales representative for Defendant's products in a certain identified territory. The Agreement had an effective date of January 1, 2007. A copy of the Agreement is attached hereto

872966.3

2

1    as Exhibit A.

2        9.    The Agreement purports to be in effect until December 31, 2007, and states that

3    during this time period, Contractor will not "sell any competitive products or engage in any

4    competitive activities without obtaining DePuy's prior written consent." (Exhibit A, at p. 1.)  The

5    Agreement further defines competitive activities in this context as "selling, offering for sale,

6    promoting, receiving or soliciting orders for goods or services similar, or intended for similar use

7    as those offered by DePuy or any other J&J company, or accepting remuneration or any kind

8    from any person providing such goods and services." (*Id.*)

9        10.    On August 24, 2007, DePuy sent a letter terminating the Agreement.

10       11.    In addition to the restrictive covenant noted in Paragraph 8 above, the Agreement

11   contains an extremely broad covenant not to compete following termination of the Agreement.  It

12   provides, in pertinent part:

13           Contractor agrees that, if this Agreement is terminated for any
14           reason, that for a period of one (1) year after termination of the
             Agreement, that neither Contractor nor any of its employees,
15           independent contractors, or agents who were involved in the
             representation or sale of the Products, will, without DePuy's prior
16           written consent, accept a position with a competitor of DePuy,
             which involves direct or indirect sales of competitive products in
17           the same Territory or sales to the same accounts covered by the
             Agreement or engage, directly or indirectly in the sales of
18           competitive products or in competitive activities as described
             above.

19           ...
20           Contractor also agree [sic] to waive any defense to entry of a
             preliminary injunction prohibiting its violation of the
21           noncompetition provisions of this Agreement based on the
             existence of an adequate remedy at law by DePuy.

22   (Exhibit A, at p.7.)

23       12.    Polich is not a party to the Agreement.  Polich is an independent contractor for

24   Gault South Bay.  Nevertheless, the Agreement purports to limit Polich's ability to compete with

25   DePuy.  The Agreement states:

26           Contractor may hire its own employees or contract with other
             individuals or entities to assist Contractor in the performance of its
27           duties hereunder, which employees, individuals or entities shall be
             solely Contractor's responsibility and shall be compensated solely
28           by Contractor.  Contractor agrees that any such employees,

872966.3

3

COMPLAINT

Page 6
Exhibit 1

1    individuals or entitles will not be subject to DePuy's approval or
     supervision, but will be bound by the same DePuy and Johnson &
2    Johnson guidelines, policies and procedures, the non-compete
     provisions and all other provisions of this agreement to which
3    Contractor is subject.

4    (Exhibit A, p. 2.)

5        13.    The Agreement also contains a waiver of a right to a jury trial.  (Exhibit A, at p.9.)

6    Such provisions are unenforceable in California.

7        14.    By this action, Plaintiffs wish to have this court declare that the non-compete

8    provisions contained in the Agreement are void and invalid as contrary under California law, due

9    to California's strong public policy against agreements restricting an individual from employment

10   in his or her chosen trade or profession. (*See* Business and Professions Code Section 16600).  In

11   particular, Plaintiffs seek to have this court declare all restrictive covenants in the Agreement void

12   as an improper restraint of trade under Business and Professions Code Section 16600. (*See*

13   *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998)).

14       15.    Plaintiffs further seek to have the Agreement declared invalid insofar as the one-

15   year term purports to prohibit Gault from engaging in his chosen profession during this one-year

16   period.  Enforcement of the one-year term against Plaintiffs would constitute an unlawful restraint

17   of trade in violation of California law.

18                              **FIRST CAUSE OF ACTION**

19                        **REQUEST FOR DECLARATORY RELIEF**

20       16.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

21   through 15, as though fully contained herein.

22       17.    An actual controversy has arisen and now exists between Plaintiffs and Defendant

23   concerning their respective rights and obligations under the Agreement.  Plaintiffs believe the

24   Agreement is terminable at will, and that the non-compete provisions contained in the Agreement

25   are void and unenforceable.  Plaintiffs, however, are informed and believe, and thereon allege,

26   that Defendant disputes these assertions.

27       18.    Plaintiffs request a judicial determination regarding the validity and enforceability

28   of the non-compete provisions contained in the Agreement, as well as the termination provision

872966.3

4

COMPLAINT

Page ____7____

Exhibit ____7____

1    of the Agreement and the waiver of the right to a jury trial.

2        19.    A judicial declaration is necessary and appropriate at this time under the

3    circumstances so that Plaintiffs may ascertain the scope and extent of their right to do business in

4    their chosen profession.

5                              **SECOND CAUSE OF ACTION**
                              **UNFAIR COMPETITION**
6                      **(Business & Professions Code § 17200)**

7        20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

8    through 19, as though fully contained herein.

9        21.    The Agreement is unlawful and unfair within the meaning of Business &

10   Professions Code Section 17200 insofar as the Agreement restricts Plaintiffs' ability to compete

11   with DePuy, or otherwise restricts the ability to terminate the Agreement.

12       22.    Plaintiffs seek an injunction to prohibit enforcement of the invalid portions of the

13   Agreement, as set forth above.

14                              **PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

16       1.    For a declaration that the non-compete contained in the Agreement are void and

17   unenforceable in California, and that the Agreement is not applicable to or binding on non-parties

18   thereto, including the one-year term and non-compete provisions of the Agreement;

19       2.    For a preliminary and permanent injunction preventing Defendant from enforcing

20   any non-compete provisions contained in the Agreement, or from enforcing any portion of the

21   Agreement against non-parties thereto;

22       3.    For attorneys' fees, according to proof and as permitted by law;

23       4.    For costs of suit as permitted by law; and

24       5.    For such other relief as the court deems just and proper.

25

26

27

28

872966.3

5

COMPLAINT

1    DATED:  August 24, 2007                    DOWNEY BRAND LLP

2

3                                               By:_____

4                                                      TORY E. GRIFFIN
                                                      Attorney for Plaintiffs
5                                               GAULT SOUTH BAY SYSTEMS, INC., BOB
                                                   GAULT, and CANDICE POLICH
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

872966.3

                                        6

                                 COMPLAINT

Page ___9___
Exhibit ___1___

1

**PROOF OF SERVICE**
F.R.C.P. 5

2
I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a

3
party to this action. My business address is: Steptoe & Johnson LLP, 2121 Avenue of the Stars,

Suite 2800, Los Angeles, California 90067.

