1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles  CA  90067
   Telephone:   (310) 734-3200
4  Facsimile:    (310) 734-3300
   Email: mneubauer@steptoe.com
5  Email: redelson@steptoe.com

6  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
7  an Indiana corporation

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN JOSE DIVISION

11

| | |
|---|---|
| 12  GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation<br><br>Defendant. | CASE NO. 5:07-cv-04659-RS<br><br>**NOTICE OF PENDENCY OF OTHER ACTION BY DEFENDANT DEPUY ORTHOPAEDICS, INC.  [LOCAL RULE 3-13]** |

21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

**TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

The undersigned, counsel of record for Defendant DePuy Orthopaedics, Inc., gives notice under Local Rule 3-13, that <u>DePuy Orthopaedics, Inc. vs. Gault South Bay, Inc. and Robert Gault,</u> Case No. 3:07CV0425RM filed on September 11, 2007 in the United States District Court for the Northern District of Indiana ("Indiana Action") involves a material part of the same subject matter and the same parties (other than Candace Polich) as the instant action in this Court ("Instant Action").

In the Indiana Action, DePuy Orthopaedics, Inc. ("DePuy") filed a Complaint against Robert (aka Bob) Gault ("Gault") and Gault South Bay, Inc. arising from Gault South Bay, Inc.'s competitive activities in violation of its obligations to DePuy pursuant to Gault South Bay, Inc.'s sales representative agreement with DePuy ("Agreement"). That Complaint asserts claims for breach of contract, tortious interference with contractual relationship, and tortious interference with customer relationships, breach of duties, and unfair competition.

In the Instant Action, Gault and Gault South Bay, Inc. filed against DePuy a Complaint for declaratory relief and unfair competition, alleging that certain terms of the Agreement are unenforceable, including the terms that require Gault South Bay, Inc. not to compete with DePuy.

Given the mandatory Indiana forum selection clause in the Agreement, it is DePuy's position that the Instant Action should be dismissed or transferred from this Court to the United States District Court for the Northern District of Indiana. No later than September 17, 2007, DePuy intends to file, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), a motion for an order dismissing the Instant Action or, alternatively, for an order transferring it from this Court to the United States District Court for the Northern District of Indiana on the ground that venue is improper since according to the forum selection clause in the parties' Agreement that gave rise to

the Instant Action all disputes related to the Agreement must be resolved in an Indiana forum.

Respectfully submitted:

DATED: September 11, 2007    STEPTOE & JOHNSON LLP

MARK A. NEUBAUER
REBECCA EDELSON


By   /s/ Rebecca Edelson
    REBECCA EDELSON
    Attorneys for Defendant
    DEPUY ORTHOPAEDICS, INC.