1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  JOHN W. FOWLER, Bar No. 037463
   jfowler@be-law.com
3  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:   (408) 297-6000

7  Attorneys for
   CANDICE POLICH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC., a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation,<br><br>Defendants. | Case No.  5:07-cv-04659-JW<br><br>**DECLARATION OF CANDICE POLICH IN SUPPORT OF REQUEST FOR DISMISSAL**<br><br>Complaint Filed:    August 24, 2007<br>Trial Date:              None Set |

DECLARATION OF CANDICE POLICH
Case No. 5-07-cv-04659 JW

I, Candice Polich, declare as follows:

1. I am purportedly a plaintiff in the above-captioned action. I have personal knowledge of the matters set forth herein and if called as a witness could and would competently testify thereto. I make this declaration in support of my request for dismissal of the Complaint in the above-captioned action.

2. I am currently a sales representative for Depuy Orthopaedics, Inc. ("Depuy"), whom I understand is a defendant in the above-captioned action. For nearly four years, from in or about October 2003 through August 2007, I was a sales representative for Bob Gault and the firm under whose name he does business, Gault South Bay, Inc. (collectively, "Gault"), whom I understand are both plaintiffs in the above-captioned action. I ceased to be a sales representative for Gault on or about August 24, 2007, when Gault's sales representation agreement with Depuy was terminated by Depuy.

3. I did not engage the law firm of Downey Brand, or attorney Tory E. Griffin, to represent me in this action (including when it was in state court) or in any capacity whatsoever at any time. Further, I did not authorize Downey Brand or Mr. Griffin to file the Complaint on my behalf.

4. I have had only one communication with Mr. Griffin, and none to my knowledge with any other person affiliated with the law firm of Downey Brand. My single communication with Mr. Griffin occurred before the termination of the contract between Gault and Depuy in August 2007. Mr. Griffin called me, informed me that he represented Gault, and asked me if he could forward to me papers which if I consented to sign would have the effect of engaging him to represent me in connection with legal recourse regarding the relationship between Gault and Depuy. I informed Mr. Griffin that he could send me papers but that I did not agree to sign them. I have not spoken to Mr. Griffin since.

5. Subsequently, on or about the time of the termination of the contract between Gault and Depuy, I had a telephone conversation with Bob Gault in which he asked me to sign the paperwork sent to me by Mr. Griffin. I told Bob Gault that I would not do so. The next day, Mr. Gault accosted me in person at the Good Samaritan Hospital in Los Gatos and made the same

request, to which I reiterated that I was not interested in participating in a lawsuit against DePuy. I have not spoken to Mr. Gault about the matter since.

6. Based on the foregoing, I believe that both Mr. Griffin and Mr. Gault were at all relevant times fully aware that my inclusion as a purported plaintiff in this litigation was without my authorization.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 14th day of September 2007 at San Jose, California.

_____
Candice Polich