1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles  CA  90067
Telephone:    (310) 734-3200
Facsimile:    (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, BOB GAULT, an individual, and CANDICE POLICH, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana corporation,<br><br>            Defendants. | CASE NO. 5:07-cv-04659-JW<br><br>**DEFENDANT DEPUY ORTHOPAEDICS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER F.R.C.P. 12(B)(3), OR IN THE ALTERNATIVE, TRANSFER THE ACTION PURSUANT TO 28 U.S.C. § 1406(A); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice and [Proposed] Order filed concurrently herewith]<br><br>Date:  October 22, 2007<br>Time:  9:00 a.m.<br>Courtroom:  8 (Hon. James Ware)<br>Discovery Cutoff:  Not Set<br>Motion Cutoff:  Not set<br>Trial Date:  Not set |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   PLEASE TAKE NOTICE that on October 22, 2007, at 9:00 a.m., or as soon

3   thereafter as counsel may be heard, in Courtroom 8 of the above-entitled Court, located at

4   280 S. First Street, San Jose, CA  95113-3008, defendant DePuy Orthopaedics, Inc.

5   ("Defendant" or "DePuy") will and hereby does move under Federal Rule of Civil

6   Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for an order dismissing the Complaint or,

7   alternatively, for an order transferring this action from this Court to the United States

8   District Court for the Northern District of Indiana on the ground that venue is improper

9   since according to the forum selection clause in the parties' written agreement that gives

10   rise to this action all disputes related to the agreement must be resolved in an Indiana

11   forum.

12   This Motion is based on this Notice of Motion, the accompanying Memorandum

13   of Points and Authorities, [Proposed] Order, Request for Judicial Notice, the complete

14   file in this matter, and upon such additional argument as may be presented at the hearing

15   on this matter.

16

17   DATED: September 17, 2007          STEPTOE & JOHNSON LLP

18                                      MARK A. NEUBAUER
                                        REBECCA EDELSON
19

20

21                                      By___/s/ Rebecca Edelson_____
                                           REBECCA EDELSON
22                                         Attorneys for Defendant
                                           DEPUY ORTHOPAEDICS, INC.,
23                                         an Indiana corporation

24

25

26

27

28

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

Page

I.    INTRODUCTION.................................................................................................. 1

II.   PLAINTIFF'S COMPLAINT AND PROCEDURAL HISTORY ......................... 1

III.  ARGUMENT ........................................................................................................ 2

    A.    THE COMPLAINT SHOULD BE DISMISSED .................................... 2

        1.    The Parties' Forum Selection Clause Mandates A Different
            Venue ......................................................................................... 2

        2.    Public Policy Does Not Invalidate the Indiana Forum
            Selection Provision in the Parties' Agreement ........................... 5

    B.    ALTERNATIVELY, THIS CASE AT LEAST SHOULD BE
        TRANSFERRED TO THE PROPER FORUM - INDIANA ..................... 11

IV.   CONCLUSION .................................................................................................... 12

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**FEDERAL CASES**

4  <u>Argueta v. Banco Mexicano, S.A.,</u>
       87 F.3d 320 (9th Cir. 1996) ........................................................................... 3

5

6  <u>Austin Powder Co. v. Wallwork,</u>
       761 F. Supp. 612 (S.D. Ind. 1990) ................................................................ 9

7

8  <u>Bernikow v. Xerox Corporation Long-Term Disability Income Plan,</u>
       2006 WL 2536590 (C.D. Cal. 2006) ............................................................. 7

9

10 <u>Docksider, Ltd. v. SeaTechnology, Ltd.,</u>
       875 F.2d 762 (9th Cir. 1989) ......................................................................... 5

11 <u>E. & J. Gallo Winery v. Andina Licores S.A.,</u>
       440 F. Supp. 2d 1115 (E.D. Cal. 2006) ................................................. 3, 6-7

12

13 <u>E. & J. Gallo Winery v. Andina Licores S.A.,</u>
       446 F. 3d 984 (9th Cir. 2006) ....................................................................... 6

14

15 <u>Fireman's Fund Ins. Co. v. M.V. DSR Atlantic,</u>
       131 F.3d 1336 (9th Cir. 1997) ...................................................................... 7

