1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles  CA  90067
   Telephone:    (310) 734-3200
4  Facsimile:     (310) 734-3300
   Email: mneubauer@steptoe.com
5  Email: redelson@steptoe.com

6  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
7  an Indiana corporation

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12

13  GAULT SOUTH BAY, INC. a            CASE NO. 5:07-cv-04659-JW
    California Corporation, BOB GAULT,
14  an individual, and CANDICE POLICH,  **REQUEST FOR JUDICIAL NOTICE IN
    an individual,                      SUPPORT OF DEFENDANT'S
15                                      MOTION TO DISMISS COMPLAINT
                                        UNDER F.R.C.P. 12(B)(3) OR, IN THE
16              Plaintiff,              ALTERNATIVE, TRANSFER VENUE
                                        PURSUANT TO 28 U.S.C. § 1406(A)**
17       vs.
                                        [Motion to Dismiss/Transfer and [Proposed]
18  DEPUY ORTHOPAEDICS, INC., an        Order filed concurrently herewith]
    Indiana corporation,
19                                      Date:  October 22, 2007
              Defendants.              Time:  9:00 a.m.
20                                      Courtroom:  8 (Hon. James Ware)
                                        Discovery Cutoff:  Not Set
21                                      Motion Cutoff:  Not set
                                        Trial Date:  Not set
22

23

24       **TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO

25  THEIR ATTORNEYS OR RECORD:**

26       **PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Evidence, Rule 201,

27  defendant DePuy Orthopaedics, Inc. ("DePuy") respectfully requests that the Court take

28  judicial notice of the following documents:

---

                    **REQUEST FOR JUDICIAL NOTICE**

1    **Exhibit 1**:    From the case <u>E-Z Dun Services, LLC, et al. v. DePuy Orthopaedics,</u>

2    <u>Inc., et al</u>, United States District Court, Central District of California, Case No. CV 06-

3    3266-RGK (RZx), the June 29, 2006 Order Re Defendants' Motion to Dismiss Plaintiff's

4    First Through Fourth Claims for Relief for Improper Venue, or in the Alternative, to

5    Transfer (DE 8);

6    **Exhibit 2:**    From the instant case, the Notice of Removal of Action Under 28

7    U.S.C. § 1441(b) by Defendant DePuy Orthopaedics, Inc., filed September 10, 2007.

8    **Exhibit 3:**    From the instant case, the Notice of Errata Re Notice of Removal of

9    Action Under 28 U.S.C. § 1441(b) by Defendant DePuy Orthopaedics, Inc., filed

10    September 12, 2007.

11    **Exhibit 4:**    From the instant case, Request for Dismissal and supporting

12    Declaration filed by Candice Polich on September 14, 2007.

13    True and correct copies of these documents are attached hereto and incorporated

14    herein by this reference.

15

16

17    DATED: September 17, 2007            STEPTOE & JOHNSON LLP

18                                        MARK A. NEUBAUER
19                                        REBECCA EDELSON

20

21                                        By___/s/ Rebecca Edelson_____
22                                             REBECCA EDELSON
                                             Attorneys for Defendant
                                             DEPUY ORTHOPAEDICS, INC.
23

24

25

26

27

28

2
**REQUEST FOR JUDICIAL NOTICE**

**EXHIBIT  1**

P-SEND, ENTER, JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT
JUNE 29, 2006
JUN 29 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ MG
DEPUTY

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No: | CV 06-3266-RGK (RZx) |
| Title: | E-Z DUN SERVICES, LLC, et al. v. DEPUY ORTHOPAEDICS, INC., et al. |

Date: June 28, 2006

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).**

Present: The Honorable: R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **(IN CHAMBERS) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST THROUGH FOURTH CLAIMS FOR RELIEF FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER (DE 8)**

