**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEPUY ORTHOPAEDICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07-CV-0425-RM |
| | ) |
| GAULT SOUTH BAY, INC. | ) |
| and ROBERT GAULT, | ) |
| | ) |
| Defendants. | ) |

**DEPUY'S OPPOSITION TO GAULT'S MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1391, OR ALTERNATIVELY, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404, OR TO STAY**

At the same time that defendant Robert Gault ("Gault") filed his motion to dismiss for lack of personal jurisdiction, he and his corporation, Gault South Bay, Inc. ("GSB") (collectively, "Defendants") filed a motion to dismiss for improper venue under 28 U.S.C. § 1391 and to transfer pursuant to 28 U.S.C. § 1404. In the course of their motion, Defendants incorrectly contend that Plaintiff DePuy Orthopaedics, Inc. ("DePuy") is a Delaware corporation.[1] In addition, Defendants virtually ignore the mandatory forum selection clause contained in the agreement at issue, which specifies that any dispute concerning the agreement will be brought and litigated in Indiana. Moreover, Defendants fail to cite the binding precedent that controls when a forum selection clause such as the one at issue in this case exists.

---

[1] Contrary to Defendants' repeated assertions, DePuy is *not* "a Delaware company" (Gault's Mtn. at 1, 2); rather, DePuy is an Indiana corporation, with its principal place of business located in Warsaw, Indiana. Gault's assertions that "DePuy is a Delaware company" and "DePuy's *actual* state of incorporation is Delaware" is proven false by Gault's own evidence. Gault's Venue Motion (Dkt. 15) ("Gault's Mtn.") at 2 and at note 1 (emphasis added) (citing to Ex. 1). Gault's Exhibit 1 (DE Secretary of State Info. for DePuy) expressly notes that DePuy's Residency status is "Foreign" (to Delaware) and Tax Type status is "Foreign Corporation" as to the State of Delaware, and that **DePuy's State of Incorporation is Indiana** *See* Gault's Mtn. at Ex. 1.

As established below, under the appropriate legal standard, venue is proper in this Court and Defendants are bound by the agreement they made with DePuy regarding venue. As a result, Defendants' motion should be denied and the parties should proceed to litigate this matter in the forum agreed upon by those same parties.

I. **VENUE AS TO THIS LAWSUIT IS PROPER IN THIS COURT PURSUANT TO THE FORUM SELECTION CLAUSE AND IS ALSO PROPER PURSUANT TO 28 U.S.C. § 1391(a)(2).**

   A. **Venue In This Court Is Proper Pursuant To The Agreement's Mandatory Indiana Forum Selection Clause.**

This is a lawsuit involving an Agreement that contains a mandatory Indiana forum selection clause; therefore, this Court need not reach Gault's Section 1391 analysis in denying is motion to dismiss. *See, e.g., Educ. Visions, Inc. v. Time Trend, Inc.*, Case No. 1:02-cv-1146-DFH, 2003 U.S. Dist. LEXIS 6758, *12 (S.D. Ind. Apr. 17, 2003) (28 U.S.C. § 1391 governs venue "[i]n the absence of an applicable forum selection clause[.]"); *Walker v. Carnival Cruise Lines, Inc.*, 681 F. Supp. 470, 476 (N.D. Ill. 1987) (a forum selection clause establishes proper venue even if venue is improper under § 1391); *Precision Franchising, LLC v. Coombs*, Case No. 1:06cv1148 (JCC), 2006 U.S. Dist. LEXIS 93952, *8-9 (E.D. Va. Dec. 27, 2006) ("If the forum selection clause is valid and should be enforced, then venue is deemed to be proper in the chosen forum and dismissal is inappropriate. Conversely, if the forum selection clause should not be enforced, the Court must then independently analyze whether venue was laid properly in this district under 28 U.S.C. § 1391(a). Therefore, the Court must first address the validity of the forum selection clause."); *Bell BCI Co. v. Developers Sur. & Indem. Co.*, Case No. 06-CV-6211-CJS(F), 2006 U.S. Dist. LEXIS 95519, *11-12 (W.D.N.Y. Nov. 21, 2006) (rejecting defendants' argument that venue was improper under § 1391, since that issue was waived by the parties in the forum-selection clause of the subcontract at issue in the case.)

