1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Steptoe & Johnson LLP
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, CA  90067
   Telephone:     (310) 734-3200
4  Facsimile:      (310) 734-3300
   Email: mneubauer@steptoe.com
5  Email: redelson@steptoe.com

6
   Attorneys for Defendant
7  DEPUY ORTHOPAEDICS, INC.,
   an Indiana corporation

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12

13  GAULT SOUTH BAY, INC. a California         CASE NO. 5:07-cv-04659-JW
    Corporation, and BOB GAULT, an
14  individual,                                **REPLY MEMORANDUM IN SUPPORT
                                               OF MOTION TO DISMISS OR TO
15                Plaintiffs,                   TRANSFER; DECLARATION OF
                                               MICHELLE M. REMS IN SUPPORT
16         vs.                                 THEREOF**

17  DEPUY ORTHOPAEDICS, INC., an              The Honorable James Ware
    Indiana corporation,
18                                             Date: December 3, 2007
                  Defendants.                  Time: 9:00 a.m.
19                                             Place: Courtroom 8
                                                      4th Floor
20                                                    280 South 1st Street
                                                      San Jose, CA 95113
21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

**Page**

3

I.    INTRODUCTION ..................................................................................1

4

II.   PLAINTIFFS IMPROPERLY RELY ON 28 U.S.C. § 1404(A) FACTORS
      AS WELL AS THE TRANSFER ORDER IN THE RELATED ACTION .............2

5

6

    A.    This Is Not A Motion Under 28 U.S.C §1404(a) .........................2

7

    B.    DePuy Is Not "Estopped" From Attempting To Enforce The Parties'
        Mandatory Indiana Forum Selection Agreement ...........................5

8

9

    C.    Plaintiffs' Section 1404(a) Argument Ignores The Facts And Comity And
        Improperly Assumes That The Indiana Court Would Grant A Section
        1401(a) Motion With Respect To The Instant Action ...................8

10

11

        1.    The Records and Witnesses ...............................................8

12

        2.    The Ties To Indiana............................................................9

13

        3.    Choice Of Law...................................................................10

14

        4.    Public Policy Challenge....................................................11

15

III.  CONCLUSION....................................................................................13

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**
CASE NO. 5:07-cv-04659-JW

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

AAR Int'l, Inc. v. Nimelias Enters. S.A.,
   250 F.3d 510 (7th Cir. 2001) ......................................................................................7

5

6

AGA S'holders, LLC v. CSK Auto, Inc.,
   467 F. Supp. 2d 834 (N.D. Ill. 2006) ........................................................................7

7

8

Andersen v. Res-Care, Inc.,
   2006 WL 842394 .......................................................................................................7

9

Application Group, Inc. v. Hunter Group,
   61 Cal. App. 4th 881 (1998) .....................................................................................12

10

11

Boughton v. Socony Mobil Oil Co., Inc.,
   231 Cal. App. 2d 188 (1964) ....................................................................................12

12

13

Campbell v. Board of Trustees,
   817 F.2d 499 (9th Cir. 1987) ....................................................................................11

14

Chrysler Credit Corp. v. Country Chrysler, Inc.,
   928 F.2d 1509 (10th Cir. 1991) .................................................................................6

15

16

Davis v. Advanced Care Technologies, Inc.,
   2007 WL 2288298 (E.D. Cal. 2007).........................................................................12

17

18

Durkin v. Shea & Gould,
   92 F.3d 1510 (9th Cir. 1996) .....................................................................................6

19

20

E. & J. Gallo Winery v. Andina Licores S.A.,
   440 F. Supp. 2d 1115 (E.D. Cal. 2006)....................................................................11

21

22

Fireman's Fund Insurance Co. v. M.V.DSR Atlantic,
   131 F.3d 1336 (9th Cir. 1998) ............................................................................1, 5, 11

23

Fischel v. Equitable Life Assur. Society of U.S.,
   307 F.3d 997 (9th Cir. 2002) .....................................................................................5

24

25

Gen. Commercial Packing, Inc. v. TPS, Package Eng.'g,
   Inc., 126 F.3d 1131, 1133 (9th Cir. 1997) ...............................................................11

26

27

Hoffman v. Blaski,
   363 U.S. 335 (1960).....................................................................................................6

28

IBM v. Bajorek,
  191 F.3d 1033 (9th Cir. 1999) ........................................................................11

Ingenieria Alimentaria Del Matatipac, S.A. v. Ocean Garden Prods., Inc.,
  2007 U.S. Dist. LEXIS 40015, "12 (S.D. Cal. 2007) ............................................10

Jones v. GNC Franchising, Inc.,
  211 F.3d 495 (9th Cir. 2000) ...........................................................................4

