**DECLARATION OF
MICHELLE M. REMS**

## DECLARATION OF MICHELLE M. REMS

I, Michelle M. Rems, declare:

1. At all relevant times, I am and have been the Field Support Manager for DePuy Orthopaedics, Inc. ("DePuy"). I first became employed by DePuy approximately eleven years ago as a Senior Financial Analyst. I became the Finance Manager in 2000, and was promoted to DePuy's Field Support Manager in 2004.

2. I have personal knowledge of all of the facts set forth in this Declaration and, if called and sworn as a witness at trial or any other hearing before this Court, would and could testify as set forth herein.

3. As DePuy's Field Support Manager, I have worked and do work in DePuy's facilities in Warsaw, Indiana, which is the location of its corporate headquarters. Since 1999, DePuy has employed and employs in Warsaw, Indiana over 1,000 of its approximately 2,028 total employees. No other DePuy location has this number of employees. The next largest concentration of DePuy employees is in Massachusetts, with two locations there having approximately 606 employees in the aggregate. There are less than 30 DePuy employees in California. I know this because I have seen various HR lists identifying employees and their area of responsibility. I have personally observed that for the past decade, among other areas, those facilities in Indiana have consisted of and currently consist of:

   a. administrative, executive and corporate offices;
   b. research and development facilities;
   c. manufacturing facilities and equipment where DePuy's products are manufactured before they are shipped to customers, sales representatives and other DePuy locations; and
   d. facilities for shipment of products to DePuy's customers.

4. Among DePuy's administrative offices in Indiana are those that perform accounting functions for its operations nationally, including billing DePuy's customers across the United States for their purchases of DePuy's products and including calculating and paying commissions to DePuy's independent sales representatives across the United States. I know this

1  because in my duties for DePuy, I am and have been involved with billing issues with customers
2  and commission and reimbursement issues with sales representatives and have worked with
3  accounting personnel in Indiana on such matters.
4      5.  In addition, originals or copies of all of DePuy's records related to its independent
5  sales representatives in the United States have been since the start of my tenure with DePuy up to
6  and including the current time, physically maintained in DePuy's headquarters in Indiana.
7      6.  As DePuy's Field Support Manager, my duties include maintaining the
8  contractual agreements with DePuy's independent sales representatives and administering DePuy
9  payments of commissions under those contractual relationships, including contracts with Robert
10 G. Galt ("Mr. Gault") and Gault South Bay ("GSB"). As part of my duties, I am required to be
11 personally familiar with those contracts and maintain true and correct copies of each of their
12 current contracts with DePuy.
13     7.  Among those records that have been and are maintained under my direction and
14 control are Mr. Gault's and GSB's contracts with DePuy, and any amendments thereto, from
15 1998 through the present.
16     8.  DePuy products that are the subject of the contracts (e.g., Total Hip Systems,
17 Total Knee Systems, Extremities, O.R. Products, Bone Cement and Accessories, and Trauma
18 Products) were primarily designed, manufactured and shipped from DePuy's facilities in Indiana.
19 I know this because I have had the opportunity to see products made and shipped directly from
20 our Warsaw facility, through which I regularly work.
21     9.  DePuy also handled in Indiana the accounting functions for the sales resulting
22 from Mr. Gault's and GSB's sales activities under the contracts. For example purchase orders
23 and invoices to customers generally identified on Appendix A to GSB's and Mr. Gault's
24 contracts were generated and sent to the customers from DePuy's offices in Indiana. During my
25 tenure with DePuy up to and including the present time, DePuy has maintained such business
26 records in its offices in Indiana. DePuy also calculated and paid from its offices in Indiana the
27 commissions and expense reimbursements due to Mr. Gault and GSB under the contracts.
28 DePuy maintains at least one copy of the business records related to such payments in its offices

in Indiana. Such records are retained subject to DePuy Record Retention Policy.

10. As DePuy's Field Support Manager, my duties include maintaining records of payments to DePuy's independent sales representatives. Among those records that have been and are maintained under my direction and control include records of all sales generated and commissions paid under the contracts with Mr. Gault and GSB.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 16, 2007, at Warsaw, Indiana.

*[signature]*
MICHELLE M. REMS

- 3 -
DECLARATION OF MICHELLE M. REMS
CASE NO. 5:07-CV-04659-JW
DOC. # CC-171960 V.1