1   DOWNEY BRAND LLP
    TORY E. GRIFFIN (Bar No. 186181)
2   MEGHAN M. BAKER (Bar No. 243765)
    555 Capitol Mall, Tenth Floor
3   Sacramento, CA 95814-4686
    Telephone: (916) 444-1000
4   Facsimile: (916) 444-2100
    mbaker@downeybrand.com
5   tgriffin@downeybrand.com

6   Attorneys for Plaintiffs GAULT SOUTH BAY, INC.
    and BOB GAULT
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   GAULT SOUTH BAY, INC., a California        Case No.  5:07-cv-04659-RS
     Corporation, and BOB GAULT,
13                                              **EX PARTE APPLICATION FOR LEAVE**
                  Plaintiffs,                   **TO FILE A SURREPLY TO THE MOTION**
14                                              **TO DISMISS, OR ALTERNATIVELY,**
     v.                                         **FOR THE COURT TO HEAR ORAL**
15                                              **ARGUMENT ON THE MOTION**
     DEPUY ORTHOPAEDICS, INC., an
16   Indiana Corporation,
                                                Date: December 3, 2007
17                Defendant.                    Time:

18

19          Pursuant Local Rule 7-10, Plaintiffs Bob Gault ("Gault") and Gault South Bay Inc.

20   ("GSB") (collectively "Plaintiffs"), hereby move ex parte for leave to file a surreply to the Reply

21   filed by Defendant DePuy Orthopaedics, Inc. ("DePuy") in support of its Motion to Dismiss.

22   Plaintiffs have attached their proposed surreply as Exhibit A to this Ex Parte Application for the

23   court's consideration.  Alternatively, Plaintiffs request that the court hear oral argument on the

24   Motion to Dismiss and allow Plaintiffs to raise additional arguments at that hearing.

25          The need to file a surreply and/or ensure that the court hears oral argument has been

26   precipitated by an order issued by the Northern District of Indiana in a mirror-image action that

27   DePuy filed against Gault and GSB (the "Indiana Action") two weeks *after* Plaintiffs filed this

28   action in the Northern District of California (the "California Action").  The Indiana Action and

892592.1                                        1

1    the California Action involve the same parties and the identical threshold issue, namely, the

2    validity and enforceability of the covenants not to compete in a distributorship agreement

3    between GSB and DePuy.  While the California Action seeks a declaration on behalf of Gault and

4    GSB that these covenants are invalid, the Indiana Action seeks to enforce these covenants against

5    Gault and GSB and recover damages for their alleged violation.  Clearly, the claims by DePuy in

6    the Indiana Action are compulsory counterclaims in the California Action, as both arise out of the

7    same transaction or occurrence.

8        Due to the duplicitous lawsuit filed by DePuy, the two mirror-image actions proceeded on

9    opposite sides of the country.  To minimize the duplication of effort and expense this caused, and

10   to protect their original choice of forum, Gault and GSB moved to transfer the Indiana Action to

11   this court pursuant to 28 U.S.C. § 1404 based on forum non-conveniens factors.  Around the same

12   time, DePuy moved to transfer the California Action to Indiana under 28 U.S.C. § 1406, or

13   alternatively, to dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3), based on

14   the existence of a forum-selection clause designating Indiana as the proper venue for resolution of

15   disputes between the parties.

16       On November 13, 2007, the Indiana court issued an Order finding the forum-selection

17   clause enforceable, but nevertheless deciding to transfer the Indiana Action to this court pursuant

18   to 28 U.S.C. § 1404.  At the time the Indiana court issued this ruling, DePuy had already filed its

19   Motion to Dismiss in the California Action, thus DePuy did not (and could not) address the effect

20   of the Indiana order in its Motion to Dismiss or its supporting Points of Authorities.

21       In fact, the Indiana court did not issue its order transferring the Indiana Action to

22   California until the very same day that Plaintiffs filed their Opposition to the Motion to Dismiss.

23   As soon as Plaintiffs learned of and obtained the Indiana order late in the afternoon on November

24   13, 2007, they scrapped the Opposition that they had already drafted, hurriedly reanalyzed the

25   issues, and drafted and filed a new Opposition – all within a two or three hour timeframe.  As a

26   result of the limited time in which Plaintiffs had to react to the Indiana order, Plaintiffs did not

27   have the opportunity to fully brief the effect of that order on the California Action or the Motion

28   to Dismiss.  DePuy, on the other hand, had the benefit of six days to analyze and to draft a Reply

892592.1                                           2

1    that addressed the Indiana order.

2       In light of the fact that DePuy did not address the Indiana order in its Motion to Dismiss

3    or supporting Points and Authorities, and that Plaintiffs had limited time to analyze the effect of

4    that order in its Opposition, Plaintiffs respectfully request that the court allow them to file the

5    attached surreply to address the new arguments raised in DePuy's reply brief, or, alternatively,

6    allow them to raise additional arguments at oral argument on the Motion to Dismiss.

7       This request for leave to file a surreply and/or present additional argument is based on this

8    Ex Parte Application, the Proposed Surreply attached hereto as Exhibit A, the transcript of a

9    hearing conducted September 17, 2007, in the Indiana Action that has been attached to the

10    Proposed Surreply as Exhibit A, all of the pleadings and records on file in this case, and any oral

11    argument permitted at a hearing on the Motion to Dismiss.

12

DATED:  November 28, 2007           DOWNEY BRAND LLP

13

14

                           By:_____ /s/ Tory E. Griffin_____

15                                   TORY E. GRIFFIN
                                  Attorney for Plaintiffs

16                   GAULT SOUTH BAY, INC. and BOB GAULT

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR LEAVE TO FILE SURREPLY