**EXHIBIT A**

DOWNEY BRAND LLP
TORY E. GRIFFIN (Bar No. 186181)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
mbaker@downeybrand.com
tgriffin@downeybrand.com

Attorneys for Plaintiffs GAULT SOUTH BAY, INC.
and BOB GAULT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC., a California Corporation, and BOB GAULT, <br><br> Plaintiffs, <br><br> v. <br><br> DEPUY ORTHOPAEDICS, INC., an Indiana Corporation, <br><br> Defendant. | Case No. 5:07-cv-04659-RS <br><br> [PROPOSED] SURREPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OR TRANSFER <br><br> Date: December 3, 2007 <br> Time: |

## I. INTRODUCTION

Two weeks after Plaintiffs Gault South Bay, Inc. ("GSB") and Bob Gault ("Gault") filed this action in the Northern District of California (the "California Action"), Defendant DePuy Orthopaedics, Inc. ("DePuy") filed a mirror-image action in the Northern District of Indiana (the "Indiana Action"). The Indiana and California Actions involve the same parties, implicate common questions of fact, and require resolution of identical legal issues, namely, the validity and enforceability of covenants not to compete in an agreement between GSB and DePuy. As a result, the claims in the Indiana Action are compulsory counterclaims to those in the California Action, as are the claims in the California Action to those in the Indiana Action, because they all arise out of the same transaction or occurrence.

892642.2                                                1

As a result of DePuy electing to file the Indiana Action rather than file its compulsory counterclaims in the California Action, the parties have been litigating essentially the same legal dispute on opposite sides of the country. To minimize the duplication of effort and expense this caused, and also to protect their original choice of forum, Gault and GSB moved to transfer the Indiana Action to this California court pursuant to 28 U.S.C. § 1404 based on forum non-conveniens factors. Around the same time, DePuy moved to transfer the California Action to Indiana under 28 U.S.C. § 1406, or alternatively, to dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3), based on the existence of a forum-selection clause designating Indiana as the proper venue for disputes between the parties.

On November 13, 2007, the Indiana court issued an Order finding the forum-selection clause enforceable, but nevertheless deciding to transfer the Indiana Action to this California court pursuant to 28 U.S.C. § 1404. Consequently, the Indiana Action now will be litigated in this court.

At the time the Indiana court issued this ruling, DePuy had already filed its Motion to Dismiss in the California Action, thus DePuy did not (and could not) address the effect of the Indiana order in its Motion to Dismiss or its supporting Points of Authorities. In fact, the Indiana court did not issue its order transferring the Indiana Action to California until the very same day that Plaintiffs filed their Opposition to the Motion to Dismiss. As soon as Plaintiffs learned of and obtained the Indiana order late in the afternoon on November 13, 2007, they scrapped the Opposition that they had already drafted, hurriedly reanalyzed the issues, and drafted and filed a new Opposition – all within a two or three hour timeframe. As a result of the limited time in which Plaintiffs had to react to the Indiana order, Plaintiffs did not have the opportunity to fully brief the effect of that order on the California Action or the Motion to Dismiss. DePuy, on the other hand, had the benefit of six days to analyze and to draft a Reply that addressed the Indiana order.

In light of these circumstances, Plaintiffs respectfully present this Surreply to address the new arguments raised in DePuy's Reply brief. For the reasons stated in Plaintiffs' original Opposition and as further demonstrated in this Surreply, procedure, equity, and judicial economy

1  all dictate that this court simply consolidate the Indiana and California Actions once the Indiana
2  Action is docketed in this Court, thereby allowing all of the claims to be decided in one lawsuit
3  and avoiding the risk of inconsistent rulings.

## II. LEGAL ANALYSIS

The claims asserted in the Indiana Action are compulsory counterclaims to those asserted in the California Action, as are the claims in the California Action to those in the Indiana Action. Under the Federal Rules of Civil Procedure, claims are considered compulsory when they arise out of the same transaction or occurrence as those asserted by the opposing party. Fed. R. Civ. Proc. 13(a); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987). To determine whether a claim "arises out of the same transaction or occurrence," courts apply a "liberal logical relationship test." *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir.1987); *see also Woodrow v. Satake Family Trust*, 2006 WL 2092630, *1 (N.D.Cal. 2006) (noting that the term "transaction" has been given a liberal construction). Under this test, the court analyzes "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro*, 827 F.2d at 1249. "A logical relationship exists when a counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims. . . ." *Woodrow*, 2006 WL 2092630, *1 (N.D.Cal. 2006) (citing *Pinkstaff v. United States*, 974 F.2d 113, 115 (9th Cir. 1992) (other citations omitted).

The claims in the Indiana Action and in the California Action all arise out of the same transaction or occurrence because they all concern the exact same threshold legal issue—the validity and enforceability of restrictive covenants in the agreement between GSB and DePuy. While the California Action seeks a declaration on behalf of Gault and GSB that these covenants are invalid, the Indiana Action conversely seeks to enforce these exact same covenants against Gault and GSB and requests damages for an alleged violation of these covenants. Thus, although the actions "technically" involve different legal theories (declaratory relief and unfair business practices in the California Action, and breach of contract, unfair business practices, and business torts in the Indiana Action), the crux and core of *all* of these claims centers on the restrictive

892642.2

3

covenants. Indeed, at the core of the Indiana Action is the claim that Gault and GSB breached a written contract by violating the restrictive covenants. In order to prove this claim, DePuy first has to prove one of the most fundamental elements of a breach of contract claim - a valid and enforceable contract. This is exactly what is at issue in the California action. Accordingly, the claims unquestionably all arise from the same aggregate set of operative facts and are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. *See Pochiro*, 827 F.2d at 1249; *Woodrow*, 2006 WL 2092630 *1.