4
On **September 10, 2007,** I served the following listed document(s), by method indicated below,

5
on the parties in this action: **NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

6
**DISTRICT OF CALIFORNIA BY DEFENDANT DEPUY ORTHOPAEDICS, INC.**

*SEE ATTACHED SERVICE LIST*

7
☒ **BY U.S. MAIL**                                  ☐ **BY ELECTRONIC SERVICE**

8
By placing ☐ the original / ☒ a true copy thereof enclosed in a   **(via electronic filing service provider)**

9
sealed envelope(s), with postage fully prepaid, addressed as per the   By electronically transmitting the document(s)
attached service list, for collection and mailing at Steptoe &   listed above to LexisNexis File and Serve, an
Johnson LLP, 2121 Avenue of the Stars, Suite 900, Los Angeles,   electronic filing service provider at

10
California 90067., following ordinary business practices. I am   www.fileandserve.lexisnexis.com, from the email
readily familiar with Steptoe & Johnson LLP's practice for   address _____@steptoe.com, at

11
collection and processing of documents for mailing. Under that   approximately _____. To my knowledge, the
practice, the document is deposited with the United States Postal   transmission was reported as complete and

12
Service on the same day as it is collected and processed for mailing   without error. *See* Cal. R. Ct. R. 2053, 2055,
in the ordinary course of business.   2060.

13

14
☐ **BY OVERNIGHT DELIVERY**                         ☐ **BY ELECTRONIC SERVICE**

By delivering the document(s) listed above in a sealed envelope(s)   **(to individual persons)**

15
or package(s) designated by the express service carrier, with   By electronically transmitting the document(s)
delivery fees paid or provided for, addressed as per the attached   listed above to the email address(es) of the

16
service list, to a facility regularly maintained by the express service   person(s) set forth on the attached service list
carrier or to an authorized courier or driver authorized by the   from the email address _____@steptoe.com

17
express service carrier to receive documents.   at approximately _____. To my knowledge, the
transmission was reported as complete and

18
without error. *See* Cal. R. Ct. R. 2060.

☐ **BY PERSONAL SERVICE**                           ☐ **BY FACSIMILE**

19
   ☐ By personally delivering and handing the document(s) listed   By transmitting the document(s) listed above from
above to the person(s) identified on the attached service list.   Steptoe & Johnson LLP in Los Angeles,

20
   ☐ By personally delivering the document(s) listed above to the   California to the facsimile machine telephone
office address(es) as shown on the attached service list and leaving   number(s) set forth on the attached service list.

21
said document(s) with a clerk or other person in charge, or if no one   Service by facsimile transmission was made ☐
is in charge leaving it in a conspicuous place in the office(s).   pursuant to agreement of the parties, confirmed in

22
   ☐ By personally delivering the document(s) listed above to the   writing, or ☐ as a courtesy to the parties.
address(es) as shown on the attached service list and leaving said

23
document(s) with someone of suitable age and discretion residing at
said address(es).

24

25
        I declare under penalty of perjury under the laws of the State of California that the above is true

26
and correct.

        Executed on September 10, 2007, at Los Angeles, California.

27

28
Maria Rodriguez _____              _____
                                                        Signature

Doc. # CC-166001

1

## SERVICE LIST

2

3    Tory E. Griffin                                      Attorneys for Plaintiffs Gault South Bay,
      Downey Brand LLP                                     Inc., Bob Gault, and Candice Polich

4    555 Capitol Mall, Tenth Floor
      Sacramento, CA  95814-4686

5    Tel.:  (916) 444-000

6    Fax:  (916) 444-2100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

JS44 – CAND (Rev. 11/04)

**C07    04659    RS**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual

**DEFENDANTS**
DEPUY ORTHOPAEDICS, INC., an Indiana Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Tory E. Griffin
DOWNEY BRAND LLP
555 Capitol Mall, Tenth Floor, Sacramento, CA 95814-4686
Telephone: (916) 444-1000; Facsimile: (916) 444-2100

ATTORNEYS (IF KNOWN)
Mark A. Neubauer; Rebecca Edelson
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067
Telephone: (310) 734-3200; Facsimile: (310) 734-3300

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DE FENDANT

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury -Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | **PERSONAL PROPERTY** | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **LABOR** | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | [ ] 871 IRS–Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | | | | |

**VI.   CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 28 USC §§ 1332 and 1441. Claims for decl. relief and unfair competition are asserted. Validity of contract at issue.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION   DEMAND $ N/A   CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23   equit. relief   JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S)**
IF ANY  No.   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE
September 10, 2007

SIGNATURE OF ATTORNEY OF RECORD   *Rebecca Edelson*
Rebecca Edelson

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

1  STEPTOE & JOHNSON LLP
   Mark A. Neubauer (No. 73728)
2  Rebecca Edelson (No. 150464)
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, CA 90067-5052
   Telephone: 310-734-3200
4  Facsimile: 310-734-3300
   Email: mneubauer@steptoe.com
5  Email: bedelson@steptoe.com

6  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
7  an Indiana Corporation

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                   SAN JOSE DIVISION

12
   GAULT SOUTH BAY, INC., a          CASE NO.
13 California Corporation, BOB
   GAULT, an individual, and         **DEFENDANT DEPUY**
14 CANDICE POLICH, an individual     **ORTHOPAEDICS, INC.'S**
                                      **CERTIFICATION OF**
15              Plaintiffs,           **INTERESTED PARTIES AND**
                                      **DISCLOSURE STATEMENT**
16       vs.

17 DEPUY ORTHOPAEDICS, INC.,
   an Indiana Corporation            **BY FAX**
18
                Defendant.
19

20

21     **TO THE COURT AND ALL PARTIES APPEARING OF RECORD:**

22     Pursuant to Civil Local Rule 3-16, the undersigned certifies that the

23 following listed persons, associations of person, firms, partnerships, corporations

24 (including parent corporations) or other entities (i) have a financial interest in the

25 subject matter in controversy or in a party to the proceeding, or (ii) have a non-

26 financial interest in that subject matter or in a party that could be substantially

27 affected by the outcome of this proceeding. These representations are made to

28 enable the Court to evaluate possible disqualification or recusal.