16

17 <u>Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.,</u>
       949 F. Supp. 1427 (N.D. Cal. 1997) ............................................................ 4

18

19 <u>Hopkinson v. Lotus Dev. Corp.,</u>
       1995 WL 381888 (N.D. Cal. June 20, 1995) ............................................ 3, 6

20

21 <u>Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty,</u>
       408 F.3d 1250 (9th Cir. 2005) ...................................................................... 3

22 <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.,</u>
       858 F.2d 509 (9th Cir. 1988) ................................................................ Passim

23

24 <u>Multimin USA, Inc. v. Walco International, Inc.,</u>
       2006 WL 1046964 (E.D. Cal. 2006) ............................................................ 7

25

26 <u>Richards v. Lloyd's of London,</u>
       135 F.3d 1289 (9th Cir. 1998) ...................................................................... 3

27

28 <u>Roberson v. Norwegian Cruise Line,</u>
       897 F. Supp. 1285 (C.D. Cal. 1995) .................................................. 6, 11-12

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1
2

Sarmiento v. BMG Entm't,
     326 F. Supp. 2d 1108 (C.D. Cal. 2003) ........................................................... 3

3
4

South Bend Consumers Club, Inc. v. United Consumers Club, Inc.,
     572 F. Supp. 209 (N.D. Ind. 1983) ................................................................ 9

5
6

Spradlin v. Lear Siegler Management Services Co.,
     926 F.2d 865 (9th Cir. 1991) ......................................................................... 3

7

Swenson v. T-Mobile USA, Inc.,
     415 F. Supp. 2d 1101 (S.D. Cal. 2006) .......................................................... 8

8
9

TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.,
     915 F.2d 1351 (9th Cir. 1990) ....................................................................... 4

10
11

Turner v. Thorworks Industries, Inc.,
     2006 WL 829142 (E.D. Cal. 2006) ................................................................ 1

12
13

Whipple Industries, Inc. v. Opcon AB
     2005 WL 2175871 at *10 (E.D. Cal. 2005).................................................. 8-9

14

**STATE CASES**

15
16

Advanced Bionics Corp. v. Medtronic, Inc.,
     29 Cal. 4th 697 (2002) ............................................................................. 10-11

17
18

Biosense Webster, Inc. v. Superior Court,
     135 Cal. App. 4th 827 (2006) ................................................................... 10-11

19
20

Olinick v. BMG Entertainment,
     138 Cal. App. 4th 1286 (2006) ...................................................................... 7

21

**FEDERAL STATUTES**

22

28 U.S.C. § 1406(a)........................................................................... 1-2, 11, 13

23

28 U.S.C. § 2201 ................................................................................................ 9

24

28 USC § 1391(a)............................................................................................ 12

25
26

Federal Rule of Civil Procedure 12(b)(3) ................................................. 1-3, 13

27

**STATE STATUTES**

28

California Business & Professions Code Section 16600 .................................7-8, 10-11

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3    This venue is improper and Plaintiffs' claims against defendant DePuy

4 Orthopaedics, Inc. should be dismissed or at least transferred to the proper forum since,

5 according to the forum selection clause in the parties' Agreement that is the subject of

6 this action, all disputes related to the Agreement must be resolved in an Indiana forum.

7    Plaintiffs' litigation arises from the written sales representative agreement between

8 Gault South Bay, Inc. and DePuy.  Plaintiffs are not entitled to pick and choose which

9 provisions of the Agreement apply.  Plaintiffs agreed to the Agreement's Indiana forum

10 selection provision and are bound by it.  They are not entitled to disregard it now simply

11 because they no longer find it agreeable.  See Turner v. Thorworks Industries, Inc., 2006

12 WL 829142 at *3 (E.D. Cal. 2006).

13    Forum selection clauses are presumed valid and are routinely enforced by the

14 courts.  Indeed, a federal court in California recently enforced this Indiana forum

15 selection clause in DePuy's sales representative agreements.  See Request for Judicial

16 Notice ("RJN") Ex. 1.

17    In light of the Indiana forum selection clause in the Agreement that is the subject

18 of Plaintiffs' claims, the Complaint against DePuy is subject to dismissal based on

19 improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).