## I.   FACTUAL BACKGROUND

This case concerns a contract for the sale of medical equipment. In 1996, Johnson & Johnson formed a relationship with Plaintiff E-Z Dun Services, LLC ("E-Z Dun"),[1] and the two businesses entered into a contract whereby E-Z Dun would sell Johnson & Johnson's medical equipment. Two years later, Johnson & Johnson acquired DePuy Orthopaedics, Inc. ("DePuy" or "Defendant"), an Indiana corporation,[2] and it was through DePuy that Johnson & Johnson would conduct its future business with E-Z Dun. DePuy and E-Z Dun entered into a new written agreement (the "Agreement"), on October 27, 2003. The Agreement appointed E-Z Dun as the Southern California sales representative for DePuy's orthopedic and medical equipment, which E-Z Dun would sell to healthcare providers in Los Angeles County and Orange County. On or about March 28, 2006, DePuy terminated the Agreement with E-Z Dun. DePuy justified its termination of the Agreement on the grounds that E-Z Dun was wrongfully engaged in "direct billing" of DePuy's clients. E-Z Dun alleges this termination constitutes a material breach of the Agreement and that it has performed all covenants, conditions, and promises required to be performed by the terms of the Agreement with DePuy.

E-Z Dun and Ezold (collectively "Plaintiffs") filed this suit in Los Angeles Superior Court on April 25, 2006, alleging the following causes of action against DePuy and its employee Mathew Kraskouskas: (1) breach of contract; (2) breach of good faith and fair dealing; (3) quantum meruit; (4) unjust enrichment; and

---

[1] Plaintiff Andrew Ezold ("Ezold") is E-Z Dun's president.

[2] DePuy regularly conducts business in the County of Los Angeles and maintains an office in Hawthorne, California.

(5) slander per se. DePuy removed this action to federal court on May 26, 2006, on the basis of diversity jurisdiction.

On June 5, 2006, Defendant filed the current Motion to Dismiss for Improper Venue or, in the alternative, to Transfer Venue to the Northern District of Indiana. Defendant alleges that the Agreement contains a forum selection clause that designates Indiana as the sole forum in which any action arising out of the Agreement may be brought. For the reasons stated below, the Court grants Defendant's Motion to Transfer the action to the Northern District of Indiana.

## II.    JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(3), a motion to dismiss pursuant to a forum selection clause may be brought as a motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In deciding such a motion, the Court is permitted to consider facts outside the pleadings and need not accept the pleadings as true. *Id.* Pursuant to 28 U.S.C. § 1406(a), a court may also transfer an action if it is filed in a district other than that designated in the forum selection clause.

Interpretation and enforcement of contractual forum selection clauses are procedural issues to be decided under federal law. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause shows that enforcement would be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A court may repudiate a forum selection clause if: (1) the clause was included as a result of fraud or overreaching; (2) enforcement of the clause will deprive the opposing party of its day in court; or (3) public policy strongly favors resolution in the forum in which the suit is brought. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1992).

## III.    DISCUSSION

Defendant contends that, pursuant to the forum selection clause in the Agreement, this Court is not the proper venue for Plaintiffs' case. For the reasons set forth below, the Court agrees with Defendant and orders this case transferred to the District Court for the Northern District of Indiana.

### A.    Enforcement of the Forum Selection Clause

As stated by the California Court of Appeal, "[t]he existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe." *Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998). Furthermore, the Supreme Court has held that, absent some evidence establishing fraud or serious inconvenience, a forum selection clause included in a bargained-for contract should be respected as the expressed intent of the parties. *See M/S Bremen*, 407 U.S. at 12-19.

Here, the Agreement's forum selection clause states:
> Both parties agree that Indiana law shall govern and interpret this appointment and the relationship between the parties, that any and all jurisdiction and/or venue for any claims or matters related to or arising from this Agreement shall be reside [sic] in the state and/or federal courts located in the state of Indiana.

(Mtn. to Dismiss, Ex. 1, p. 6).

The parties do not dispute that the Agreement was fairly executed. Therefore, the outward manifestations of the parties indicate mutual consent to the terms included in the Agreement.