Indeed, in the Seventh Circuit, "a forum selection clause will be enforced unless it can be clearly shown 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Steel Dynamics, Inc. v. Big River Zinc Corp.*, Case No. 1:06-CV-00110, 2006 U.S. Dist. LEXIS 38533, * 19 (N.D. Ind. June 9, 2006) (citing *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (citation omitted)). The *Muzumdar* court held that "where venue is specified with mandatory or obligatory language, the clause will be enforced...." *Id.* Furthermore, "with respect to Indiana law, forum selection clauses are enforceable if they are freely negotiated and 'are reasonable and just under the circumstances and if there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court.'" *Steel Dynamics*, 2006 U.S. Dist. LEXIS 38533, * 20 (citing *Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 48 (Ind. Ct. App. 2005)).

1. This Court is indisputably the proper venue as to all claims against GSB.

Defendants do not allege that the forum selection clause in the Agreement is invalid for any reason; indeed, Defendants do not assert that the forum selection clause does not provide proper venue in this Court as to GSB or to claims relating to the Agreement. Specifically, the Agreement provides:

> Both parties agree that Indiana law shall govern and interpret this appointment and the relationship between the parties, that any and all jurisdiction and/or venue for any claims or matters related to or arising from this Agreement shall be reside in the state and/or federal courts located in the state of Indiana.

Complaint at Ex. A (Dkt. 1-2), Page 9. The majority of the claims in this lawsuit involve DePuy's claims against GSB for matters relating to or arising from the Agreement. Moreover, DePuy's claims against Gault similarly involve matters relating to or arising from the same Agreement. Gault asserts no basis for dividing, for the purpose of determining proper venue, the

claims in this lawsuit, which *all* center around DePuy's contractual rights under the Agreement. Pursuant to the indisputably valid and proper forum selection clause, the venue as to the *entire* case belongs in the Court to which the parties contractually agreed: This Court.

### 2. Gault is bound by the plain language of the Agreement.

The gist of Gault's claim is that because he did not "execute the Agreement in his individual capacity" the "provisions of the Agreement simply do not apply to Gault because he is not a party to it." Gault's Mtn. at 4, 6. Gault is wrong. The Agreement that *Gault* signed specifically provides, under its plain language, that all provisions (including the forum selection clause) of the Agreement apply to "employees" of GSB. Specifically, the Agreement provides:

> Contractor may hire its own employees or contract with other individuals or entities to assist Contractor in the performance of its duties hereunder, which employees, individuals or entities shall be solely Contractor's responsibility and shall be compensated solely by Contractor. Contractor agrees that any such employees, individuals or entities will not be subject to DePuy's approval or supervision, but will be bound by the same DePuy and Johnson & Johnson guidelines, policies and procedures, the non-compete provisions and all other provisions of this agreement to which Contractor is subject.

Complaint at Ex. A, Page 2.

At the time he signed the Agreement, Gault was the highest ranking employee (president) and sole shareholder of GSB. *Id*; Gault Aff. at ¶ 3. Thus, the Agreement's forum selection clause provides that proper venue as to Gault *the individual* resides in this Court.

### 3. Gault is so intricately intertwined with GSB and this dispute that he is bound by the forum selection clause contained in the Agreement.

Even if proper venue as to Gault did not reside in this Court based on the *plain language* of the Agreement concerning Gault's employee status, Gault is still bound by the forum selection clause because he is so "closely related" to the dispute that it was "foreseeable" that he be bound by the clause. For example, in *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993) the Seventh Circuit held that "[i]n order to bind a non-party to a forum selection clause,

the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." In *Hugel*, plaintiff Hugel, in his individual capacity, signed an agreement with defendants that contained an English forum selection and choice of law provision. 999 F.2d at 207. Plaintiffs Hugel, Gulf Coast Marine, Inc. ("GCM"), and Ocean Marine and Indemnity Company ("OMI") brought suit in federal court in Illinois. *Id.* In appealing the district court's dismissal of the suit based on the forum selection clause contained in Hugel's agreement, plaintiffs OCM and OMI contended that the forum selection clause did not apply to them because they were not parties to the agreement. Rather, they contended that because Hugel signed the agreement in his individual capacity, the provision applied to only Hugel. *Id.* at 209. The appellate court affirmed the district court's finding "that the corporations owned and controlled by Hugel are so closely related to the dispute that they are equally bound by the forum selection clause and must sue in the same court in which Hugel agreed to sue" because Hugel was "President and Chairman of the Board of both GCM and OMI" ... and "Hugel owns 99 percent of the stock of GCM which, in turn, owns 100 percent of the stock of OMI." *Id.* at 210.