King v. Gerold,
  109 Cal. App. 2d 316 (1952) ..........................................................................12

Linnell v. Sloan,
  636 F.2d 65 (4th Cir. 1980) ..............................................................................7

Loral Corp. v. Moyes,
  174 Cal. App. 3d 268 (1985) ..........................................................................12

Manchester v. Arista Records, Inc.,
  1981 U.S. Dist. LEXIS 18642 (C.D. Cal. 1981)..................................................10

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
  858 F.2d 509 (9th Cir. 1988) ....................................................................2, 3, 11

Multimin USA, Inc. v. Walco Int'l, Inc.,
  2006 U.S. Dist. LEXIS 33624 (E.D. Cal. 2006) ...................................................10

Northwestern Nat'l Ins. Co. v. Donovan,
  916 F.2d 372 (7th Cir. 1990) ............................................................................7

P & S Business Machines, Inc. v. Canon USA, Inc.,
  331 F.3d 804 (11th Cir. 2003) ..........................................................................7

Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,
  741 F.2d 273 (9th Cir. 1984) ............................................................................3

Posnanski v. Gibney,
  421 F.3d 977 (9th Cir. 2005) ............................................................................6

Stewart Organization, Inc. v. Ricoh Corp.,
  487 U.S. 22 (1988)..........................................................................................4

Stonehenge, Ltd. v. Garcia,
  989 F. Supp. 539 (S.D.N.Y. 1998) ....................................................................7

Swenson v. T-Mobile United States, Inc.,
  415 F. Supp. 2d 1101 (S.D. Cal. 2006)........................................................10, 12

iii

United Rentals, Inc. v. Pruett,
  296 F. Supp. 2d 220 (D. Conn. 2003) ...................................................................4

Whipple Industries, Inc. v. Opcon AB,
  2005 WL 2175871 (E.D. Cal. 2005) .................................................................12

**STATUTES**

28 U.S.C. §1404 ............................................................................................... passim

28 U.S.C. § 1406 .....................................................................................................4

California Bus. & Prof. Code Section 16600 ...............................................11, 12

**RULES**

Fed.R.Civ.P. 12(b)(3) .............................................................................................4

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**
CASE NO. 5:07-cv-04659-JW

1    I.    **INTRODUCTION**

2            Plaintiffs' *untimely* Opposition fails to meet their heavy burden to justify disregarding the

3    mandatory Indiana forum selection agreement to which they agreed and which is presumed valid

4    under the law.  There is nothing before the Court, including an Indiana court's ruling in a

5    separate action, that would allow it to disregard that mandatory forum selection agreement or the

6    propriety of dismissal of an action that Plaintiffs should never have initiated in this improper

7    forum in the first place.  Indeed, Plaintiffs concede that this forum selection clause is valid and

8    enforceable.  Nor could they reasonably contend otherwise as multiple courts have already

9    determined that it is valid.  <u>See</u> Ex. 1 to Defendants' Request for Judicial Notice ("RJN") at p.7;

10   Griffin Decl. Ex. 7 at p.14; Griffin Decl. Ex. 6 at p.17.  Indeed, as the Hon. Anthony W. Ishii

11   from the Eastern District recently observed in a case involving the same forum selection clause:

12          Considering the nature of this lawsuit and DePuy's reply brief [on its motion to

13          dismiss or transfer to Indiana based on the parties' mandatory Indiana forum

14          selection agreement], **it is not certain whether the Indiana court would grant**

15          **a § 1404 motion**.…**How another court may or may not decide a subsequent**

16          **28 U.S.C. §1404 motion does not justify the Court refusing to enforce the**

17          **forum selection clause**.

18   <u>See</u> Griffin Decl. Ex. 7 at p.13 (emphasis added; footnote omitted).

19          If, after this action is dismissed and Plaintiffs decide to re-file it in the Indiana forum in

20   which they were contractually bound to bring it, Plaintiffs can move the Indiana court for an

21   order transferring this action to California under 28 U.S.C. § 1404(a).  Plaintiffs are not

22   permitted to ask this Court to step into the shoes of a hypothetical Indiana court where Plaintiffs

23   should have originally filed this action and pretend that a motion to dismiss brought on the basis

24   of a mandatory forum selection clause is, in fact, a hypothetical Section 1404(a) motion, and ask

25   the Court to rule on the Section 1404(a) factors.  Rather, the mandatory Indiana forum selection

26   clause before this Court mandates that this Court dismiss this action for lack of subject matter

27   jurisdiction or, alternatively, transfer this action to Indiana.   <u>See</u> <u>Fireman's Fund Insurance Co.</u>

28   <u>v. M.V.DSR Atlantic</u>, 131 F.3d 1336, 1340 (9th Cir. 1998) (remanding to the district court with

1  instructions to dismiss the matter for want of subject matter jurisdiction in light of the parties'

2  mandatory Korea forum selection clause).