Therefore, the claims in the Indiana Action are in the nature of compulsory counterclaims to those in the California Action, while the claims in the California Action are in the nature of compulsory counterclaims to those the Indiana Action. *See Pochiro*, 827 F.2d at 1249. Consequently, Gault and GSB must bring their claims against DePuy in the Indiana Action, and DePuy must bring their claims against Gault and GSB in the California Action, otherwise they are barred from raising them in subsequent litigation. *See, e.g., Meritage Homes Corp. v. Hancock*, 2007 WL 3359649, *8 (D. Ariz. 2007).

The Indiana court determined that, notwithstanding the existence of the forum selection clause, the Indiana Action should be litigated in this court. (*See* Indiana Order attached to Griffin Decl. filed in support of Opposition to Motion to Dismiss.) As a result, once the Indiana Action has been transferred to this court, Plaintiffs must bring the claims already asserted in the California Action in the Indiana Action. Consequently, no purpose would be served by dismissing or transferring California Action because the same exact claims must be litigated by this court in the transferred Indiana Action.

Indeed, rather than dismissing or transferring the California Action, it should be consolidated with the Indiana Action, which involves the same exact legal issues and factual framework. *See* Fed. R. Civ. Pro. 42(a) ("When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated[] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"). The district courts have "broad discretion" when deciding to consolidate cases, and may do so *sua sponte* whenever the cases involve common issues of law or fact. *In re Adams Apple, Inc.*, 829

F.2d 1484, 1487 (9th Cir. 1987). Given that dismissal or transfer of the California Action would only unnecessarily increase costs for Plaintiffs (by requiring them to file new claims in the Indiana Action), would certainly cause further delay, and would create a risk of inconsistent rulings, this court would be well within its discretion to consolidate the Indiana and California Actions together. *See id.*

Furthermore, this court should consider the significant impact if DePuy's argument was accepted. According to DePuy's theory, in the event a plaintiff filed a lawsuit claiming breach of contract, the defending party could immediately file a separate, declaratory judgment action on the same contract in another venue or jurisdiction, claiming that the actions can be separated even though they involve the exact same agreement. This could result in, among other things, inconsistent decisions and add further burden to our judicial system – truly undesirable results.

Finally, it should be noted that the Northern District of Indiana decided to transfer the Indiana Action to this court with full knowledge of the California Action and claims raised therein. In fact, when Judge Miller denied DePuy's application for a temporary restraining order and ordered expedited discovery to take place, he specifically asked the parties to communicate to this court what happened in the Indiana Action. (*See* Transcript at 79:14-19, attached hereto as Exhibit A.) Moreover, when Judge Miller permitted certain expedited discovery to take place in the Indiana Action, he specifically ordered that such discovery should be equally applicable to both the Indiana Action and the California Action because of the "overlapping issues." (*See id.* at 73:24-74:14.) Importantly, DePuy did not object to the discovery being applicable to the California Action. (*Id.*)

The bottom line is that the record in the Indiana Action demonstrates that all parties recognized that the two actions were indeed mirror images of one another, and that, ultimately, the disputes between the parties ought to proceed only in one court. At no point in the Indiana Action did DePuy claim what it now claims in this case—that the two cases were *separate* actions involving separate issues. Notably, the only reason given by DePuy for the filing of the Indiana Action instead of filing counterclaims in this court or simply bringing a motion to transfer in this court is because to do so would give Plaintiff here (Defendants in the Indiana Action) "more time

892642.2

5

1  to violate the noncompete." (*Id.* at 50:5-15.) DePuy's present claim that the two actions are
2  separate and distinct is disingenuous at best, blatant gamesmanship at worst.

3        Accordingly, the court should not dismiss or transfer the instant action. Instead, it should
4  deny DePuy's motion or, alternatively, continue the hearing on DePuy's motion until such time as
5  the Indiana Action is docketed in this court and this court can make its decision based on a full
6  analysis of the record in the Indiana action to date.

### III. CONCLUSION

8        As odd as this procedural situation may seem, it is one created by DePuy, not Plaintiffs,
9  inasmuch as DePuy elected to pursue a separate action in Indiana, rather than file its compulsory
10 counterclaims in the California Action. Since Plaintiffs must now file their compulsory
11 counterclaims in the transferred Indiana Action, i.e. the same exact claims they asserted in the
12 California Action, efficiency and judicial economy dictate that this court consolidate the Indiana
13 and California Actions and allow the claims be decided in one lawsuit.

14       Accordingly, Plaintiffs respectfully request that this court deny the Motion to Dismiss
15 and/or Transfer, consolidate the Indiana and California Actions, and thereby allow the parties to
16 litigate the merits of the claims in one court, with no risk of inconsistent rulings on the same
17 fundamental legal issues.

DATED: November 28, 2007        DOWNEY BRAND LLP

By:    /s/ Tory E. Griffin
      TORY E. GRIFFIN
      Attorney for Plaintiffs
      GAULT SOUTH BAY, INC. and BOB GAULT