- 1 -
DEFT. DEPUY ORTHOPAEDICS, INC.'S CERTIFICATION
OF INTERESTED PARTIES AND DISCLOSURE STATEMENT    Case No.: _____
                                                  Doc. # CC-166023 v.1

| DESCRIPTION | CONNECTION |
|---|---|
| Bob Gault, an individual | named Plaintiff |
| Gault South Bay, Inc., a California Corporation | named Plaintiff |
| Candice Polich, an individual | named Plaintiff |
| DePuy Orthopaedics, Inc., an Indiana corporation and a Johnson & Johnson–affiliated company. | named Defendant |
| DePuy, Inc., a Delaware corporation | DePuy Orthopaedics, Inc.'s parent company, which owns all of DePuy Orthopaedics, Inc.'s stock. |

DATED:  September 10, 2007    STEPTOE & JOHNSON LLP
MARK A. NEUBAUER
REBECCA EDELSON

By *Rebecca Edelson*

REBECCA EDELSON
Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC., an Indiana
Corporation

- 2 -

1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles  CA  90067
   Telephone:   (310) 734-3200
4  Facsimile:   (310) 734-3300
   Email: mneubauer@steptoe.com
5  Email: redelson@steptoe.com

6  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
7  an Indiana corporation

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12

13  GAULT SOUTH BAY, INC., a          CASE NO.
    California Corporation, BOB
14  GAULT, an individual, and         **NOTICE OF WHETHER THERE**
    CANDICE POLICH, an individual     **ARE RELATED CASES BY**
15                                    **DEFENDANT DEPUY**
              Plaintiffs,             **ORTHOPAEDICS, INC.  [LOCAL**
16                                    **RULE 3-12]**
         vs.
17
    DEPUY ORTHOPAEDICS, INC.,
18  an Indiana Corporation                  **BY FAX**

19            Defendant.

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    NOTICE OF WHETHER THERE ARE RELATED CASES    Case No. : _____
                                                 Doc. # CC-165827 v.1

Exhibit "3"Page 31

1    **TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

2         The undersigned, counsel of record for Defendant DePuy Orthopaedics, Inc., gives

3    notice that said Defendant is unaware of any "related cases" as defined by Local Rule

4    3-12.

5                                    Restfully submitted:

6

7    DATED: September 10, 2007         STEPTOE & JOHNSON LLP

8                                     MARK A. NEUBAUER
                                      REBECCA EDELSON
9

10

11                                   By  *Rebecca Edelson*
                                         _____
12                                        REBECCA EDELSON
                                          Attorneys for Defendant
13                                        DEPUY ORTHOPAEDICS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -
**NOTICE OF WHETHER THERE ARE RELATED CASES**    Case No. : _____
                                                                                Doc. # CC-165827 v.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GAULT SOUTH BAY, INC.,

Plaintiff (s),

v.

DEPUY ORTHOPAEDICS, INC.,
Defendant(s).

No. C 07-04659 RS

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

ORIGINAL
FILED

07 SEP 10 PM 2: 41

RICHARD W. WIEKING
U.S. DISTRICT CLERK

IT IS HEREBY ORDERED that this action is assigned to the Honorable Richard Seeborg.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 9/10/2007 | Notice of removal filed | |
| 12/12/2007 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 12/26/2007 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 1/2/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, 5th Floor, SJ at 2:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

Exhibit "3"Page 33

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1          Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only

2    after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available

3    date.

4          Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for

5    hearing on any Tuesday at 10:00 a.m.

6          Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for

7    hearing on any Wednesday at 9:30 a.m.

8          Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for

9    hearing on any Tuesday at 10:00 a.m.

10          Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be

11    held on _____ at _____, at the United States Courthouse, 280

12    South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil

13    L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

14          Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with

15    their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8

16    and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the

17    Case Management Conference and good faith compliance with the requirements of this Order are essential

18    elements of effective case management. Failure to meet and confer, to be prepared for the Case Management

19    Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but

20    are not required, to attend the Case Management Conference.

21          In all "E-filing" cases when filing papers in connection with any motion for determination by a judge,

22    the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by

23    the close of the next court day following the day the papers are filed electronically. These printed copies shall be

24    marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the

25    judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document

26    with the Clerk's Office that has already been filed electronically.

27    IT IS SO ORDERED.

28    Dated: Effective on the date this order is filed, until further court order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

James Ware

United States District Judge


_____

Ronald M. Whyte

United States District Judge


_____

Jeremy Fogel

United States District Judge


_____

Patricia V. Trumbull

United States Chief Magistrate Judge


_____

Richard Seeborg

United States Magistrate Judge


_____

Howard R. Lloyd

United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE RICHARD SEEBORG

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1. In cases that are randomly assigned to Judge Seeborg for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, <u>as soon as possible</u>.

2. The civil motion calendar is heard on Wednesdays at 9:30 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3. Case Management and Pretrial Conferences are heard on Wednesdays at 2:30 p.m.

4. Parties with questions regarding scheduling of settlement conferences should contact Judge Seeborg's judicial assistant at 408/535-5357. All other scheduling questions should be addressed to Judge Seeborg's courtroom deputy at 408/535-5346.

5. A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 4, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued <u>only</u> by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a case management conference without Court approval.

6. Pursuant to Rule 26(f), F.R.Civ.P. and Civil Local Rule 16-3, no later than 21 days before the Case Management Conference, each party shall confer to consider and discuss: (1) the nature and basis of their claims and defenses; (2) possibilities for a prompt settlement or resolution of the case; (3) exchanging the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.; (4) developing a proposed discovery plan with suitable limits; and (5) preparation of a joint case management statement.

7. The parties shall also consider the selection of an ADR (Alternative Dispute Resolution) process. See "Dispute Resolution Procedures in the Northern District of California" handbook. Pursuant to Civil Local Rule 16-8(b) and ADR Local Rule 3-5, no later than the date specified in the Order Setting Initial Case Management Conference, each party shall file and serve an ADR Certificate.

8. Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement and Proposed Order (see sample form attached hereto). If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

9.   Discovery motions may be addressed to the Court in three ways: a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters between counsel as exhibits to discovery motions.