20 Dismissal is appropriate regardless of where the alleged wrongful conduct occurred, and

21 regardless of Plaintiffs' claim that other provisions in the Agreement are unenforceable.

22    Should the Court be disinclined to dismiss the Complaint, the Court should at least

23 transfer the action to the proper forum – the United States District Court for the Northern

24 District of Indiana—pursuant to 28 U.S.C. § 1406(a).  Accordingly, the Court should

25 either dismiss Plaintiff's Complaint or, alternatively, transfer this action to the United

26 States District Court for the Northern District of Indiana.

27

### II.    PLAINTIFF'S COMPLAINT AND PROCEDURAL HISTORY

28    In November 2006, Plaintiff Gault South Bay, Inc. entered into a written

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1  agreement (hereinafter "Agreement"), with DePuy to act as an independent sales

2  representative of DePuy's orthopaedic and medical products in an identified territory.

3  See RJN Ex. 3 at 22-23, 28 (Complaint, ¶ 8 and Exhibit A to Complaint). Plaintiff Bob

4  Gault ("Gault") is the president and sole shareholder and was the one who was to perform

5  the Agreement on Gault South Bay's behalf. See RJN Ex. 3 at 23 (Complaint, ¶ 11).

6          The Agreement includes an Indiana forum selection clause:

7          Both parties agree that Indiana law shall govern and interpret this

8          appointment and the relationship between the parties, that **any and all**

9          **jurisdiction and/or venue for any claims or matters related to or**

10          **arising from this Agreement shall be [sic] reside in the state and/or**

11          **federal courts located in the state of Indiana**.

12  RJN Ex. 3 at 36 (Exhibit A to Complaint) (emphasis added).

13          Notwithstanding that mandatory choice of an Indiana venue for litigation, on

14  August 24, 2006, Plaintiffs filed in California Superior Court (County of Santa Clara) a

15  Complaint that asserted a declaratory relief claim that indisputably relates to or arises

16  from the Agreement. Indeed, the Complaint seeks "a judicial determination regarding the

17  validity and enforceability of the restrictive covenants contained in the Agreement, as

18  well as the termination provision of the Agreement and the waiver of the right to jury

19  trial." RJN Ex. 3 at 24-25 (Complaint ¶ 18).

20          DePuy removed the action to this Court on September 10, 2007, on the basis of

21  diversity jurisdiction. RJN Ex. 2 at 8-11 (Notice of Removal).

22  **III.    ARGUMENT**

23          **A.    THE COMPLAINT SHOULD BE DISMISSED**

24                  1.    The Parties' Forum Selection Clause Mandates A Different Venue

25          Federal Rule of Civil Procedure 12(b)(3) authorizes a motion to dismiss based on

26  "improper venue." See also 28 U.S.C. § 1406(a) ("The district court of a district in which

27  is filed a case laying venue in the wrong division or district shall dismiss . . . such case

28  . . .").

1    A party may seek to dismiss a claim for improper venue under Rule 12(b)(3) based

2    on the existence of the plaintiff's agreement to another forum to resolve the dispute.

3    Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

4    "[A] forum selection clause is prima facie valid and should be enforced . . . ."

5    Sarmiento v. BMG Entm't, 326 F. Supp. 2d 1108, 1108 (C.D. Cal. 2003). "[A] party

6    seeking to avoid [a] forum selection clause bears 'a heavy burden of proof.'" Richards v.

7    Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998).

8    Federal courts routinely dismiss actions for improper venue where a forum

9    selection clause calls for a different forum. See, e.g., Kukje Hwajae Ins. Co., Ltd. v. M/V

10   Hyundai Liberty, 408 F.3d 1250, 1255 (9th Cir. 2005) (affirming dismissal and

11   enforcement of Korea forum selection clause in bill of lading); Richards, 135 F.3d at

12   1297 (affirming dismissal of claims on basis of England forum selection clause);

13   Argueta, 87 F.3d at 327 (affirming enforcement of loan agreements' Mexico forum

14   selection clause and dismissal of case for improper venue); Sarmiento, 326 F. Supp. 2d at

15   1113 (enforcing New York forum selection clause and dismissing case for improper

16   venue).