Plaintiffs bear the "heavy burden of proof" to show that enforcement of the forum selection clause is unreasonable. *See Richards* 135 F.3d at 1294. Plaintiffs argue that: (1) the forum selection clause is unreasonable because Indiana has no connection to the current litigation; (2) Plaintiff Ezold's financial hardship may prevent him from litigating in Indiana; and (3) enforcement of the forum selection clause would contravene the public policy of California. The Court disagrees with Plaintiffs, and finds enforcement of the forum selection clause to be reasonable.

### 1.     *The Forum Selection Clause is Reasonable*

Unless Plaintiffs can demonstrate that the forum selection clause in the Agreement is "unreasonable," the forum selection clause will be enforced. The unreasonableness test in the Ninth Circuit requires a party to show "evidence of fraud, undue influence, overweening bargaining power, or such serious inconvenience" as to deprive that party of its day in court. *See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d at 273, 280 (9th Cir. 1984).

Plaintiffs contend that enforcement of the forum selection clause would be unreasonable because the execution and performance of the Agreement took place in California and many material witnesses and pieces of evidence are located in California. However, these facts alone do not render the forum selection clause unreasonable. *Id.* at 281. Even if Plaintiffs' claim that there is no reasonable connection between Indiana and the present dispute was true,[3] the Court would find the forum selection clause to be reasonable, absent a stronger showing of inconvenience to the Plaintiffs. *Id.* at 280. Moreover, Plaintiffs have failed to present any evidence of fraud, undue influence, overwhelming bargaining power, or serious inconvenience showing that they are being deprived of their day in court. *Id.* As such, Plaintiffs have failed to show that the forum selection clause is unreasonable.

### 2.     *An Unsupported Possibility of Financial Hardship Does Not Constitute Grave Inconvenience*

Plaintiff Ezold also alleges that he may be unable to litigate in Indiana due to financial hardship, and thus enforcement of the forum selection clause would be unreasonable. (Ezold Decl., ¶ 13). However, Ezold provides no evidence to support this allegation. An unsupported allegation of possible financial hardship is not sufficient evidence that the party challenging the forum selection will be deprived its day in court. *Pelleport Investors*, 741 F.2d at 281. Thus, the Court finds that Ezold's assertion of financial hardship, without more, is insufficient to warrant a California venue.

### 3.     *Enforcement of the Forum Selection Clause Does Not Contravene Public Policy*

Plaintiffs further contend that enforcement of the forum selection clause would contravene California's public policy. California courts have routinely upheld contractual forum selection clauses that require California plaintiffs to litigate in out-of-state venues. *Hopkinson v. Lotus Devel. Corp.*, 1995 WL 381888 at *4 (N.D. Cal. June 20, 1995) (*citing Flake v. Medline Indus., Inc.*, 1995 U.S. Dist. LEXIS 4972 (E.D. Cal. Jan. 12, 1995); *Lifeco Servs. Corp. v. Superior Court*, 222 Cal. App. 3d 331 (1990)). "Although California has an interest in protecting the rights of resident plaintiffs, the designated forum state has an

---

[3] Plaintiffs ignore the substantial connection between Indiana and this dispute. DePuy is an Indiana corporation with its corporate headquarters in Indiana. The DePuy products sold by E-Z Dun under the Agreement were designed in, manufactured in, and shipped from Indiana.

Page ____5____

Exhibit ____1____

equal interest in regulating a resident corporation's activities and ensuring that contractual agreements are enforced." *Hopkinson*, 1995 WL 381888 at *4.

Here, Indiana has an interest in regulating its resident corporation, and California courts in the past have respected such interests when coupled with a forum selection clause such as the one in the Agreement. *See Lifeco Servs. Corp.*, 222 Cal. App. 3d at 335. In addition, as the Agreement specifically states that Indiana law will apply, it is reasonable to have an Indiana court hear this case. (Mtn. to Dismiss, Ex. 1; p. 6.) Thus, the Court finds that enforcing the forum selection clause in the Agreement does not contravene the public policy of California.