As in *Hugel*, Gault was and is the president and *sole* shareholder of GSB, a company that exists for the purpose of Gault performing sales activities for DePuy (Gault Aff. at ¶ 3); therefore, GSB could not even have entered the Agreement without Gault's authority. Today, as *sole* shareholder, Gault continues to direct the activities of GSB. Thus, any document production from GSB, litigation strategy as to GSB, or any other course of action by GSB relating to this dispute will be directed by Gault.

Furthermore, as set forth in detail in DePuy's Opposition to Gault's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 32) ("PJ Opp."), Gault, in his *individual* capacity, had entered into numerous agreements and amendments as a "sales representative" with DePuy. *See*

PJ Opp. at 3-5 (citing to Rems Decl. at Exs. A-H). These previous agreements between Gault the individual and DePuy provided that any disputes would be resolved in Indiana. *Id*. Exs. C-H. Indeed, Gault's prior agreements and amendments thereto beginning in 2001 included non-compete obligations similar to the Agreement and provided forum selection clauses identical to the clause in the Agreement:

> We both agree that Indiana law shall govern and interpret this appointment and the relationship between the parties, that any and all jurisdiction and/or venue for any claims or matters related to or arising from the Agreement shall ... reside in the state and/or federal courts located in the state of Indiana.

*See, e.g.*, PJ Opp. at Rems. Decl. at Ex. C at 4.

At the end of 2006, as president and sole shareholder of GSB, Gault signed the Agreement at issue between GSB and DePuy to be effective January 1, 2007. Complaint at Ex. A. This Agreement contained the *same* Indiana forum selection clause as in past agreements in which he signed in his individual capacity. *Id.* at 10. On March 10, 2007, Gault signed an amendment to the Agreement, retroactively modifying certain commissions effective January 1, 2007. PJ Opp. at Rems. Decl. at Ex. M (December 21, 2006 Amendment) at 1. Gault signed this amendment as a "representative," as he had done in the 2001, 2002, 2003 and 2004 agreements. Thus, in addition to Gault's ownership and control of GSB in the context of this dispute, Gault, who signed the Agreement and entered into past agreements in his individual capacity, must have been aware of the Agreement's plain language providing that employees of GSB (including Gault, as president) would be bound by the Agreement's provisions, just as Gault was bound in his individual capacity his the past agreements with DePuy.

Finally, it is *Gault's* actions that have formed the basis of DePuy's tortious interference claim with respect to the contractual relationship between DePuy and GSB. There is no doubt that Gault is "closely related" to the dispute such that it is "foreseeable" that Gault, the man who

owns and controls GSB, would be subject to the same forum selection clause in GSB's Agreement that was provided in past agreements between Gault and DePuy. *Hugel*, 999 F.2d at 209-10. For these reasons, Gault is bound by the forum selection clause contained in the 2006 Agreement and venue over him is proper.

### 4. GSB and Gault are merely alter egos; therefore, Gault is a party to the Agreement, which provides that this Court is a proper venue.

In DePuy's PJ Opp. at 14-15 (citing *Burkemper v. Waite*, Case No. 2:05 cv 445, 2007 U.S. Dist. LEXIS 18365, *13-14 (N.D. Ind. Mar. 12, 2007) (citing *IDS Life Insurance Company v. SunAmerica Life Insurance Company*, 136 F.3d 537, 540 (7th Cir. 1998)), DePuy sets out the legal propriety of establishing a prima facie case that Gault and GSB are merely alter egos for the limited purpose of establishing personal jurisdiction. Even if Gault were not bound by the forum selection clause for the reasons set forth *supra* at 2-6, Gault would be bound by the Agreement he executed and its forum selection clause under *Burkemper*. *See also Leach Co. v. General Sani-Can Mfg. Corp.*, 393 F.2d 183 (7th Cir. 1968) (affirming district court's finding that appellant was the alter ego of a second corporation for which personal jurisdiction, *venue*, and service were proper.)