3        The fact that an Indiana court granted a Section 1404(a) motion to transfer to California a

4  *separate* action that DePuy brought in Indiana alleging *different* causes of action than are at issue

5  in this action does not affect the outcome of the instant motion. This Court is still bound to

6  exercise its jurisdiction to dismiss or transfer this action to Indiana pursuant to the **mandatory**

7  Indiana forum selection clause. The decision by an Indiana court to transfer a separate action is

8  not binding on this Court, either through principles of res judicata or collateral estoppel, nor does

9  it moot the live issues of the mandatory forum selection clause before this Court. It is up to an

10  Indiana court to determine (assuming Plaintiffs re-file their action in an appropriate forum in

11  Indiana and bring a Section 1404 motion thereafter before that court), whether or not it is

12  appropriate to transfer this action to California.

13        The fact that Plaintiffs have challenged the non-compete provisions of the sales

14  representative Agreement with DePuy is not a basis to disregard its mandatory Indiana forum

15  selection provision. Plaintiffs are free to make that challenge to an Indiana court and are free to

16  argue that any challenge should be decided under California law notwithstanding the Indiana

17  choice of law provision in the Agreement. But neither that challenge nor the issue of which law

18  applies is before the Court on this motion. Rather, the sole issue before the Court is whether the

19  mandatory Indiana forum selection provision in the parties' agreement is enforceable. It is and

20  this case needs to be dismissed or at least transferred to Indiana where it belongs.

21  **II.**  **PLAINTIFFS IMPROPERLY RELY ON 28 U.S.C. § 1404(a) FACTORS AS WELL AS THE TRANSFER ORDER IN THE RELATED ACTION**

22

23       **A.**  **This Is Not A Motion Under 28 U.S.C §1404(a)**

24        Plaintiffs' reliance on the 28 U.S.C. § 1404(a) or forum non-conveniens factors is not a

25  proper opposition to this motion. Forum non-conveniens analysis has no place in the

26  determination of a motion to dismiss or transfer based on a mandatory forum selection clause.

27        For example, in <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.</u>, 858 F.2d 509, 515 (9th Cir.

28  1988), the plaintiff contended that because the alleged wrongful acts were committed principally

1   in the United States, and the harmful effects of these acts were suffered by the plaintiff in

2   California, it should be permitted to prosecute its claims in the district court in California and,

3   thus, the foreign forum selection clause should not be enforced.  The Ninth Circuit rejected the

4   argument:

5          This argument overlooks several important facts. . . . And most important, the

6          contract contains a forum selection clause, which designates Florence, Italy as

7          the place for the resolution of the disputes in this case. [¶] We conclude that the

8          district court did not err in enforcing the forum selection clause by dismissing

9          Manetti-Farrow's complaint.

10  Id. at 515; see also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281

11  (9th Cir. 1984) ("Budco argues that, because the evidence and witnesses are located on the East

12  Coast and the contracts were performed on the East Coast, the forum selection clause was

13  unreasonable under the circumstances.  [T]hose facts … are not persuasive here. . . .") (emphasis

14  added).

15         Plaintiffs are improperly asking this Court to pretend it is standing in the shoes of an

16  Indiana court with a Section 1404 motion before it instead of a motion to dismiss, and then

17  implicitly rule that California is the most appropriate forum, notwithstanding the fact that the

18  enforceable forum selection clause calls for any action to be brought in Indiana.  Plaintiffs'

19  request ignores that the first step in the process is to get this case to Indiana in accordance with

20  the mandatory Indiana forum selection to which they agreed.  Then, if Plaintiffs wish to make to

21  the proper court in Indiana a motion to transfer the case to California under 28 U.S.C. § 1404(a)

22  or under the doctrine of forum non-conveniens, they are free to do so.  However, Plaintiffs are

23  not permitted to ask this Court to take this case from the Indiana court before the Indiana court

24  even has it, and decide on behalf of the Indiana court Plaintiffs' hypothetical Section 1404(a)

25  motion.  See Griffin Decl. Ex. 7 at p.14 (November 8, 2007 Order in the Eastern District, Case

26  No. 1:07-cv-01321-AWI-SMS) ("How another court may or may not decide a subsequent 28

27  U.S.C. § 1404 motion does not justify the Court refusing to enforce the forum selection clause

28  and Plaintiffs filed this action in a venue in violation of that agreement.").