10.  Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: January 26, 2005

Richard Seeborg
United States Magistrate Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.      Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.      Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.      Motions: All prior and pending motions, their current status, and any anticipated motions.

5.      Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.      Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.      Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.      Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.      Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any

-1-

Exhibit "3"Page 39

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

-2-

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

## WELCOME TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, CLERK'S OFFICE, SAN JOSE DIVISION

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1.  When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2.  Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3.  In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4.  This office will **retain the ORIGINAL plus ONE COPY of most documents** submitted. We will conform as many copies as you bring (*within reason*) for your use.

5.  The copies retained go directly to the assigned judge or magistrate judge. ***Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.***

6.  The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7.  The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8.  The case number must include whether it is a civil or criminal matter by the inclusion of a **"C"** or **"CR"** at the beginning of the number.

9.  Documents must be **stapled and/or ACCO fastened** at the top. **NO BINDER CLIPS OR RUBBER BANDS PLEASE.**

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

## NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION
## CRIMINAL AND CIVIL LAW AND MOTION/TRIAL/SETTLEMENT/CASE
## MANAGEMENT/DISMISSAL HEARING SCHEDULES

### FOGEL (JF) – COURTROOM #3, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @  9:00 A.M. |
| Criminal: | Wednesday | @  9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial:  Jury Selection: | Friday | @  1:30  P.M. |

### LLOYD (HRL) – COURTROOM #2, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @  9:30 A.M. |
| CMC: | Tuesdays | @  1:30 P.M. |
| Pretrial: | Tuesday | @  1:30 P.M. |

### TRUMBULL (PVT) - COURTROOM #5, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @  10:00 A.M. |
| Criminal: | Thursday | @   9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @   2:00 P.M. |
| Pretrial: | Tuesday | @   2:00 P.M. |
| Trial: | Monday | @   9:30 A.M. |

### WARE (JW) – COURTROOM #8, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @  9:00 A.M. |
| Criminal: | Monday | @  1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @  1:30 P.M. |
| Civil Pretrial: | Monday | @  3:00pm & two weeks before Trial |
| Trial:  Jury Selection: | Tuesday | @  9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

### SEEBORG (RS) – COURTROOM #4, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @  9:30 A.M. |
| Criminal: | Thursday | @  9:30A.M. |
| CMC: | Wednesday | @  2:30 P.M. |
| Pretrial: | Wednesday | @  1:30 P.M. |
| Trial: | Monday | @  9:00A.M. |

### WHYTE (RMW) - COURTROOM #6, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @  9:00 A.M. |
| Criminal: | Monday | @  9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @   2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @   1:30 P.M. |

Rev: 3/13/01:tg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been assigned for all purposes to the Magistrate Judge whose initials appear following your case number.

In accordance with Title 28 U.S.C. 636( c ), with written consent of all parties, this magistrate judge shall conduct any and all proceedings in this case, including a jury or non-jury trial and entry of final judgment. An appeal from a judgment entered by magistrate judge may be taken directly to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court. You may, however, without adverse consequences, decline to consent to the assignment of the magistrate judge for all purposes. Both a consent form and a declination form have been provided to you. Please complete the form that corresponds to your choice and promptly return to the Court.

In the event that you decline the assignment of the magistrate judge for all purposes, in accordance with Title 28 U.S.C. 636 (b)(1)(a) and General Order 44, that magistrate judge nevertheless has been designated to and will hear and determine pretrial matters not dispositive of a claim or defense.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rule of Civil Procedure 4 and 5.

FOR THE COURT;
RICHARD W. WIEKING, CLERK

By _____
Deputy Clerk

Exhibit "3"Page 43

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No.  C

Plaintiff(s),

v.

Defendant(s).

/

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party

hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further

proceedings in the case, including trial, and order the entry of a final judgment.  Appeal from the

judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

_____
Signature

Counsel for _____
(Plaintiff, Defendant or indicate "pro se")

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10
11
                                              No. C
12
          Plaintiff(s),              **DECLINATION TO PROCEED BEFORE**
13                                   **A MAGISTRATE JUDGE**
      v.                                         **AND**
14                                   **REQUEST FOR REASSIGNMENT TO A**
                                     **UNITED STATES DISTRICT JUDGE**
15
          Defendant(s).
16    _____/

17
      REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE
18
          The undersigned party hereby declines to consent to the assignment of this case to a United
19
States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to
20
a United States District Judge.
21
22
      Dated: _____          Signature_____
23
                                              Counsel for _____
24                                            (Plaintiff, Defendant, or indicate "pro se")
25
26
27
28

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  This means that you **must** (check off the boxes ☑ when done):

☐  **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐  **2) Register** to become an efiler by filling out the efiler application form.  Follow ALL the instructions on the form carefully.  If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐  **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below.  You do not need to wait for your registration to be completed to email the court.

☐  **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records).  If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free.  If you need to establish or check on an account, visit:  **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically.  Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website:  **http://ecf.cand.uscourts.gov**

Exhibit "3"Page 46

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

Exhibit "3" Page 47

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

Exhibit "3" Page 48

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-5364

# NOTICE OF ELECTRONIC AVAILABILITY
# OF CASE FILE INFORMATION

The Office of the Clerk is now accepting many electronically filed documents and making the content of these documents available on the court's Internet website via PACER. Any subscriber to PACER will be able to read, download, store and print the full content of electronically filed documents. The Clerk's Office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In response to the increased online accessibility of court documents, the judges of the Northern District recently adopted General Order No. 53, a copy of which is attached.

Counsel are strongly urged to share a copy of General Order No. 53 with all clients so that an informed decision about the inclusion, redaction and/or exclusion of certain materials may be made. It is the sole responsibility of counsel and the parties to be sure that all documents comply with General Order No. 53. The clerk will not review documents for redaction.

## GENERAL ORDER NO. 53

## PRIVACY

**A. Personal Identifiers.**

In compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 (PL 107-347), and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties must refrain from including, or must redact where inclusion is necessary, the following personal data identifiers from all pleadings and other papers filed with the Court in civil actions, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court, pursuant to B., below.

> **1. Social Security numbers.** If an individual's social security number must be included in a pleading or other paper, only the last four digits of that number should be used.

> **2. Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

> **3. Dates of birth.** If an individual's date of birth must be included in a pleading or other paper, only the year should be used.