17   "[N]either power differential between the parties or the non-negotiability of a

18   contract are sufficient to invalidate a forum selection clause." E. & J. Gallo Winery v.

19   Andina Licores S.A., 440 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006) (citation omitted).

20   Alleged financial hardship is also insufficient to overcome the designated forum.

21   See Sarmiento, 326 F. Supp. 2d at 1112-13 (enforcing forum selection clause despite

22   expense and travel required to litigate in designated forum); Hopkinson v. Lotus Dev.

23   Corp., 1995 WL 381888 at *3 (N.D. Cal. June 20, 1995) (citing Spradlin v. Lear Siegler

24   Management Services Co., 926 F.2d 865 (9th Cir. 1991).

25   Nor is the locale of the alleged wrongful conduct sufficient to overcome a forum

26   selection clause. In Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509 (9th Cir.

27   1988), the plaintiff contended that because the alleged wrongful acts were committed

28   principally in the United States, and the harmful effects of these acts were suffered by the

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1    plaintiff in California, it should be permitted to prosecute its claims in the district court in

2    California and, thus, the foreign forum selection clause should not be enforced.  The

3    Ninth Circuit rejected the argument:

4           This argument overlooks several important facts. The complaint centers on

5           a dispute over a contract executed in Italy with an Italian corporation. The

6           contract involves the distribution of Italian goods. And most important, the

7           contract contains a forum selection clause which designates Florence, Italy

8           as the place for the resolution of the disputes in this case. [¶] We conclude

9           that the district court did not err in enforcing the forum selection clause by

10          dismissing Manetti-Farrow's complaint.

11   Id. at 515.

12          The forum selection clause applies to Gault as well as to Gault South Bay, Inc.,

13   even if he is not technically a party to the Agreement, since his conduct as Gault South

14   Bay, Inc.'s president and shareholder and the individual who acted as the Gault South

15   Bay, Inc. sales representative for DePuy is inextricably linked to the contractual

16   relationship between Gault South Bay, Inc. and DePuy according to Plaintiffs' own

17   Complaint.  Forum selection clauses apply to non-parties to the agreement where "the

18   alleged conduct of the non-parties is . . . closely related to the contractual relationship."

19   Manetti-Farrow, 858 F.2d at 514 n. 5.  See also TAAG Linhas Aereas de Angola v.

20   Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir. 1990) ("[i]t is not

21   unreasonable or unjust to enforce the [forum selection] clause even though [an individual

22   defendant] did not sign the agreement").  For example, in Graham Tech. Solutions, Inc. v.

23   Thinking Pictures, Inc., 949 F. Supp. 1427, 1434 (N.D. Cal. 1997), the court ruled that

24   the conduct of certain non-signatories to the forum selection agreement was sufficiently

25   closely related to the contractual relationship between the signatories such that the forum

26   selection clause applied to them in spite of the fact that they were not signatories to the

27   agreement.  Here, the Complaint alleges that Plaintiff Gault was inextricably intertwined

28   in Gault South Bay, Inc.'s sales representative services to DePuy. See RJN Ex. 3 at 21

- 4 -
DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1  (stating Gault is Gault South Bay, Inc.'s president and sole shareholder and was the one

2  who was to perform the Agreement on Gault South Bay, Inc.'s behalf).  Gault, as well as

3  Gault South Bay, Inc., are thus bound by the Indiana forum selection provision.[1]

4       Thus, the instant action should be dismissed on the ground that it is in the wrong

5  venue.  The Agreement that is the subject of Plaintiff's Complaint contains a forum

6  selection clause that designates Indiana, not California, as the sole forum.  Specifically,

7  under the Agreement, "any and all jurisdiction and/or venue for any claims or matters

8  related to or arising from this Agreement shall be [sic] reside in the state and/or federal

9  courts located in the state of Indiana."  See RJN Ex. 3 at 36 (Exhibit A to Complaint).