Plaintiffs chose to engage in business with an Indiana corporation and signed a contract with an Indiana forum selection provision. By doing so, they accepted the provision and cannot now deem it "unreasonable" or "arbitrary." Plaintiffs have not met the "heavy burden of proof" required to show that enforcement of the forum selection clause would be unreasonable. Thus, the Court finds that enforcement of the forum selection provision in the Agreement is reasonable.

### B.    Transfer, Rather Than Dismissal, is Warranted

In light of the Court's findings above, Plaintiffs' case must either be dismissed for improper venue or transferred to a proper venue pursuant to the forum selection clause. When a Rule 12(b)(3) motion is granted on the basis of a forum selection clause, transfer is generally favored in order to avoid statute of limitations problems and the cost and inconvenience of filing a new action. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993). Thus, having considered the benefit to judicial economy, the costs of filing a new action, and finding no prejudice to Defendants from a transfer, the Court orders this case transferred to the District Court for the Northern District of Indiana where venue is proper under 28 U.S.C. § 1391(a).

### C.    Plaintiffs' Motion to Remand

Plaintiffs filed a Motion to Remand with the Court on June 13, 2006, with a hearing date of July 3, 2006. As set forth above, this case has been transferred to the District Court for the Northern District of Indiana. As such, Plaintiffs' Motion to Remand is **denied as moot.**

### IV.    CONCLUSION

In light of the foregoing, the Court **grants** Defendant's Motion to Transfer the Action to the District Court for the Northern District of Indiana.

**IT IS SO ORDERED.**

Initials of Preparer _____ slw

# THIS PAGE INTENTIONALLY NOT USED

Page _____ 7

Exhibit _____ /

**EXHIBIT 2**

1 | Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
2 | Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
3 | Los Angeles  CA  90067
Telephone:  (310) 734-3200
4 | Facsimile:  (310) 734-3300
Email: mneubauer@steptoe.com
5 | Email: redelson@steptoe.com
6 | Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
7 | an Indiana corporation
8 |
                    UNITED STATES DISTRICT COURT
9 |
                  NORTHERN DISTRICT OF CALIFORNIA
10 |
                          SAN JOSE DIVISION
11 |
12 |
13 | GAULT SOUTH BAY, INC. a           CASE NO._____
     California Corporation, BOB
14 | GAULT, an individual, and         NOTICE OF REMOVAL OF
     CANDICE POLICH, an individual,    ACTION UNDER 28 U.S.C. § 1441(b)
15 |                                    BY DEFENDANT DEPUY
                   Plaintiff,          ORTHOPAEDICS, INC.
16 |
17 |        vs.
                                                 BY FAX
18 | DEPUY ORTHOPAEDICS, INC.,
     an Indiana corporation,
19 |
                  Defendants.
20 |      **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND**
21 | **PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE**
22 | **POLICH AND THEIR COUNSEL OF RECORD:**
23 |      PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc.
24 | ("DePuy" or "Defendant") hereby removes this action to the United States District
25 | Court for the Northern District of California.
26 |      1.    **Intradistrict Assignment.**  On August 24, 2007, an action was
27 | commenced in the Superior Court of the State of California for the County of
28 | **Santa Clara**, entitled Gault South Bay, Inc., Bob Gault and Candice Polich vs.

Page ___8___
Exhibit ___2___

1    Mark A. Neubauer (No. 73728)
     Rebecca Edelson (No. 150464)
2    Steptoe & Johnson LLP
     2121 Avenue of the Stars, Suite 2800
3    Los Angeles  CA  90067
     Telephone:  (310) 734-3200
4    Facsimile:  (310) 734-3300
     Email: mneubauer@steptoe.com
5    Email: redelson@steptoe.com