The facts and arguments set out in DePuy's PJ Opp. at 14-17 establish a prima facie case that the doctrine of piercing the corporate veil applies such that when Gault signed the Agreement as president of GSB, he was really signing as GSB's alter ego; therefore, the forum selection clause should extend to Gault in his individual capacity to prevent the injustice of allowing Gault to escape this Court's reach by abusing the corporate form. *Burkemper* at *15-16.

### B. Even In The Absence Of A Forum Selection Clause, Venue Is Proper Pursuant To 28 U.S.C. § 1391(a)(2).

As Gault recognizes, even in the absence of any contractual provisions providing for forum selection, venue is proper in this Court if this action was brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). As to tort claims, venue is proper in the state where the injury from the tortious conduct is suffered. *Indianapolis Colts v. Metropolitan Baltimore Football Club Ltd. Partnership.*, 34 F.3d 410, 411-12 (7th Cir. 1994) ("[T]he state in which the injury occurs is the state in which the tort occurs, and someone who commits a tort in Indiana should, one might suppose, be amenable to suit there."); *Janmark Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997) ("[T]he state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor.)" (citing *Indianapolis Colts*, 34 F.3d at 411-12); *Celozzi v. Boot*, Case No. 00 C 3285, 2000 U.S. Dist. LEXIS 11768, *19 (N.D. Ill. Aug. 10, 2000) ("[A] proper venue is where the injury from tortious conduct is suffered.") (citations omitted).

DePuy's Complaint specifically alleges a cause of action "Directed to Gault" for "Tortious Interference With Contractual Relationship." Complaint at Count II, ¶¶ 32-37. The injury to DePuy caused by Gault as a result of the alleged tortious interference has accrued in Indiana, the state in which DePuy is incorporated, maintains its headquarters and principle place of business, trains its sales force, maintains its financial personnel and records, issues its payroll, manages its cost centers, and houses its in-house legal staff. *See Indianapolis Colts*, 34 F.3d at 411-12.

Moreover, in June 2007, Gault traveled to Indiana to interview with Biomet. Gault Aff. ¶¶ 11-13. As a direct result of Gault's actions in Indiana during this trip and his efforts on behalf of Biomet, DePuy terminated the Agreement. Rems Decl. (attached to DePuy's Opposition to

Gault's Motion to Dismiss for Lack of Personal Jurisdiction) ("PJ Opp.") at Ex. N ("Aug. 20, 2007 Termination Letter").) The Aug. 20, 2007 Termination Letter notes as one of the reasons for the termination that "you have recently met with the President of Biomet in Warsaw, Indiana" which is "clearly in breach of the Agreement." DePuy intends to rely, in part, on the facts surrounding this trip to visit Biomet in Indiana to prove its cause of action for tortious interference with DePuy's contract with GSB against Gault. Complaint at ¶¶ 32-37. So, not only did the injury resulting from the alleged tort occur in Indiana, so did some of the tortious acts.[2]

Gault does not contend otherwise; instead, Gault asserts that "[a]n individual cannot tortiously interfere with his own contract." Gault's Mtn. at 8. In addition to being wholly irrelevant to whether any injury from the alleged tortious interference occurred in Indiana—and, therefore, making this Court a proper venue, Gault's claim is blatantly inconsistent with his claim that Gault should not be subject to the provisions of the Agreement because he is not a party to that Agreement. In other words, how can Gault claim, on the one hand, that he is not a party to the Agreement in his efforts to escape the forum selection clause (Gault's Mtn. at 6), but, on the other hand, claim that he could not have tortiously interfered with the Agreement because it is "his own contract" in his efforts to escape DePuy's tortious interference claim? *Id.* at 8. He cannot; rather, Gault admits either (1) he is one and the same as GSB and, therefore, cannot toritously interfere with "his own contract," but would then be a party to the Agreement and subject to the forum selection clause of the Agreement, or (2) he is not a party to the Agreement

---

[2] DePuy intends to rely, in part, on the facts surrounding this trip to visit Biomet in Indiana to prove its cause of action for tortious interference with DePuy's contract with GSB against Gault. Complaint at ¶¶ 32-37. However, because Defendants have refused to produce discovery, it is not clear whether Biomet has contracted directly with Gault or with GSB.