1    Plaintiffs misplace reliance on <u>United Rentals, Inc. v. Pruett</u>, 296 F. Supp. 2d 220 (D.

2  Conn. 2003).  That case states:

3      **[A] valid forum selection clause is dispositive of [a] claim of improper venue**

4      **under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406.**  In contrast, … in a motion

5      to transfer venue under 28 U.S.C. §1404(a)[,] [the court considers]….such

6      factors as the convenience of the parties and the interests of justice.

7  296 F. Supp. 2d at 224 (citations omitted and emphasis added); <u>see also</u> <u>Stewart Organization,</u>

8  <u>Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988) ("[t]he presence of a forum-selection clause … will

9  be a significant factor that figures centrally in the district court's calculus").  In <u>Pruett</u>, the court

10 in Connecticut (the forum designated by the parties' forum selection agreement) determined that

11 the forum selection clause was valid and only then proceeded to decide the Section 1404(a)

12 motion before it.  It was not a case where a court outside of the designated forum decided, in

13 response to a motion to dismiss for lack of subject matter jurisdiction, whether a Section 1404(a)

14 motion that was never even filed before it provided grounds to deny a motion to dismiss.

15    Nor does <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495 (9th Cir. 2000), support

16 Plaintiffs' position that this Court can decide not to dismiss the action or transfer it to Indiana

17 even if it determines the Indiana forum selection provision is valid.  In <u>Jones</u>, the Ninth Circuit

18 held that the lower court in California had correctly found that the Pennsylvania forum selection

19 clause was unenforceable because there was a California statute that expressly provided it was

20 void.  <u>Id.</u> at 497-98.  Only then did it address the motion to transfer venue to Pennsylvania under

21 Section 1404(a), which had been made to the lower court.

22    The situation here bears no resemblance to the facts of <u>Pruett</u> or <u>Jones</u>.  Here, the Indiana

23 forum selection agreement is indisputedly valid, as several courts have already found in other

24 actions concerning the same forum selection agreement.  <u>See</u> Defendants' Request for Judicial

25 Notice at p.7 (June 26, 2006 Order in the Central District, Case No. 06-3622-RGK (RZx)

26 transferring action to Indiana) ("Plaintiffs chose to engage in business with an Indiana

27 corporation and signed a contract with an Indiana forum selection provision.  By doing so, they

28 accepted the provision and cannot now deem it 'unreasonable' or 'arbitrary'); Griffin Decl. Ex. 6

1  at p.17 (November 13, 2007 Order in the Northern District of Indiana, Case No. 3:07-

2  CV0425RM) ("the clause is enforceable, and venue is proper in Indiana.").  Given the existence

3  of a valid mandatory forum selection provision, this Court is without subject matter jurisdiction,

4  must dismiss or, at a minimum, transfer the case, and is without jurisdiction to entertain

5  Plaintiffs' Section 1404(a) argument in opposition to a subject matter jurisdiction motion.

6        Plaintiffs have not asked any Indiana court (i.e., a court which properly has the dispute

7  before it according to the parties' mandatory forum selection agreement) to transfer this action to

8  California under 28 U.S.C. § 1404(a).  Instead, Plaintiffs unilaterally filed in California in

9  contravention of the parties' Indiana forum selection agreement and are now attempting to justify

10  that breach of the agreement by an after-the-fact and unsupported argument that the parties'

11  forum selection agreement should be disregarded simply because an Indiana court granted a

12  Section 1404(a) motion to transfer to California a *separate* action that DePuy brought in Indiana.

13  The Court should not countenance such gamesmanship.  Nor should it rob from the Indiana court

14  its discretion to decide whether the instant action should be transferred to California under

15  Section 1404(a) (even assuming that Plaintiffs bother to refile in Indiana after this action is

16  dismissed based on the mandatory Indiana forum selection agreement).  Comity dictates that this

17  Court respect the Indiana court's right to make that decision for itself.

18      **B.    DePuy Is Not "Estopped" From Attempting To Enforce The Parties'**
        **Mandatory Indiana Forum Selection Agreement**

19

20       Plaintiffs' argument that DePuy is now collaterally estopped from asserting that this

21  Court is not the proper court by virtue of the November 13 order in the separate action that

22  DePuy brought in Indiana and which was recently transferred is frivolous.  Contrary to Plaintiffs'

23  Opposition, there is no "collateral estoppel" here.  According to the case law Plaintiffs cite,

24  "collateral estoppel [] binds parties in a subsequent action… when an issue of fact or law has

25  been actually litigation and resolved by a valid final judgment."  Opp., 6:20-23 (citing Fischel v.