> **4. Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

**B. Filing.**

In compliance with the E-Government Act of 2002, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal by following the procedures prescribed in Civil L.R. 79-5. This document shall be retained by the Court as part of the record. The party must file a redacted copy for the public file.

**C. Responsibility.**

The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading or other paper for compliance with this general order.

ADOPTED BY THE COURT: May 21, 2002          FOR THE COURT:
AMENDED:  April 15, 2003

                                         /S/  Marilyn Hall Patel
                                         Marilyn Hall Patel
                                         Chief Judge

Exhibit "3"Page 50

GENERAL ORDER NO. 40

PROHIBITION OF BIAS

Prologue

The Court is committed to ensuring that all forms of bias and
prejudice are eliminated from the practice of law in our district.
Accordingly, the Court enacts the following General Order and shall
amend its local rules to implement the policy set forth herein.  It
should be noted that the General Order is intended to govern the
conduct of attorneys and litigants since existing law already
places a duty of fair treatment on judges and court employees.
While the enforcement procedures set forth in paragraphs (2)
through (6) apply only to attorneys, paragraph (1) calls upon all
participants involved in court business to treat all individuals
with respect and courtesy.

Duties and Procedures

(1)  The practice of law before the United States District
Court for the Northern District of California must be free from
prejudice and bias in any form.  Treatment free of bias must be
accorded all other attorneys, litigants, judicial officers, court-
room jurors or support personnel.  The duty to exercise nonbiased
behavior includes the responsibility to avoid comment or behavior
manifesting prejudice or bias toward another.  This duty is owed by
all attorneys, judges, judicial officers and court personnel in
connection with cases pending before the district court.

(2)    The purpose of the facilitation process set forth herein shall be principally to promote understanding and education through voluntary peer review of biased behavior.  To implement the policy set forth in paragraph (1), the Court shall appoint a committee of attorneys practicing in the Northern District to constitute the Advisory Committee on Professional Conduct ("the Committee").  The roster of the Committee shall remain on file with the Clerk of the Court.  It shall be the responsibility of the Committee, serving at the discretion of the Court as an advisory adjunct, to hear complaints of biased behavior and to provide a forum for the voluntary resolution of conflicts of this nature.

(3)    Upon being directly notified of an alleged violation of paragraph (1) or upon referral from the Court, the chair of the Committee shall, after consultation with the complaining party, appoint a member of the Committee or other appropriate, neutral facilitator who shall provide the parties a copy of this rule, and then attempt to facilitate a resolution of the matter.  When deemed necessary in a particular case by the Committee, the chair of the Committee may appoint a facilitator who is not on the roster.  Participation by the parties shall be voluntary, but the Court, by this rule, encourages participation.  All matters that are the subject of facilitation, including the names of the parties, shall remain absolutely confidential.

(4)    Attorneys are encouraged to resolve alleged violations of paragraph (1) informally, without resort to the processes set forth

2

herein.  If attempts at informal resolution fail or would be inap-
propriate, an alleged violation of paragraph (1) may be raised
through:  a) referral to the Committee; or b) formal presentation
to the Court.  When the matter has been presented to the Court, the
Court has discretion to send the matter to the Committee for facil-
itation.  However, nothing in this rule shall affect the Court's
inherent power to use its processes to ensure that the practice of
law before the Court is free from bias.  Where a Judge or Magis-
trate Judge is alleged to have engaged in biased behavior, enforce-
ment of paragraph (1) shall be made with reference to Title 28
U.S.C. §372(c) and to the Rules of the Judicial Council of the
Ninth Circuit Governing Complaints of Judicial Misconduct or
Disability.

(5)  All communications by the parties and witnesses pursuant
to an investigation under this rule shall be deemed confidential.
Unless required by law, the Committee shall not retain written
records of the facilitation processes.  However, the Committee may
collect data on types of alleged violations or underlying anecdotes
that might be useful in educational programs, provided that the
identities of participants shall not be disclosed.

(6)  Notwithstanding the foregoing, any violation of paragraph
(1) committed in the presence of the Court should be addressed
promptly by the Court.  Any violation, whether or not committed in
the presence of the Court (such as misconduct in the presence of
witnesses or jurors), that affects the integrity of the judicial

3

process should be promptly raised with the Court.

ADOPTED:   January 10, 1995

4

## GENERAL ORDER NO. 45

## ELECTRONIC CASE FILING

I.   **Rules and Orders.**

A. Authorization. Local Rule 5-4 authorizes electronic filing in conjunction with Federal Rule of Civil Procedure 5(e) and Federal Rule of Criminal Procedure 49(b) and (d). The following policies shall govern electronic filing in this district.

B. Modification by the court. In extraordinary circumstances in a particular case, a judge may modify these policies in the interest of justice.

C. Applicability of Other Rules and Orders. Unless modified by approved stipulation or order of the court or a judge, all Federal Rules of Civil and Criminal Procedure, Local Rules, and orders of the court shall continue to apply to cases which are subject to electronic filing.

II.   **Definitions and Instructions.**

The following definitions and instructions shall apply to these policies regarding electronic filing:

A. The term "ECF" refers to the court's Electronic Case File program.

B. The term "ECF web site" refers to the official Electronic Case File Internet site of the Northern District of California at http://ecf.cand.uscourts.gov.

C. "Electronic Filing" refers to the process of logging in to the court web site and completing a transaction which includes the uploading of the document(s) comprising the filing to the court's system. Sending a document by email does not constitute an electronic filing.

D. The term "party" shall include counsel of record.

E. An "ECF User", as set forth in Section 4 below, is a person who is registered to use the ECF site. An ECF login is an attorney's individual electronic signature equivalent.

F. The "E-Mail Address of Record" is the e-mail address of each party to the case as maintained by the Clerk.

G. A "Notice of Electronic Filing" is generated automatically by the ECF system upon completion of an electronic filing. The Notice of Electronic Filing when e-mailed to the e-mail addresses of record in the case acts as the proof of service.

H. All hours stated shall be Pacific time.

I. All days are calculated according to the provisions of Federal Rule of Civil Procedure 6(a).

J. "PACER" is the Federal Judiciary's system for Public Access to Court Electronic Records. A PACER account is required for retrieving documents from the ECF system as it is for most Judiciary online systems. A firm may register for a PACER account by visiting the PACER Service Center's web site at http://pacer.psc.uscourts.gov.