10  Where the term "venue" is used with mandatory language, the state designated in the

11  forum selection clause is the only appropriate forum.  Docksider, Ltd. v. SeaTechnology,

12  Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (holding mandatory language that "venue shall be

13  deemed to be in Virginia" makes clear that venue lies exclusively in Virginia and all

14  actions must be filed and prosecuted there).  Here, Plaintiffs' Complaint relates and/or

15  arises from the Agreement.  Indeed, they seek a judicial determination as to the

16  enforceability of the Agreement's provisions.

17       Plaintiffs are not entitled to disregard the Indiana forum selection provision of the

18  Agreement simply because they perceive it as undesirable.  Instead, to the extent they

19  choose to pursue their litigation, they must take the whole Agreement as they find it.

20       Accordingly, the Complaint should be dismissed based on improper venue in light

21  of the Indiana forum selection provision in the Agreement.

22          2.    Public Policy Does Not Invalidate the Indiana Forum Selection

23              Provision in the Parties' Agreement

24       Foreign forum selection clauses do not violate any California public policy

25  favoring access to courts by resident plaintiffs:

26       Plaintiffs allege that the forum selection clause in the Agreement violates

27

28  [1] The third named Plaintiff – Candace Polich – filed a request for dismissal on September 14, 2007.  See RJN Ex. 4.

- 5 -
**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1    California's policy favoring access to courts by resident plaintiffs. Plaintiffs

2    are mistaken; courts sitting in California routinely require California

3    residents to litigate in forums that have been agreed upon contractually.

4    Although California has an interest in protecting the rights of resident

5    plaintiffs, the designated forum state has an equal interest in regulating a

6    resident corporation's activities and ensuring that contractual agreements

7    are enforced.

8    Hopkinson v. Lotus Dev. Corp., 1995 WL 381888 at *4 (citations omitted).

9         Indeed, multiple public policies support enforcement of forum selection

10    agreements.  Among other beneficial purposes, forum selection agreements provide the

11    parties with certainty as to where their disputes will be resolved.  See Roberson v.

12    Norwegian Cruise Line, 897 F. Supp. 1285, 1287 (C.D. Cal. 1995); E. & J. Gallo Winery

13    v. Andina Licores S.A., 446 F. 3d 984, 992 (9th Cir. 2006) ("[forum selection

14    agreements] enhance certainty, allow parties to choose the regulation of their contract,

15    and enable transaction costs to be reflected accurately in the transaction price") (citation

16    omitted); E. & J. Gallo Winery v. Andina Licores S.A., 440 F. Supp. 2d 1115, 1126 (E.D.

17    Cal. 2006).

18         As the Ninth Circuit observed in Manetti-Farrow, forum selection agreements also

19    should be enforced based on comity and the public policy in favor of upholding contracts:

20         Manetti-Farrow contends enforcement of the clause would be

21         unreasonable because it cannot be assured that an Italian court will

22         adequately safeguard its rights against all the defendants. This concern is

23         not only speculative, it "reflects something of a provincial attitude

24         regarding the fairness of [an Italian] tribunal[ ]."  Moreover, it is a

25         concern which the parties presumably thought about and resolved when

26         they included the forum selection clause in their contract. Manetti-Farrow

27         now wants to change the bargain. To permit it to do so would completely

28         contradict the policy of enforcing forum selection clauses.

1    858 F.2d at 515 (citations omitted).

2    Although, in theory, it is possible to invalidate a forum selection agreement if it

3    violates public policy, such invalidation rarely occurs. For example, notwithstanding the

4    existence of other strong California public policies at issue, state and federal courts in

5    California have refused to find that the forum agreed to by the parties does not provide an

6    adequate remedy to the plaintiff. See, e.g., Olinick v. BMG Entertainment, 138 Cal. App.