6    Attorneys for Defendant
     DEPUY ORTHOPAEDICS, INC.,
7    an Indiana corporation

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12

13   GAULT SOUTH BAY, INC. a          CASE NO._____
     California Corporation, BOB
14   GAULT, an individual, and        **NOTICE OF REMOVAL OF**
     CANDICE POLICH, an individual,   **ACTION UNDER 28 U.S.C. § 1441(b)**
15                                     **BY DEFENDANT DEPUY**
                   Plaintiff,         **ORTHOPAEDICS, INC.**
16
          vs.
17
     DEPUY ORTHOPAEDICS, INC.,
18   an Indiana corporation,

19                 Defendants.

20      **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND**

21   **PLAINTIFFS GAULT SOUTH BAY, INC., BOB GAULT AND CANDICE**

22   **POLICH AND THEIR COUNSEL OF RECORD:**

23          PLEASE TAKE NOTICE that defendant DePuy Orthopaedics, Inc.

24   ("DePuy" or "Defendant") hereby removes this action to the United States District

25   Court for the Northern District of California.

26          1.    **Intradistrict Assignment.**  On August 24, 2007, an action was

27   commenced in the Superior Court of the State of California for the County of

28   **Santa Clara**, entitled <u>Gault South Bay, Inc., Bob Gault and Candice Polich vs.</u>

Page ___9___

Exhibit ___2___

1  DePuy Orthopaedics, Inc., as Case Number 107CV092906 ("State Court Action").

2  No process, pleadings, or orders have been served on Defendant at the time of

3  removal, but a true and correct copy of the Complaint in the State Court Action is

4  attached hereto as Exhibit 1.  Assignment to the San Jose Division of the United

5  States District Court is therefore appropriate.  (Local Rule 3-2(e)).

6      2.      To date, DePuy has not been served with a copy of the Complaint or

7  Summons.

8      3.      This Notice of Removal is filed within 30 days of service of the

9  Complaint since service has not yet occurred and is therefore timely under

10  28 U.S.C. § 1446(b).

11      4.      To Defendant's knowledge, no further proceedings have taken place

12  in the State Court Action other than the Complaint attached at Exhibit 1.

13      5.      **Jurisdiction.**  This Court has original subject matter jurisdiction over

14  this action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper under §

15  1441(a).  As set forth below, there is diversity of citizenship between Plaintiffs and

16  Defendant.

17          A.      **Plaintiffs**.  As alleged in the Complaint, plaintiff Bob Gault

18  was, at the time his action commenced, and continues to be, an individual who is a

19  citizen of the State of California.  As alleged in the Complaint, plaintiff Candice

20  Polich was, at the time the State Court Action commenced, and continues to be, an

21  individual who is a citizen of the State of California.  Plaintiff Gault South Bay,

22  Inc. was, at the time this action commenced, and continues to be, a corporation

23  duly organized and incorporated under the laws of the State of California with its

24  principal place of business in California.  These are the only plaintiffs in the State

25  Court Action.

26          B.      **Defendant DePuy.**  Defendant DePuy was, at the time this

27  action commenced, and continues to be a corporation duly organized and

28  incorporated under the laws of the State of Indiana with its principal place of

Page _____10_____

Exhibit _____2_____

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.         Case No. _____
§ 1441(b) BY DEFT. DEPUY ORTHOPAEDICS, INC.         Doc. # CC-166020 v.1

1    business in Warsaw, Indiana. DePuy is the only defendant in the State Court

2    Action.

3            C.        The amount in controversy exceeds the sum of $75,000,

4    exclusive of interest and costs. To the extent that the sales representative

5    agreement at issue in the State Court Action is declared unenforceable as prayed

6    for in the Complaint, DePuy stands to lose in excess of $75,000. To the extent that

7    Plaintiffs are permitted to take to a competitor those accounts they serviced as

8    DePuy sales representatives and wrongfully exploit those relationships they

9    developed or enhanced using DePuy's resources in violation of Gault South Bay

10   Inc.'s sales representative agreement with DePuy, DePuy will be damaged well in

11   excess of $75,000 given the profits Gault South Bay, Inc. generated for DePuy

12   while it was a DePuy sales representative.