and, therefore, could have committed tortious interference with respect to the Agreement causing injury to DePuy in the state of Indiana, thus proving this Court is a proper venue. *See, e.g., Indianapolis Colts*, 34 F.3d at 411-12. Thus, no matter which way Gault wishes the Court to resolve his inconsistent position, this Court is a proper venue either contractually—he cannot interfere with "his own contract" — or pursuant to 28 U.S.C. § 1391(a)(2) — he is not a party to the Agreement, but caused injury in Indiana by tortuously interfering with GSB's contractual relationship with DePuy.[3]

## II. DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404, OR TO STAY SHOULD BE DENIED.

### A. Defendants Ignore The Agreement's Forum Selection Clause And, The Impact of That Clause On Venue.

The Defendants, collectively, seek transfer pursuant to 28 U.S.C. § 1404(a). However, Gault, as president of GSB, agreed that "any and all … venue for any claims or matters related to or arising from this Agreement" shall reside in the courts located in the state of Indiana. Complaint at Ex. A, Page 9. Defendants do not deny that the Indiana forum selection clause applies to GSB and to all matters related to or arising from the Agreement. *See generally* Gault's Mtn (Dkt. 15). DePuy's suit against Gault and GSB relates to or arises from the Agreement. *See generally* Complaint. Accordingly, the forum selection clause controls, and the Defendants' cited legal authority and ensuing analysis do not. To be sure, Defendants rely on *Skill-Craft Enterprises, Inc. v. Astro Mfg., Inc.*, No. S90-141, 1990 WL 300705, *3 (N.D. Ind. Dec. 3, 1990) (Miller, J.) to purportedly lay out the two prong standard under Section 1404. Gault's Mtn. at 9.[4]

---

[3] Pursuant to Fed. R. Civ. P. 18(a), because this Court is a proper venue as to DePuy's tortious interference claim against Gault, all claims by DePuy against Gault can be brought in this Court.

[4] Similarly, none of the remaining cases cited by Gault (Gault's Mtn. at 10) apply because they do not involve forum selection clauses or any of the Supreme Court jurisprudence expounding the rule of law concerning forum selection clauses as relating to venue considerations. Indeed, the only case cited by

However, *Skill-Craft*, as this Court is well aware, was a patent infringement action that did not involve claims relating to an agreement that included a **forum selection clause**. The rule of law announced in *Skill-Craft* does not control the disposition of Defendants' motion in light of the *decades* of Supreme Court jurisprudence as to forum selection clauses, all of which is ignored by Defendants. *See, e.g., Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006); *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 525 (7th Cir. 2001); *Bonny v. Society of Lloyd's*, 3 F.3d 156, 159-61 (7th Cir. 1993); *Steel Dynamics, Inc. v. Big River Zinc Corp.*, Case No. 1:06-CV-00110, 2006 U.S. Dist. LEXIS 38533, * 19 (N.D. Ind. June 9, 2006); *Andersen v. Res-Care, Inc.*, Case No. 1:05-CV-391-TS, 2006 U.S. Dist. LEXIS 21772, * 10 (N.D. Ind. Mar. 27, 2006).

Specifically, in the Seventh Circuit, the two-pronged test advanced by Defendants, which is applied in the *absence* of a forum selection clause, is abandoned in favor of the standard, "a forum selection clause is presumptively valid and enforceable unless (1) '[its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) [its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *AAR Int'l*, 250 F.3d at 525 (citing to *Bonny*, 3 F.3d at 160). In *AAR Int'l*, the court held that "by agreeing to a mandatory forum selection agreement, a party waives objections to

---

Defendants involving any contractual choice of law provision (ant not venue) is *Datasouth Computer Corp. v. Three Dimensional Techs., Inc.*, 719 F.Supp. 446 (W.D.N.C. 1989), which transferred the case to a Massachusetts Court based, in part, on the fact that the contract contained a Massachusetts choice of law provision. Here, of course, the Agreement, in addition to the Indiana forum selection clause, contains an Indiana choice of law provisions.

- 11 -

venue in the chosen forum on the basis of cost or inconvenience to itself." 250 F.3d at 526. Indeed, "a *seriously* inconvenient place for trial"... "is *not* enough to invalidate [a forum selection] clause as unfair or unreasonable." *Andersen,* 2006 U.S. Dist. LEXIS 21772, * 10 (emphasis added). Rather, "[a] forum selection clause will not be invalidated unless 'trial in the contractual forum will be so gravely difficult and inconvenient that [a party] will for all practical purposes be deprived of [its] day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'" *Id.* at *10-11.