26  Equitable Life Assur. Society of U.S., 307 F.3d 997, 1005, n. 5 (9th Cir. 2002)).  The instant

27  situation does not meet any of those requirements.

28       First, the instant action is not a "subsequent action."  Instead, Plaintiffs filed this action

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**

1    before DePuy filed its action in Indiana.[1]  Second, there is no final judgment in the action DePuy

2    brought in Indiana.  Instead, the Indiana court merely transferred that action to California.  Third,

3    whether the instant action should be transferred to California was not before the Indiana court.

4    In any event, and as discussed in more detail in Part II.C., the action in Indiana involves different

5    claims including breach of contract and tort claims, and thus a different forum non conveniens

6    analysis than the instant action involving declaratory relief.  Moreover, DePuy has not had a "full

7    and fair opportunity to litigate" whether the instant declaratory relief action should be transferred

8    from Indiana to California under Section 1404(a).  See Durkin v. Shea & Gould, 92 F.3d 1510,

9    1515 (9th Cir. 1996) (settlement of one action did not preclude the second action) (citation

10   omitted).  This action has not yet made it to Indiana despite the parties' valid mandatory Indiana

11   forum selection clause.  No Section 1404(a) motion to transfer this action from Indiana to

12   California has been filed.  DePuy cannot oppose a hypothetical motion.

13         Nor is this Court barred by virtue of res judicata or mootness grounds from considering

14   the instant motion.  A transfer order under § 1404(a) is not res judicata on the transferee court or

15   a coordinate court considering its jurisdiction in a separate action.  See Hoffman v. Blaski, 363

16   U.S. 335, 340 n.9 (1960) ("Several reasons why principles of res judicata do not apply may be

17   stated in a few sentences. The orders of the Texas and Illinois District Courts on the respective

18   motions to transfer and to remand, like the orders of the Fifth and Seventh Circuits on the

19   respective petitions for mandamus, were (1) interlocutory, (2) not upon the merits, and (3) were

20   entered in the same case by courts of coordinate jurisdiction.").  A prior ruling of a transferor

21   court may be reconsidered when the governing law has been changed, when new evidence

22   becomes available or when a clear error has been committed that would result in a manifest

23   injustice.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.

24   1991); see also Posnanski v. Gibney, 421 F.3d 977, 981 (9th Cir. 2005) (holding motion to

25   retransfer in the transferee court is basis for Court of Appeal's jurisdiction to hear propriety of

26

27   _____

     [1] Plaintiffs' suggestion that DePuy acted improperly by filing its breach of contract and tort
28   action in Indiana is specious.  By filing its action against Gault and GSB in Indiana, DePuy
     simply abided by the mandatory Indiana forum selection clause in the parties' Agreement.  It is
     Plaintiffs that acted improperly by filing this action in California in violation of the mandatory
     Indiana forum selection clause in the parties' Agreement.

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**
CASE NO. 5:07-cv-04659-JW

1   transfer); <u>Linnell v. Sloan</u>, 636 F.2d 65, 67 (4th Cir. 1980) (same).

2          Here, the Indiana court that transferred DePuy's action to California committed clear

3   error by failing to give due consideration to the parties' mandatory Indiana forum selection

4   clause.  <u>See, e.g.</u>, <u>P & S Business Machines, Inc. v. Canon USA, Inc.</u>, 331 F.3d 804, 807 (11th

5   Cir. 2003)(the venue mandated by a choice of forum clause rarely will be outweighed by other

6   1404(a) factors"); <u>Northwestern Nat'l Ins. Co. v. Donovan</u>, 916 F.2d 372, 378 (7th Cir. 1990)

7   (enforceable forum-selection clause waives right to change venue for party's own convenience);

8   <u>AAR Int'l, Inc. v. Nimelias Enters. S.A.</u>, 250 F.3d 510, 526 (7th Cir. 2001) ("by agreeing to a

9   mandatory forum selection agreement, a party waives objections to venue in the chosen forum on

10  the basis of cost or inconvenience to itself"); <u>Andersen v. Res-Care, Inc.</u>, 2006 WL 842394 *4

11  (N.D. Ind. March 27, 2006) ("[even] a seriously inconvenient place for trial….is not enough to

12  invalidate [a forum selection clause]"); <u>AGA S'holders, LLC v. CSK Auto, Inc.</u>, 467 F. Supp. 2d

13  834, 849 (N.D. Ill. 2006)("[t]he mere loss of live testimony by non-party witnesses ordinarily

14  does not constitute such serious inconvenience so as to warrant setting aside a freely negotiated

15  forum selection clause"); <u>Stonehenge, Ltd. v. Garcia</u>, 989 F. Supp. 539, 541 (S.D.N.Y. 1998)