K. Procedures and instructions for using the Court's ECF system consistent with these policies may be found on the ECF web site. The ECF web site, as well as providing access to filing and retrieval of documents, also contains instructions, a user manual, tutorials, an extensive posting concerned with Frequently Asked Questions ("FAQs"), bulletins of changes in the program, including its software, etc.

L. The term "PDF" refers to Portable Document Format, a specific computer file format which is the only format in which a document may be electronically filed. Information about PDF can be found on the ECF web site. (See also Sec. VI.B.)

III.    **Selection of Cases.**

Except for certain types of cases, all cases shall be presumptively designated for participation in the court's ECF program. A list of the types of cases exempt from e-filing may be found on the ECF web site. In the event that a pro se party obtains counsel in a case which had been excluded from e-filing because of pro se party status, the case will be automatically designated for the e-filing program.

IV.    **Registration, Appearance and Access.**

A.  Obligation to Register. Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon notification that the action is subject to ECF. Registration shall be on a form prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

B.  Obligation to Keep Account Information Current. An e-filer login account is a permanent, individual electronic signature equivalent for a particular attorney. Registered attorneys are required to keep their account information current. Account information may be updated online at the ECF web site.

C. Notification of Appearance. Because the ECF system's e-mailed Notices of Electronic Filing (see Sec. II.G) will only be delivered to the original addressee, it is important to keep the list of counsel current. Counsel shall follow these instructions:
      1.) A Notice of Appearance should be filed whenever counsel joins a case.

2

2.) In the event that counsel from the same firm replace one another as representatives of a client, a Notice of Substitution of Counsel shall be filed.

3.) In the event that a particular counsel ceases to be involved with a case when the party is still represented by other counsel, a Notice of Change in Counsel shall be filed.

4.) The withdrawal of a party's sole remaining counsel is governed by Civil Local Rule 11-5 and requires an order of the court.

5.) The replacement of one firm by another as counsel for a party also requires an order of the court.

Upon receipt of the preceding notifications, the Clerk of Court will update the record of appearances of counsel.

D.  Authorizing Use of User ID and Password by Others.  An ECF User may authorize another person to file a document using the User ID and Password of the ECF User, and the ECF User shall retain full responsibility for any document so filed.

E. Access.

1.) Filing: Only an ECF user as defined in Section IV.A may file documents.

2.) Retrieval: Any person may review at the clerk's office all filings, electronic or paper, that have not been sealed by the court. Any person also may access the Electronic Filing System at the court's ECF web site by obtaining a PACER log-in and password. Any person who has PACER access may retrieve online docket sheets in civil and criminal cases which are not sealed, and may retrieve online documents which are not sealed with the following exceptions:

a.) Exceptions in Civil Cases: Any person who has PACER access may retrieve online electronically filed documents in civil cases other than Social Security appeals. Only counsel for a party to the case may retrieve online documents in a Social Security appeal.

b.) Exceptions in Criminal Cases (Limited Access filings): Any person who has PACER access may retrieve online electronically filed documents in criminal cases, except that counsel in criminal cases may designate particular filings as "Limited Access" if they contain sensitive personal information. Any document, filed in response to a Limited Access filing, that also refers to the personal information shall also be designated as Limited Access. The words LIMITED ACCESS shall be prominently displayed on any such documents so designated. Such documents can be retrieved at the clerk's office but may not be retrieved online.

V.    Filing and Service of Documents.

A. Initiating Documents.  Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically. For cases subject to ECF pursuant to Section III. above, all

3

Exhibit "3"Page 57

previously filed documents shall be submitted in electronic form (PDF format only) within ten days. Submission of initiating documents must be made by email rather than by e-filing. A list of email addresses for the submission of PDF documents may be found at the ECF web site. In Bankruptcy appeal and Social Security appeal cases, the record from the court or agency below shall not be submitted electronically, but shall be submitted on paper only. Failure to email PDF copies of initiating documents timely shall be subject to such sanctions as may be imposed by the Court.

B. Documents Filed on Paper in Cases Designated for ECF. Whenever a paper filing is made of any document in a case designated for e-filing, the document shall be submitted in electronic form (PDF format only) within ten days via email to the appropriate email address. A list of email addresses for the submission of PDF documents may be found at the ECF web site.

C. Documents E-Filed in Cases Not Designated for ECF. Filings in cases not designated for electronic filing should be made on paper only. In the event a document is e-filed in a case not designated for electronic filing, the document must be submitted to the court for the purpose of completing the paper file; the document should not be filed again. The filer of the document should mark the paper copy clearly with "E-filed on [date]. Copy for paper file".

D. Service and Answer. Upon the filing of a complaint in an action which is subject to ECF, the plaintiff(s) shall serve notice upon the defendant(s) that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the complaint. The defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the defendant is a registered ECF User pursuant to Section II.D above, the answer shall be filed electronically. If the defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

VI.    **Electronic Filing.**

A. Generally. In any case subject to electronic filing, all documents required to be filed with the Clerk shall be filed electronically on the ECF web site, except as provided otherwise in Section VII or authorized otherwise by the court.

B. Format. Documents filed electronically must be submitted in the PDF format. Documents which the filer has in an electronic format must be converted to PDF from the word processing original, not scanned, to permit text searches and to facilitate transmission

4

and retrieval. Only documents of which the filer possesses only a paper copy may be scanned to convert them to PDF format. (See Section X. for rules governing the filing of documents with signatures not those of the e-filer.)

C. Completion of Filing. Electronic transmission of a document consistent with the procedures adopted by the court shall, upon the complete receipt of the same by the Clerk and together with the receipt of a Notice of Electronic Filing from the court, constitute filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court, and shall constitute entry of that document onto the docket maintained by the Clerk pursuant to Federal Rules of Civil Procedure 58 and 79, and to Federal Rules of Criminal Procedure 49 and 55.

D. Deadlines. Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e., received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing shall be completed by that time. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office when assistance is available.

E. Technical Failures. The Clerk shall deem the ECF web site to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently over the course of any period of time greater than one hour after 12:00 noon that day, in which case filings due that day which were not filed due solely to such technical failures shall become due the next business day. Such delayed filings shall be accompanied by a declaration or affidavit attesting to the filing person's failed attempts to file electronically at least two times after 12:00 noon separated by at least one hour on each day of delay due to such technical failure. The initial point of contact for any practitioner experiencing difficulty filing a document into the ECF system shall be the toll-free number posted on the ECF web site.