7    4th 1286, 1305 (2006) ("we conclude New York affords Olinick an adequate forum for

8    his age discrimination claims"); Multimin USA, Inc. v. Walco International, Inc., 2006

9    WL 1046964 at *6 (E.D. Cal. 2006)("Plaintiffs have not shown that they will be denied

10   their day in court. Plaintiffs appear to have a remedy under Texas law for any trade

11   secrets claims"). Cf. Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336,

12   1338 (9th Cir. 1997) (although the right to proceed in rem has a long and important

13   history and although litigating in Korea will deprive plaintiff of its right to proceed in

14   rem against the defendant, the loss of that right is insufficient to invalidate the forum

15   clause on public policy grounds); Bernikow v. Xerox Corporation Long-Term Disability

16   Income Plan, 2006 WL 2536590 at *2 (C.D. Cal. 2006) (although the forum selection

17   clause was inconsistent with ERISA's liberal venue provision, it was enforceable).

18   "The fact that the forum or choice of law specified by a contract affords remedies

19   that are different or less favorable to the law of the forum preferred by a plaintiff is not

20   alone a valid basis to deny enforcement of the forum selection and choice of law

21   provisions." E. & J. Gallo Winery v. Andina Licores S.A., 440 F. Supp. 2d 1115, 1127

22   (E.D. Cal. 2006) (provisions of distributorship agreement between California winery and

23   an Ecuadorian distributor requiring that suit be brought in California and that agreement

24   be interpreted pursuant to California law did not impermissibly violate Ecuador's strong

25   public policy, and thus the provisions were not invalid on that basis, even though Ecuador

26   law permitted distributors to recover much greater damages) (citation omitted).

27   Thus, the fact that Plaintiff has alleged that that the non-compete and

28   other provisions in the Agreement are contrary to California's public policy does

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1   not excuse enforcement of the forum selection clause. See RJN Ex. 3 at 24

2   (Complaint, ¶¶ 14-15) (citing California Business & Professions Code Section

3   16600).

4         In Swenson v. T-Mobile USA, Inc., 415 F. Supp. 2d 1101 (S.D. Cal. 2006), the

5   court rejected the plaintiff's claim that enforcement of a non-California forum selection

6   clause would contravene Section 16600:

7         **Swenson is...impermissibly...combining the forum selection and**

8         **choice of law analyses when she argues that enforcement of the forum**

9         **selection clause results in the application of a Washington law violative**

10        **of California public policy.** [¶] Enforcement of the forum selection

11        clause itself here does not contravene a strong public policy of California.

12        While...a Washington court's application of Washington law to the matter

13        at hand may arguably lead to a result conflicting with the provisions of §

14        16600, Swenson was free to, and in fact, did argue for application of

15        California law. The fact that the Washington court ruling resulted in a

16        decision unfavorable to Swenson does not mandate a finding that the

17        clause requiring the case be litigated in Washington is invalid.

18   415 F. Supp. 2d at 1104 (emphasis added and citations omitted).

19        In Whipple Industries, Inc. v. Opcon AB, the court rejected the plaintiff's

20   argument that the court should disregard the Swedish forum selection provision of the

21   parties' agreement on the purported ground that enforcement of the non-compete

22   provision in the agreement would contravene California's strong public policy against

23   restraints on trade, and Swedish law may enforce the non-compete provision:

24        Whipple's assertion that California public policy would be contravened if

25        the forum selection clause is upheld is speculative. For the court to

26        determine that enforcing the forum selection clause would violate

27        California's public policy based on Whipple's argument, the court would

28        have to surmise [improperly] that Whipple will be able to successfully

- 8 -
**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**

1    argue that California law applies despite the choice of law provision in

2    the contract. [Fn]

3    … Notably absent from Whipple's arguments is any assertion that

4    Swedish courts are ill-equipped to address the legal issues related to those

5    causes of action. Whipple's argument regarding contravention of public

6    policy is speculative and insufficient to demonstrate that enforcement of

7    the forum selection clause would be "unreasonable and unjust." *See*

8    *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 ([9th] Cir.

9    1988) (upholding enforcement of forum selection clause where plaintiff's

10    contention of unreasonableness "speculative" and reflecting provincial

11    attitude toward foreign tribunal).

12    2005 WL 2175871 at *10 (E.D. Cal. 2005).

13    Similarly, here, the Court cannot assume that Plaintiff will be able to successfully

14    argue that California law applies despite the Indiana choice of law provision in the

15    Agreement.  Nor are the Indiana courts ill-equipped to address Plaintiffs' alleged

16    grievances.