13           6.        Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant

14   DePuy will promptly give notice of the filing of this Notice of Removal to Plaintiff

15   and will file a copy with the Clerk of the Superior Court of the State of California

16   for the County of Santa Clara.

17   DATED: September 10, 2007        STEPTOE & JOHNSON LLP

18                                    MARK A. NEUBAUER
19                                    REBECCA EDELSON

20

21                                    By  *Rebecca Edelson*
22                                        REBECCA EDELSON
                                          Attorneys for Defendant
23                                        DEPUY ORTHOPAEDICS, INC.

24

25

26

27

28
     Page  ___11___
     Exhibit  ___2___

DOWNEY BRAND LLP
TORY E. GRIFFIN  (Bar No. 186181)
555 Capitol Mall, Tenth Floor
Sacramento, CA  95814-4686
Telephone:    (916) 444-1000
Facsimile:    (916) 444-2100

Attorneys for Plaintiffs
GAULT SOUTH BAY, INC., BOB GAULT, and
CANDICE POLICH

**UCS**

FILED  Santa Clara Co
08/24/07    1:42pm
Kiri Torre
Chief Executive Offic
By: mrosales DISCIV01
R#200/00064255
CK            $320.00
IL            $320.00
Case: 1-07-CV-092906
                        M. Rosales

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

GAULT SOUTH BAY, INC., a California
Corporation, BOB GAULT, an individual,
and CANDICE POLICH, an individual,

       Plaintiffs,

       v.

DEPUY ORTHOPAEDICS, INC., an
Indiana Corporation,

       Defendant.

CASE NO. **107CV092906**

**COMPLAINT**

FAXED

       Plaintiffs Gault South Bay, Inc. ("Gault South Bay"), and Bob Gault ("Gault"),
(collectively referred to herein as "Plaintiffs") seek declaratory and injunctive relief pursuant to
California Code of Civil Procedure Section 1060 and Business and Professions Code Section
17200.  In support thereof, Plaintiffs allege:

**THE PARTIES**

       1.    Gault South Bay is a corporation incorporated in the State of California with its
principal place of business in California.  Gault is the President and sole shareholder of Gault
South Bay.  Gault South Bay's business purpose is to allow Gault to perform certain sales
activities on behalf of Defendant, as stated more fully herein.

872966.3

1

COMPLAINT

Page  12
Exhibit  2

Page  4
Exhibit  1

1    2.      Gault is an individual residing in Santa Clara County, California.

2    3.      Polich is an individual residing in California.

3    4.      Defendant DePuy Orthopedics, Inc. ("Defendant") is a corporation incorporated in

4  the State of Indiana and having its principal place of business in the State of Indiana. Plaintiffs

5  are informed and believes that Defendant maintains sufficient contacts with California such that

6  this court has personal jurisdiction over said defendant. These contacts include, but are not

7  limited to, numerous clients in California, and several employees residing in California.

8  Moreover, the instant dispute arises out of the contract between Gault South Bay and Defendant,

9  and such contract was to be performed in California.

10    5.      The true names and capacities of the Defendants sued herein as DOES 1 through

11  10, inclusive, are unknown to Plaintiffs at the time of filing this complaint, and therefore

12  Plaintiffs sue said defendants under such fictitious names. Plaintiffs will amend this complaint to

13  insert the true name and capacities of the fictitiously named Defendants when the same become

14  known to Plaintiffs.

15               **VENUE**

16    6.      Venue is proper in this court pursuant to Code of Civil Procedure sections 395 or

17  395.5 because (a) Defendant does not reside in California, and (b) because the controversy

18  regarding the written agreement that is the subject of this declaratory relief action arose in Santa

19  Clara County, California, and such written agreement was made in Santa Clara County,

20  California.

21          **GENERAL BACKGROUND**

22    7.      Defendant is a corporation that designs, manufactures and distributes orthopedic

23  devices and supplies including hip, knee, extremity, trauma, orthobiologics, and operating room

24  products.