The upshot is, Defendants completely ignore the standard and did not assert any arguments or facts in support of the correct standard; accordingly, their motion should be denied.

**B. Defendants Allegations of "Inconveniences" Do Not Meet Their Burden That Trial In This Court Will Deprive Defendants Of Their Day In Court.**

Given the mandatory forum selection clause, Defendants failure even to plead the standard, let alone its failure to allege—and inability to show—that their day in court will be deprived if the action continues here is reason enough deny their motion. *Andersen,* 2006 U.S. Dist. LEXIS 21772, * 10. It is axiomatic that Defendants fail to meet their "heavy burden" to warrant transfer in the face of a mandatory forum selection clause. *Andersen,* 2006 U.S. Dist. LEXIS 21772, * 8 (citing *Carnival Cruise Lines,* 499 U.S. at 592 and *Bremen,* 407 U.S. at 17); *see also AGA S'holders, LLC v. CSK Auto, Inc.,* 467 F. Supp. 2d 834, 849 (N.D. Ill. 2006) (citations omitted). Indeed, Defendants do not assert any facts relevant to prongs one and three of the applicable test. *AAR Int'l,* 250 F.3d at 525 (discussed *supra* at 11).

As to prong one, there is no evidence that *any* contractual obligations secured by the Agreement were "the result of fraud, undue influence, or overweening bargaining power." Indeed, everything in the record indicates that Gault (and/or GSB) very easily obtained employment with DePuy's Indiana competitor, Biomet, when their relationship with DePuy was

terminated. Thus, Defendants were not forced to sign a forum selection clause for fear of being able to obtain gainful employment if they did not sign the agreement containing the forum selection provision.

As to prong two (which Defendants do not address under the correct standard), Defendants ruminations concerning the inconveniences of a trial in Indiana (Gault's Mtn. at 10-16) (which arguably apply to prong two) are simply irrelevant and are *waived* by the fact of the mandatory forum selection clause. *See, e.g., AAR Int'l* 250 F.3d at 526; *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Indeed, "[t]he mere loss of live testimony by non-party witnesses ordinarily does not constitute such serious inconvenience so as to warrant setting aside a freely negotiated forum selection clause." *AGA S'holders*, 467 F. Supp. 2d at 849 (citation omitted); *Cf. Paper Express Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 758 (7th Cir. 1992) (rejecting argument that forum selection clause requiring litigation in Germany is unreasonable even though witnesses and physical evidence was located in Illinois). As such, "[Defendants] ha[ve] simply not carried [their] burden. Rather, [Defendants] merely argue[] that [Indiana] is inconvenient, an argument that is waived by virtue of [GSB's] agreement...." *Id* (citing *Heller*, 883 F.2d at 1293).[5] Rather, Defendants are required to show that "the selected forum is so gravely difficult and inconvenient that [Defendants] will for all practical purposes be deprived of its day in court." *AAR Int'l*, 250 F.3d at 525

---

[5] Defendants' allegations concerning location of parties, witnesses, and documents also fail to establish even a *mere* inconvenience, which is well short of the standard "*so gravely* difficult and inconvenient that [a party] will for all practical purposes be deprived of [its] day in court." *See, e.g., Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practice, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").

Although Defendants' remaining allegations concerning the "administrative factors" and that "California has a much greater interest...than does Indiana and "Indiana lacks significant contacts to this dispute" do not amount to the requisite showing that Defendants will be "deprived of their day in court," DePuy addresses them nonetheless. *See* Gault's Mtn. at 16-18.

**First**, the Indiana action is procedurally mature as compared to the California action. Indeed, the only action in that case is that (1) the court has scheduled a hearing on December 3, 2007, as to DePuy's motion to transfer *to this Court* pursuant to the forum selection clause provided in the Agreement, and (2) the court has scheduled a case management conference on January 7, 2008. *See* docket report for *Gault South Bay, Inc. et al v. DePuy Orthopaedics, Inc.*, Case No. 5:07-cv-04659-JW (N.D. Cal., Filed September 10, 2007) ("California Docket") at Dkts. 18 and 22. Meanwhile, here, the Court has already held a hearing on DePuy's motion for temporary injunctive relief, set a discovery schedule, and set a hearing on DePuy's motion for preliminary injunction. In California, there have been no hearings, and the court has not even set a discovery schedule. *See generally id.* (entire docket report). Defendants' proclamation of a 30% faster disposition rate in California simply does not apply in this case.