16  ("[a] party resisting transfer to a forum designated in its contract must demonstrate 'exceptional

17  facts' indicating that transfer would be inappropriate").  At most, the transfer order by the Indiana

18  court is an order that no California court has yet had an opportunity to reconsider to determine

19  whether retransfer is merited.  In short, there is nothing regarding the Indiana court's transfer

20  order concerning a separate breach of contract and tort action that is either binding or final on

21  this Court with respect to the instant declaratory relief case, or which moots the issues before this

22  Court concerning a mandatory selection clause that requires dismissal or transfer to Indiana.

23         Thus, Plaintiffs' argument about forum conveniens factors and the November 13, 2007

24  order in a related action is irrelevant to the legal issue of the Indiana forum selection clause's

25  validity and proper enforcement in the instant action, or the propriety of dismissal of an action

26  that Plaintiffs improperly brought outside of Indiana.

27

28

7

**C.    Plaintiffs' Section 1404(a) Argument Ignores The Facts And Comity And Improperly Assumes That The Indiana Court Would Grant A Section 1401(a) Motion With Respect To The Instant Action**

The factual underpinning of Plaintiffs' improper Section 1404(a) argument is missing and, contrary to Plaintiffs' suggestion, it cannot be assumed that an Indiana court would grant a motion to transfer this action.

**1.    The Records and Witnesses**

As the Hon. Anthony W. Ishii from the Eastern District recently observed in a similar case involving the same forum selection agreement:

> Considering the nature of this lawsuit . . . **it is not certain whether the Indiana court would grant a § 1404 motion**. … **How another court may or may not decide a subsequent 28 U.S.C. §1404 motion does not justify the Court refusing to enforce the forum selection clause**.

See Griffin Decl. Ex. 7 at p.13 (emphasis added; footnote omitted).

Indeed, the reasoning reflected by the Indiana Court's November 13 order granting the Section 1404(a) motion with respect to DePuy's *breach of contract* and *tort* action demonstrates that the Indiana Court would *not* necessarily make the same decision if Plaintiffs were to make a Section 1404(a) motion to transfer the instant *declaratory relief* action to California.  The Indiana Court granted the motion to transfer to California DePuy's breach of contract and tort action based on its determination that the witnesses and records relevant to the adjudication of DePuy's *breach of contract and tort claims* are located in California:

> …the plaintiff's choice of forum is entitled to less deference where the forum is not the site of material events, i.e., **where the business decision causing the alleged breach occurred.** [Citation.] [¶] The relevant business decisions by Mr. Gault and Gault South Bay allegedly **in breach** of the 2006 sales agreement occurred outside Indiana.  …[T]he vast majority of the actions and occurrences pertaining to [DePuy's] allegations [of breach of contract and torts] relate to customs and sales representatives who reside in California….

* * *

8

1    …When considering the location of all evidence related to this case, as well as

2    the witnesses' residences, the location of both parties' records in California

3    favors transfer to that judicial forum.

4  Griffin Decl. Ex. 6 at pp.19, 22 (emphasis added).

5        Only after determining that the location of the majority of the evidence relevant to

6  DePuy's breach of contract and tort claims was located in California did the Indiana Court then

7  go on to address the "interest of justice" factors.  It is, thus, unknown if the Indiana Court would

8  transfer to California under Section 1404(a) the instant declaratory relief action since that alleged

9  evidence regarding breach in California is not necessarily relevant to it.  For example, as the

10  Hon. Ishii from the Eastern District recently observed in dismissing a similar declaratory relief

11  action case involving the same forum selection agreement:

12        **it is not certain whether the Indiana court would grant a § 1404 motion**.…it

13        is not clear at this point that California law applies, it is not clear that Indiana has

14        no ties to this dispute, there is a forum selection clause, and **since this**

15        **declaratory judgment action is about the legal question of the validity or**

16        **invalidity of contractual clauses, it is unclear what witnesses are really**

17        **necessary.**

18  See Griffin Decl. Ex. 7 at p.13 (emphasis added).

19        Accordingly, Plaintiffs' assertions that the cost to litigate in Indiana would be much

20  greater because all of the evidence and all of the key witnesses are located in California and non-

21  party California witnesses could not compelled to appear and testify in Indiana (Opp., 9:4-6) are

22  not only unsupported by any evidence, but they are irrelevant to the determination of this motion.

23  It is telling that Plaintiffs utterly fail to identify any evidence or witnesses in California that are

24  needed for the adjudication of the validity of the parties' agreement, which is the issue presented

25  by the instant declaratory relied action.   The Court should not be fooled by Plaintiffs' game of

26  smoke and mirrors.