F. Docket. The record of filings and entries created by the ECF system for each case shall constitute the docket.

G. Courtesy Copies. In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers no later than noon on the business day following the day that the papers are filed electronically, one paper copy of each document that is filed electronically. These printed copies shall be marked "Chambers Copy" and shall be clearly marked with the judge's name, case number, and "Chambers Copy-Do Not File." The printed copies shall be delivered to the Clerk's Office. Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

VII.  Manual Filing.

5

A. Generally. Parties otherwise participating in ECF may be excused from filing a particular component electronically if it is not available in electronic format and it is not feasible for the filer to convert it to electronic format by scanning it. Such component shall not be filed electronically, but instead shall be manually filed with the Clerk of Court and served upon the parties in accordance with the applicable Federal Rules of Civil and Criminal Procedure and the Local Rules for filing and service of non-electronic documents. Parties manually filing a component shall file electronically a Manual Filing notification setting forth the reason(s) why the component cannot be filed electronically. Further information regarding the notification of the manual filing of a document can be found on the ECF web site.

> 1. Exhibits. Exhibits whose electronic original is not available to the filer and must therefore be scanned to PDF should be filed electronically only when the size of the document does not exceed the limit specified on the ECF web site. Scanning documents often produces files which are too large to be readily usable. Exhibits which are filed on paper because they are too large to scan should be represented in the electronic filing by a Notice of Manual Filing attached in place of the actual document.

B. Exclusions. Some types of documents shall only be filed conventionally and not electronically unless specifically authorized by the court. A list of documents to be filed manually may be found on the ECF web site.

## VIII. Proposed Orders.

A. Generally. In addition to being filed, proposed orders in cases designated for e-filing shall be lodged with the court by being transmitted by electronic mail to the specific addresses for that purpose which may be found on the ECF web site.

B. Format. Documents transmitted pursuant to this section shall be submitted in an approved format, a list of which can be found on the ECF web site. When a proposed order accompanies a filing, a copy of the proposed order in PDF format should also be attached to its electronically filed document (e.g., stipulations and motions.)

## IX. Service of Electronically Filed Documents.

A. Generally. Parties in cases subject to ECF shall make available electronic mail addresses for service. Upon the filing of a document by a party, an e-mail message will be automatically generated by the electronic filing system and sent to all parties in the case. Receipt of this message shall constitute service on the receiving party. In addition to receiving e-mail notifications of filing activity, the parties are strongly encouraged to check the docket in their case on the electronic filing system at regular intervals. A PACER account will be necessary to check the electronic docket.

6

B. Parties in Cases Subject to ECF. The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case, as described in Section A. above, shall constitute service on the attorney or other persons in a case subject to ECF.

C. Parties Who Have Not Registered as ECF Users.

1. Third Party Defendants. Upon the filing of a third-party complaint in an action which is subject to ECF, the third-party plaintiff(s) shall serve notice upon the third-party defendant that the action is subject to ECF, and shall serve the ECF handout, received by the filer at the time of opening the case which contains information necessary for registration, together with the third-party complaint. The third-party defendant shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the third-party defendant is a registered ECF User pursuant to Section II.D above, the third-party answer shall be filed electronically. If the third-party defendant is unable to electronically file the answer or other responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the answer or other responsive documents in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

2. Others. In an action subject to ECF, when service of a document other than a third-party complaint is required to be made upon a person who is not a registered ECF User, a paper copy of the document shall be served on the person (as otherwise required by the Federal Rules of Civil and Criminal Procedure or the Local Rules), along with a copy of the ECF handout received by the filer at the time of opening the case which contains information necessary for registration. If the person so served is permitted or required to respond to the document, such time to respond shall be computed without regard to ECF. The person shall register to become an ECF User following the procedures outlined at the ECF web site if not already registered. If the person is a registered ECF User pursuant to Section II.D above, the responsive document shall be filed electronically. If the defendant is unable to electronically file the responsive document, it may be filed non-electronically, and the defendant shall within ten days submit the responsive document in electronic form (PDF format only), to an e-mail address for that purpose which may be found on the ECF web site, for attachment to docket entries previously made by the Clerk's Office.

D. Service of the Court's Orders. Orders filed by the court in cases designated for electronic filing will be served only via the email Notice of Electronic Filing. No paper service will be made by the court.

## X. Signatures.

A document filed with the court electronically shall be deemed to be signed by a person (the "Signatory") when the document identifies the person as a Signatory and the filing complies with either subparagraph A or B. Any filing in accordance with any of these methods shall bind the Signatory as if the document were physically signed and filed, and shall function as the Signatory's signature, whether for purposes of Rule 11 of the Federal Rules of Civil Procedure, to attest to the truthfulness of an affidavit or declaration, or for any other purpose.

All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules which will constitute entry on the docket kept by the clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55. All signed orders will be filed electronically by the court or court personnel. Any order filed electronically without the original signature of a judge has the same force and effect as if the judge had affixed the judge's signature to a paper copy of the order and it had been entered on the docket in a conventional manner.

A. ECF Users. In the case of a Signatory who is an ECF User, such document shall be deemed signed, regardless of the existence of a physical signature on the document, provided that such document is filed using the User ID and Password of the Signatory.

B. Others. In the case of a Signatory who is not an ECF User, or who is an ECF User but whose User ID and Password will not be utilized in the electronic filing of the document, as in the case of documents requiring multiple signatures, the filer of the document shall list thereon all the names of any other signatory or signatories. The filer shall attest that concurrence in the filing of the document has been obtained from each of the other signatories, or from the single signatory (in the case, e.g., of a declaration) which shall serve in lieu of their signature(s) on the document. The filer's attestation may be incorporated in the document itself, or take the form of a declaration to be attached to the document. The filer shall maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). The filer may attach a scanned image of the signature page(s) of the document being electronically filed in lieu of maintaining the paper record for subsequent production if required.