17    The parties' agreed forum, Indiana, provides a remedy to Plaintiff to pursue their

18    alleged grievances.  Plaintiffs are free to pursue a declaratory relief action in Indiana.

19    See 28 U.S.C. § 2201.  Plaintiffs are also free to argue to the court in Indiana that the

20    choice of Indiana law in the Agreement should be disregarded and California law should

21    apply instead.  See South Bend Consumers Club, Inc. v. United Consumers Club, Inc.,

22    572 F. Supp. 209, 212 (N.D. Ind. 1983) ("[t]he law of the state chosen by the parties to

23    govern their contractual rights and duties will be applied…unless either, (a) … there is no

24    … reasonable basis for the parties' choice, or (b) application of the law of the chosen state

25    would be contrary to a fundamental policy of a state which has a materially greater

26    interest than the chosen state in the determination of the particular issue and

27    which…would be the state of the applicable law in the absence of an effective choice of

28    law by the parties"); see also Austin Powder Co. v. Wallwork, 761 F. Supp. 612, 615-17

DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1    (S.D. Ind. 1990) (examining covenants not to compete under the laws of two states to

2    decide whether the public policy of the first state outweighed the public policy of the

3    second state in choice of law determination).

4        There is, however, no basis for not allowing an Indiana court to decide the dispute

5    when that is the forum to which the parties agreed. Manetti-Farrow, 858 F.2d at 515

6    ("Manetti-Farrow contends enforcement of the clause would be unreasonable because it

7    cannot be assured that an Italian court will adequately safeguard its rights against all the

8    defendants. This concern is not only speculative, it 'reflects something of a provincial

9    attitude regarding the fairness of [an Italian] tribunal[ ].'") (citation omitted).

10       Notably, case law demonstrates that the California public policy under-pinning

11   Cal. Bus. & Prof. Code Section 16600 does not outweigh the public policy in comity

12   (e.g., letting the court in the designated forum decide the dispute in accordance with the

13   parties' Agreement) that the Ninth Circuit acknowledged in the Manetti case. See

14   Advanced Bionics Corp. v. Medtronic, Inc., 29 Cal. 4th 697 (2002); Biosense Webster,

15   Inc. v. Superior Court, 135 Cal. App. 4th 827 (2006).

16       In Advanced Bionics, the California Supreme Court announced that while

17   California courts have the power to issue a TRO or antisuit injunction restraining

18   proceedings in a sister state, "[t]he significant principles of judicial restraint and comity

19   inform that we should use that power sparingly." 29 Cal. 4th at 705. The Court

20   specifically rejected the argument that California's strong public policy against

21   noncompetition agreements justified the enjoining the parallel Minnesota parallel

22   proceedings:

23           We agree that California has a strong interest in protecting its

24           employees from noncompetition agreements under [Business

25           & Professions Code] section 16600. But **even assuming a**

26           **California court might reasonably conclude that the**

27           **contractual provision at issue here is void in this state, this**

28           **policy interest does not, under these facts, justify issuance**

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE
ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**

1   **of a TRO against the parties in the Minnesota court**

2   **proceedings**.

3   Id. at 706-07 (emphasis added).

4        The California Court of Appeal confirmed in Biosense Webster, Inc. v. Superior

5   Court, 135 Cal. App. 4th 827 (2006), that the public policy underpinning California

6   Business & Professions Code 16600 does not trump the public policies underpinning

7   comity principles even where there is no pending litigation in another jurisdiction.  There,

8   the Court of Appeal held that the TRO restraining the defendant from commencing any

9   action to enforce certain non-competition agreements in any court other than Los Angeles

10  County Superior Court or federal court in California was improper on a number of

11  grounds, including comity.  Id. at 837-39.  "Judicial restraint and comity concerns are

12  present whether a court is restraining a litigant from filing suit in a foreign court or from

13  proceeding with an action already pending in another forum."  Id. at 837.

14       Thus, here too, the Court should respect the Indiana courts' right to adjudicate the

15  dispute about the enforceability of the non-compete and termination provisions in the

16  Agreement since the parties designated Indiana as the forum for resolution of such

17  disputes.