25    8.      In November 2006, Gault South Bay and Defendant entered into an independent

26  contractor agreement (the "Agreement") whereby Gault South Bay agreed to act as the

27  independent sales representative for Defendant's products in a certain identified territory. The

28  Agreement had an effective date of January 1, 2007. A copy of the Agreement is attached hereto

872966.3                    2

1    as Exhibit A.

2        9.    The Agreement purports to be in effect until December 31, 2007, and states that

3    during this time period, Contractor will not "sell any competitive products or engage in any

4    competitive activities without obtaining DePuy's prior written consent." (Exhibit A, at p. 1.)  The

5    Agreement further defines competitive activities in this context as "selling, offering for sale,

6    promoting, receiving or soliciting orders for goods or services similar, or intended for similar use

7    as those offered by DePuy or any other J&J company, or accepting remuneration or any kind

8    from any person providing such goods and services." (*Id.*)

9        10.    On August 24, 2007, DePuy sent a letter terminating the Agreement.

10        11.    In addition to the restrictive covenant noted in Paragraph 8 above, the Agreement

11    contains an extremely broad covenant not to compete following termination of the Agreement.  It

12    provides, in pertinent part:

13            Contractor agrees that, if this Agreement is terminated for any
            reason, that for a period of one (1) year after termination of the
14            Agreement, that neither Contractor nor any of its employees,
            independent contractors, or agents who were involved in the
15            representation or sale of the Products, will, without DePuy's prior
            written consent, accept a position with a competitor of DePuy,
16            which involves direct or indirect sales of competitive products in
            the same Territory or sales to the same accounts covered by the
17            Agreement or engage, directly or indirectly in the sales of
            competitive products or in competitive activities as described
18            above.

19            ...
            Contractor also agree [sic] to waive any defense to entry of a
20            preliminary injunction prohibiting its violation of the
            noncompetition provisions of this Agreement based on the
21            existence of an adequate remedy at law by DePuy.

22    (Exhibit A, at p.7.)

23        12.    Polich is not a party to the Agreement.  Polich is an independent contractor for

24    Gault South Bay.  Nevertheless, the Agreement purports to limit Polich's ability to compete with

25    DePuy.  The Agreement states:

26            Contractor may hire its own employees or contract with other
            individuals or entities to assist Contractor in the performance of its
27            duties hereunder, which employees, individuals or entities shall be
            solely Contractor's responsibility and shall be compensated solely
28            by Contractor.  Contractor agrees that any such employees,

872966.3

                                    3
                                COMPLAINT

Page  14
Exhibit  2

Page  6
Exhibit  1

1     individuals or entitles will not be subject to DePuy's approval or supervision, but will be bound by the same DePuy and Johnson & Johnson guidelines, policies and procedures, the non-compete provisions and all other provisions of this agreement to which Contractor is subject.

2

3

4 (Exhibit A, p. 2.)

5        13.    The Agreement also contains a waiver of a right to a jury trial. (Exhibit A, at p.9.)

6 Such provisions are unenforceable in California.

7        14.    By this action, Plaintiffs wish to have this court declare that the non-compete

8 provisions contained in the Agreement are void and invalid as contrary under California law, due

9 to California's strong public policy against agreements restricting an individual from employment

10 in his or her chosen trade or profession. (*See* Business and Professions Code Section 16600). In

11 particular, Plaintiffs seek to have this court declare all restrictive covenants in the Agreement void

12 as an improper restraint of trade under Business and Professions Code Section 16600. (*See*

13 *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881 (1998)).

14        15.    Plaintiffs further seek to have the Agreement declared invalid insofar as the one-

15 year term purports to prohibit Gault from engaging in his chosen profession during this one-year

16 period. Enforcement of the one-year term against Plaintiffs would constitute an unlawful restraint

17 of trade in violation of California law.

18 **FIRST CAUSE OF ACTION**

19 **REQUEST FOR DECLARATORY RELIEF**

20        16.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

21 through 15, as though fully contained herein.