**Second**, despite Defendants' repeated misrepresentations that DePuy is a Delaware corporation, this case involves an *Indiana* corporation, with its headquarters and principal place of business in Indiana, which has alleged that a tort has caused injury in this state. *See supra* at 8-10. Moreover, the Agreement provides a mandatory Indiana choice of law provision. It is axiomatic that this Court will have a greater familiarity and interest in resolving legal questions under Indiana law than a California federal judge. *See, e.g., Datasouth Computer Corp.*, 719 F.Supp. at 454 (discussed *supra* at 10, note 4) ("The Contract provides that Massachusetts law will govern its terms. Obviously, a federal district court judge sitting in Massachusetts will have

a greater familiarity with Massachusetts general contract law ... Thus, this factor weighs in favor of transferring the present case to the District of Massachusetts.") (cited by Defendants in Gault Mtn. at 10).

**Third**, Defendants represent that Indiana is DePuy's choice of forum. Gault Mtn. at 17. However, lest we forget, Defendants (at the very least, GSB) *also contractually agreed* that a court sitting in Indiana is the proper forum for resolving disputes relating to or arising under the Agreement. Complaint at Ex. A. Thus, it is *all* parties' choice of forum, and as a mandatory forum selection clause, it "will not be invalidated unless 'trial in the contractual forum will be so gravely difficult and inconvenient that [a party] will for all practical purposes be deprived of [its] day in court." *Andersen,* 2006 U.S. Dist. LEXIS 21772, * 10-11 (N.D. Ind. Mar. 27, 2006).

As to prong three, since the suit was brought in the *same* Court as specified in the forum selection clause, there is no risk that "enforcement [of the forum selection clause] would contravene a strong public policy of the forum in which the suit is brought." In other words, the public policy of the forum in which the suit was brought (Indiana) is the same as the public policy as the Court of appropriate venue as specified in the forum selection clause (Indiana).

**Finally**, Defendants' contention that the Court stay this action pursuant to the first-to-file rule (Gault's Mtn. at 18-19) is untenable since Defendants filed their action in the wrong court in light of the forum selection clause. *See Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (the "first to file rule" must yield when the later-filed action is filed in the exclusively appropriate court to decide the case, "even though the same issues were first raised in the [other] district court"). As such, currently pending before the first, but improperly filed California Action is DePuy's motion to dismiss/transfer that action in favor of this litigation, which has

been filed in the proper Court pursuant to the forum selection clause. *See* California Docket at Dkt. 19.

### III. <u>CONCLUSION</u>

For each of the reasons set forth above, Gault's Motion to Dismiss for Improper Venue and Defendants' Motion to Transfer Venue, or to Stay should be denied.

Dated: October 12, 2007         By:    <u>s/ Kendall Millard</u>
                                       Dwight D. Lueck (14294-49)
                                       Kendall Millard (25430-49)
                                       BARNES & THORNBURG LLP
                                       11 South Meridian Street
                                       Indianapolis, IN 46204
                                       Telephone: (317) 236-1313
                                       Facsimile: (317) 231-7433
                                       E-mail: dlueck@btlaw.com
                                               kmillard@btlaw.com

                                       D. Michael Anderson (20770-53)
                                       BARNES & THORNBURG LLP
                                       600 1st Source Bank Center
                                       100 North Michigan
                                       South Bend, IN 46601-1632
                                       Telephone: (574) 233-1171
                                       Facsimile: (574) 237-1125
                                       E-mail: manderso@btlaw.com

                                       *Attorneys for Plaintiff,*
                                       *DePuy Orthopaedics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was served upon the following attorneys/parties of record by operation of the Courts electronic filing system this 12th day of October, 2007:

> Robert J. Palmer
> MAY OBERFELL LORBER
> 4100 Edison Lakes Parkway, Suite 100
> Mishawaka, Indiana 46545
>
> William N. Howard
> FREEBORN & PETERS LLP
> 311 South Wacker Drive, Suite 3000
> Chicago, Illinois 60606

*s/ Kendall Millard*
Kendall Millard

INDS02 ASTASER 923796v1