27        2.      The Ties To Indiana

28  Indiana has substantial ties to the parties' relationship and, in fact, DePuy's performance

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**

CASE NO. 5:07-cv-04659-JW

1    occurred in Indiana – including the manufacture of the DePuy product Plaintiffs sold to

2    customers, the processing of customer orders for such product and, in turn, the payment of

3    Plaintiffs' commissions on those sales.  See Rems Decl. filed herewith.  Thus, Plaintiffs'

4    assertion to this Court that the "Agreement was to be performed entirely in California" (Opp.

5    9:2-3) is false as well as unsupported.

6                    3.       Choice Of Law

7             Similarly, Plaintiffs' argument that this matter belongs in California because – according

8    to Plaintiffs -- "California law … applies notwithstanding the Indiana choice of law provision in

9    the contract" (Opp. 8:22-23) is frivolous.  Notwithstanding Plaintiffs' improper bootstrapping,

10   neither this Court nor the Indiana Court has determined that California law applies to this action

11   notwithstanding the Indiana choice of law provision in the contract.  **Indeed, the Indiana Court**

12   **acknowledged that the Indiana choice of law provision in the parties' Agreement favors**

13   **keeping the related action in Indiana.**  See Ex. 6 to Griffin Decl. at p.23.

14           In dismissing the action on the ground that venue was improper in light of the parties'

15   mandatory Indiana forum selection agreement, the Court in the Eastern District of California

16   rejected the argument that a choice of law issue could overcome the mandatory Indiana forum

17   selection provision:

18           [The plaintiff] speculates as to how an Indiana court may or may not rule on the

19           Agreement's choice of law clause ….This type of indirect attack on a forum

20           selection clause has been rejected by this and other courts.  See Swenson v. T-

21           Mobile United States, Inc., 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006);

22           Multimin USA, Inc. v. Walco Int'l, Inc., 2006 U.S. Dist. LEXIS 33624, *17-*18

23           (E.D. Cal. 2006); Manchester v. Arista Records, Inc., 1981 U.S. Dist. LEXIS

24           18642, *15-*17 (C.D. Cal. 1981); see also Ingenieria Alimentaria Del Matatipac,

25           S.A. v. Ocean Garden Prods., Inc., 2007 U.S. Dist. LEXIS 40015, *12 (S.D. Cal.

26           2007).  '**The forum selection clause determines where the case will be heard.**

27           **It is separate and distinct from choice of law provisions that are not before**

28           **the court**.' [Citation.]

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**

1  Ex. 7 to Griffin Decl. at p.12 (emphasis added; citation omitted).

2                  4.    <u>Public Policy Challenge</u>

3         Contrary to Plaintiffs' Opposition (<u>see</u> Opp., 9:7-9), nor is the fact that that Plaintiffs

4  have challenged the non-compete provision in the parties' Agreement a basis to disregard the

5  mandatory forum selection clause.

6         "The fact that the forum or choice of law specified by a contract affords remedies that are

7  different or less favorable to the law of the forum preferred by a plaintiff is not … a valid basis to

8  deny enforcement of the forum selection and choice of law provisions." <u>E. & J. Gallo Winery v.</u>

9  <u>Andina Licores S.A.</u>, 440 F. Supp. 2d 1115, 1127 (E.D. Cal. 2006) (provisions of distributorship

10 agreement between California winery and an Ecuadorian distributor requiring that suit be

11 brought in California and that agreement be interpreted pursuant to California law did not

12 impermissibly violate Ecuador's strong public policy, and thus the provisions were not invalid on

13 that basis, even though Ecuador law permitted distributors to recover much greater damages)

14 (citation omitted; emphasis added). <u>See also</u> <u>Manetti-Farrow</u>, 858 F.2d at 515 ("Manetti-Farrow

15 contends enforcement of the clause would be unreasonable because it cannot be assured that an

16 Italian court will adequately safeguard its rights against all the defendants.  This concern is not

17 only speculative, it 'reflects something of a provincial attitude regarding the fairness of [an

18 Italian] tribunal[ ].'"); <u>Fireman's Fund Ins. Co. v. M.V. DSR Atlantic</u>, 131 F.3d 1336, 1338 (9th

19 Cir. 1997) (although the right to proceed in rem has a long and important history and although

20 litigating in Korea will deprive plaintiff of its right to proceed in rem against the defendant, the

21 loss of that right is insufficient to invalidate the forum clause on public policy grounds).