C. Criminal Cases. Any document signed by a criminal defendant shall be scanned in its entirety to insure that an image of the defendant's signature is visible in the filing, notwithstanding the provisions of Section VI.B. Any document with multiple signatories in a criminal case shall be scanned in its entirety. Certain documents which may be used by other agencies shall be scanned in their entirety to include images of the signatures; a list of such documents will be found on the ECF web site.

## XI. Record on Appeal.

8

Until such time as the United States Courts of Appeals for the Ninth Circuit and the Federal Circuit institute rules and procedures to accommodate Electronic Case Filing, notices of appeal to those courts shall be filed, and fees paid, in the traditional manner on paper rather than electronically. All further documents relating to the appeal shall be filed and served in the traditional manner as well. Appellant's counsel shall provide paper copies of the documents that constitute the record on appeal to the District Court Clerk's Office.

**XII.    Access to Rules.**

These policies, as well as operational guidelines and instructions, shall be posted on the ECF web site and may be published in official legal newspapers in this district. Any amendments to ECF procedures shall be similarly published.

| | |
|---|---|
| ADOPTED:  12/15/98 | FOR THE COURT: |
| AMENDED:  1/16/01 | |
| AMENDED:  2/12/02 | |
| AMENDED:  4/8/03 | |
| AMENDED: 11/18/04 | /s/ Vaughn R Walker |

United States District Chief Judge

9

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  (A) _____

as   (B) _____ of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.)
A copy of the complaint is attached to this notice. It has been filed in the United States District Court
for the (D) _____ Northern _____ District of _____ California _____

and has been assigned docket number (E) _____.

     This is not a formal summons or notification from the court, but rather my request that you sign and return the
enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the
complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the
date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope
(or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be
served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will
not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice
is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service
in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask
the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that
connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set
forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____, _____.


                                         _____
                                         Signature of Plaintiff's Attorney
                                         or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

Exhibit "3" Page 64

AO 399  (Rev. 10/95)

Clear Form

## WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _____ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _____ ,
(CAPTION OF ACTION)

which is case number _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                              (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

INSTRUCTIONS FOR COMPLETION OF ADR FORMS
REGARDING SELECTION OF AN ADR PROCESS
(ADR LOCAL RULE 3-5)

Under ADR Local Rule 3-5, by the date set forth in the Initial Case Management Scheduling Order, counsel (and any self-represented party) shall meet and confer to attempt to agree on an ADR process. By that date, counsel must file the attached form entitled "ADR CERTIFICATION BY PARTIES AND COUNSEL." Please note that this form need not be filed jointly by all parties. Instead, each party may file a separate ADR CERTIFICATION along with their counsel.

Additionally, counsel (and any self-represented party) must jointly file one of the following forms (attached) by the date set forth in the Initial Case Management Scheduling Order:

- If the parties have agreed to participate in non-binding arbitration, Early Neutral Evaluation ("ENE"), mediation or private ADR, they shall file the form captioned "STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS."

- If the parties either have not yet reached an agreement as to an ADR process or they would prefer to participate in an early settlement conference before a Magistrate Judge, they shall file the form captioned "NOTICE OF NEED FOR ADR PHONE CONFERENCE ."

Please note that parties selecting an early settlement conference with a Magistrate Judge are required to participate in an ADR Phone Conference

Rev. 12/05

Exhibit "3" Page 66

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,

Plaintiff(s),

v.

_____,

Defendant(s).

_____/

CASE NO. _____

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled *Dispute Resolution Procedures in the Northern District of California* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated:_____

_____
[Party]

Dated: _____

_____
[Counsel]

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "ADR Certification (ADR L.R. 3-5b) of Discussion of ADR Options."

Rev. 12/05

Exhibit "3"Page 67

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

            v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

STIPULATION AND [PROPOSED]
ORDER SELECTING ADR PROCESS

        Counsel report that they have met and conferred regarding ADR and have reached the following stipulation pursuant to Civil L.R. 16-8 and ADR L.R. 3-5:

The parties agree to participate in the following ADR process:

**Court Processes:**
☐     Non-binding Arbitration (ADR L.R. 4)
☐     Early Neutral Evaluation (ENE)   (ADR L.R. 5)
☐     Mediation (ADR L.R. 6)

*(Note: Parties who believe that an early settlement conference with a Magistrate Judge is appreciably more likely to meet their needs than any other form of ADR must participate in an ADR phone conference and may not file this form. They must instead file a Notice of Need for ADR Phone Conference. See Civil Local Rule 16-8 and ADR L.R. 3-5)*

**Private Process:**
☐     Private ADR *(please identify process and provider)* _____

_____

The parties agree to hold the ADR session by:
☐     the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered. )*

☐     other requested deadline _____

Dated:_____          _____
                            Attorney for Plaintiff

Dated:_____          _____
                            Attorney for Defendant

---

When filing this document in ECF, please be sure to use the appropriate ADR Docket Event, e.g., "Stipulation and Proposed Order Selecting Early Neutral Evaluation."

---

Exhibit "3" Page 68

**[PROPOSED] ORDER**

Pursuant to the Stipulation above, the captioned matter is hereby referred to:

☐     Non-binding Arbitration
☐     Early Neutral Evaluation (ENE)
☐     Mediation
☐     Private ADR

Deadline for ADR session

☐     90 days from the date of this order.
☐     other _____

IT IS SO ORDERED.

Dated:_____        _____

UNITED STATES DISTRICT JUDGE

Rev. 12/05

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_____,
                    Plaintiff(s),

                    v.

_____,
                    Defendant(s).
_____/

CASE NO. _____

NOTICE OF NEED FOR ADR PHONE
CONFERENCE

Counsel report that they have met and conferred regarding ADR and that they:

☐    have not yet reached an agreement to an ADR process

☐    request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference _____

The following counsel will participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

_Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (adr@cand.uscourts.gov) will notify you of the date and time of your phone conference._

Dated:_____

_____
Attorney for Plaintiff

Dated:_____

_____
Attorney for Defendant

---

When filing this document in ECF, please be sure to use the ADR Docket Event entitled "Notice of Need for ADR Phone Conference (ADR L.R. 3-5 d)."

---

Rev. 12/05

Exhibit "3"Page 70

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

———————————

ORDER OF THE CHIEF JUDGE

———————————

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date:  May 11, 2007

Vaughn R Walker
United States District Chief Judge

Exhibit "3"Page 71