18  **B.    ALTERNATIVELY, THIS CASE AT LEAST SHOULD BE**

19  **TRANSFERRED TO THE PROPER FORUM - INDIANA**

20       Where a case is filed in an improper venue, section 28 U.S.C. § 1406(a) gives the

21  Court the discretion to "transfer [the] case to [the] district . . . in which it could have been

22  brought" instead of dismissing the case, if the "interest of justice" warrants it.  Thus,

23  should the Court decide against dismissing the Complaint, the Court should at least

24  transfer the action to the proper forum – the United States District Court for the Northern

25  District of Indiana—pursuant to 28 U.S.C. § 1406(a).

26       For example, in Roberson v. Norwegian Cruise Line, 897 F. Supp. 1285, 1289

27  (C.D. Cal. 1995), rather than dismiss the case, the Court transferred the case to Florida in

28  enforcing a Florida forum selection clause, because "plaintiff may have had a statute of

1    limitations problem if [the] action [were] dismissed." In reaching that conclusion, the

2    Court rejected the plaintiff's various arguments that the forum selection agreement

3    should not apply:

4             [I]t is clear that plaintiff has not met the "heavy burden"

5             imposed on her to avoid transfer by a showing of unfairness.

6             Although it will certainly be less convenient for plaintiff to

7             litigate in Florida, nothing suggests that she will be deprived

8             of her day in court there. As the forum-selection clause

9             should therefore be enforced, defendant's motion must be

10            GRANTED.

11   Roberson v. Norwegian Cruise Line, 897 F. Supp. at 1289 (emphasis added

12   and citation omitted).

13            Here, there are no interests of justice that dictate a transfer rather than a dismissal.

14   But certainly, permitting this action to remain in an improper venue that is contrary to the

15   parties' Agreement is not an option. Accordingly, the Court should either dismiss

16   Plaintiffs' Complaint or, alternatively, it should transfer this action to the United States

17   District Court for the Northern District of Indiana. Venue would be proper there under

18   28 USC § 1391(a). Not only does the Agreement provide for personal jurisdiction and

19   venue in any federal court in Indiana, but also DePuy's headquarters are in that district

20   and the DePuy products that are the subject of the Agreement are manufactured there.

21   See, e.g., RJN Ex. 2 at 10 (Notice of Removal at ¶5b); Ex. 3 at 36.

22   **IV.    CONCLUSION**

23            This venue is improper since the forum selection clause in the parties' Agreement

24   that is the subject of this litigation designates in mandatory language that the Agreement

25   must be resolved in Indiana. Plaintiffs agreed to that forum selection provision and are

26   bound by it. They are not entitled to disregard it now simply because they no longer find

27   it agreeable.

28            Nor are Plaintiffs entitled to pick and choose which provisions of the Agreement

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-166349 v.1

1  apply.  Instead, they must apply the Indiana forum selection provision along with the

2  other provisions on which he relies in their litigation.

3      In light of the Indiana forum selection clause in the sales representative agreement

4  that is the subject of Plaintiffs' claims, the Complaint against DePuy is subject to

5  dismissal based on improper venue under Federal Rule of Civil Procedure 12(b)(3) and

6  28 U.S.C. § 1406(a).  Dismissal for improper venue is mandatory regardless of where the

7  alleged wrongful conduct occurred and regardless of Plaintiffs' claim that other

8  provisions of the agreement are unenforceable.

9      Thus, the Court should dismiss the Complaint against DePuy.  At a minimum, the

10  Court should transfer the action to the proper forum – the United States District Court for

11  the Northern District of Indiana.  In no case should the Court permit this action to remain

12  in this improper venue.

13  DATED: September 17, 2007      STEPTOE & JOHNSON LLP

14                                 MARK A. NEUBAUER
15                                 REBECCA EDELSON

16

17                                 By  /s/ Rebecca Edelson
                                        REBECCA EDELSON
18                                      Attorneys for Defendant
                                        DEPUY ORTHOPAEDICS, INC.
19

20

21

22

23

24

25

26

27

28

– 13 –

**DEFENDANT NOTICE OF MOTION AND MOTION TO STAY OR DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER THE ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**