22        17.    An actual controversy has arisen and now exists between Plaintiffs and Defendant

23 concerning their respective rights and obligations under the Agreement. Plaintiffs believe the

24 Agreement is terminable at will, and that the non-compete provisions contained in the Agreement

25 are void and unenforceable. Plaintiffs, however, are informed and believe, and thereon allege,

26 that Defendant disputes these assertions.

27        18.    Plaintiffs request a judicial determination regarding the validity and enforceability

28 of the non-compete provisions contained in the Agreement, as well as the termination provision

872966.3

4

COMPLAINT

1   of the Agreement and the waiver of the right to a jury trial.

2       19.    A judicial declaration is necessary and appropriate at this time under the

3   circumstances so that Plaintiffs may ascertain the scope and extent of their right to do business in

4   their chosen profession.

5                           **SECOND CAUSE OF ACTION**
                            **UNFAIR COMPETITION**
6                   **(Business & Professions Code § 17200)**

7       20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

8   through 19, as though fully contained herein.

9       21.    The Agreement is unlawful and unfair within the meaning of Business &

10  Professions Code Section 17200 insofar as the Agreement restricts Plaintiffs' ability to compete

11  with DePuy, or otherwise restricts the ability to terminate the Agreement.

12      22.    Plaintiffs seek an injunction to prohibit enforcement of the invalid portions of the

13  Agreement, as set forth above.

14                          **PRAYER FOR RELIEF**

15      WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

16      1.     For a declaration that the non-compete contained in the Agreement are void and

17  unenforceable in California, and that the Agreement is not applicable to or binding on non-parties

18  thereto, including the one-year term and non-compete provisions of the Agreement;

19      2.     For a preliminary and permanent injunction preventing Defendant from enforcing

20  any non-compete provisions contained in the Agreement, or from enforcing any portion of the

21  Agreement against non-parties thereto;

22      3.     For attorneys' fees, according to proof and as permitted by law;

23      4.     For costs of suit as permitted by law; and

24      5.     For such other relief as the court deems just and proper.

25

26

27

28

872966.3

5

COMPLAINT

Page ___16___
Exhibit ___2___

Page ___8___
Exhibit ___1___

1  DATED:  August 24, 2007          DOWNEY BRAND LLP

2

3                                    By:

4                                         TORY E. GRIFFIN
                                          Attorney for Plaintiffs
5                                    GAULT SOUTH BAY SYSTEMS, INC., BOB
                                        GAULT, and CANDICE POLICH
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

873966.3

6

COMPLAINT

Page _____ 17 _____        Page _____ 9 _____
Exhibit _____ 2 _____      Exhibit _____ 1 _____

**Rodriguez, Maria**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Monday, September 10, 2007 3:20 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:07-cv-04659-RS Gault South Bay, Inc. et al v. DePuy Orthopaedics, Inc. Notice of Removal |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 9/10/2007 3:20 PM and filed on 9/10/2007

| | |
|---|---|
| **Case Name:** | Gault South Bay, Inc. et al v. DePuy Orthopaedics, Inc. |
| **Case Number:** | 5:07-cv-4659 |
| **Filer:** | DePuy Orthopaedics, Inc. |
| **Document Number:** | 1(No document attached) |

**Docket Text:**
NOTICE OF REMOVAL (NO PROCESS) from Superior Court of California, Santa Clara County. Their case number is 107CV092906. (Filing fee $350 receipt number 54611001673). Filed by DePuy Orthopaedics, Inc. (bw, COURT STAFF) (Filed on 9/10/2007)

**5:07-cv-4659 Notice has been electronically mailed to:**

Rebecca Edelson     bedelson@steptoe.com, smcloughlin@steptoe.com

Tory Edward Griffin     tgriffin@downeybrand.com, afrench@downeybrand.com

**5:07-cv-4659 Notice has been delivered by other means to:**

Mark Alan Neubauer
Steptoe & Johnson LLP
2121 Avenue of the Stars
Ste 900
Los Angeles, CA 90067

9/10/2007

Page _18_
Exhibit _2_