22        Moreover, contrary to the suggestion in Plaintiffs' Opposition brief, non-compete

23 agreements are not always unenforceable under California law.  <u>See</u> <u>Campbell v. Board of</u>

24 <u>Trustees</u>, 817 F.2d 499, 502-03 (9th Cir. 1987) (California Business & Professions Code Section

25 16600 does not make illegal restraints which do not entirely preclude one from engaging in a

26 lawful profession, trade, or business); <u>IBM v. Bajorek</u>, 191 F.3d 1033, 1040 (9th Cir. 1999)

27 (limited restriction only precluding employee from working for competitor held valid); <u>Gen.</u>

28 <u>Commercial Packing, Inc. v. TPS, Package Eng.'g, Inc.</u>, 126 F.3d 1131, 1133 (9th Cir. 1997)

1    ("section 16600 does not impair General Commercial's contract with TPS unless it entirely

2    precludes TPS from pursuing its trade or business"); <u>Loral Corp. v. Moyes</u>, 174 Cal. App. 3d

3    268, 275-76 (1985) ("reasonably limited restrictions which tend more to promote than restrain

4    trade and business do not violate [Section 16600]."); <u>Boughton v. Socony Mobil Oil Co., Inc.</u>,

5    231 Cal. App. 188, 192 (1964) ("where one is barred from pursuing only a small or limited

6    part of a business, trade or profession, the contract has been upheld as valid"); <u>King v. Gerold</u>,

7    109 Cal. App. 2d 316, 318 (1952) (agreement merely barred the manufacturer from

8    manufacturing and selling trailers of a particular design and style and did not entirely prohibit the

9    manufacturer from engaging in his trade or business).

10          Thus, the fact that Plaintiffs have alleged that the non-compete provisions in the

11   Agreement are contrary to California public policy does not excuse enforcement of its forum

12   selection clause.  Plaintiffs are free to challenge to the non-compete provisions in an Indiana

13   court and are free to argue that their challenge should be decided under California law

14   notwithstanding the Indiana choice of law provision in the parties' Agreement.  But neither that

15   challenge nor the issue of which law applies is before this Court on this motion currently before

16   it.  Rather, the sole issue before the Court is whether the mandatory Indiana forum selection

17   provision in the parties' Agreement is enforceable.  <u>See</u> <u>Swenson v. T-Mobile USA, Inc.</u>, 415 F.

18   Supp. 2d 1101, 1104 (S.D. Cal. 2006) (rejecting the plaintiff's claim that enforcement of a non-

19   California forum selection clause would contravene California Bus. & Prof. Code Section

20   16600; <u>Whipple Industries, Inc. v. Opcon AB</u>, 2005 WL 2175871 at *10 (E.D. Cal. 2005)

21   (rejecting the plaintiff's argument that the Court should disregard the Swedish forum selection

22   provision of the parties' agreement on the purported ground that enforcement of the non-compete

23   provision would contravene California public policy and Swedish law may enforce the non-

24   compete provision).

25          In addition, neither the slip opinion in <u>Davis v. Advanced Care Technologies, Inc.</u>, 2007

26   WL 2288298 (E.D. Cal. 2007), nor the decision in <u>Application Group, Inc. v. Hunter Group</u>, 61

27   Cal. App. 4th 881 (1998), support Plaintiffs' position.  In those cases, a forum selection

28   agreement was not at issue.  Instead, it was only a choice of law agreement.  That begs the

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**

question here of whether a court in a jurisdiction outside of the forum selection can decide the choice of law issue.  It cannot.

**III.    CONCLUSION**

The Court should grant DePuy's motion to dismiss or transfer this action to Indiana. Plaintiffs' Opposition is untimely and should be disregarded.  Moreover, Plaintiff's Opposition fails on its merits:

•    It is undisputed that the mandatory Indiana forum selection provision in the parties' Agreement is valid and applies to this dispute.  Thus, this Court is without jurisdiction to do anything but dismiss this action or transfer it to Indiana.

•    The Indiana court's grant of Plaintiffs' Section 1404(a) motion to transfer to California DePuy's Indiana action does not affect outcome of the instant motion.  It is up to the Indiana court whether it wants to transfer the instant action to California under Section 1404. But before the Indiana Court can make that decision, this action must be in Indiana.  Moreover, this Court cannot assume that the Indiana court will grant a Section 1404 motion.  Nothing concerning the separate Indiana action binds this Court's determination of the binding nature of the forum selection clause in the instant motion.

•    The fact that Plaintiffs have challenged the non-compete and choice of law provisions of their Agreement with DePuy is not a basis to disregard its mandatory Indiana forum selection provision.

DATED: November 19, 2007              STEPTOE & JOHNSON LLP

MARK A. NEUBAUER
REBECCA EDELSON


By___/s/ Rebecca Edelson___
REBECCA EDELSON
Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO TRANSFER**
CASE NO. 5:07-cv-04659-JW