Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Carla A. Veltman (No. 223910)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067
Telephone:   (310) 734-3200
Facsimile:    (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, and BOB GAULT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana corporation,<br><br>Defendants. | CASE NO. 5:07-cv-04659-JW<br><br>**DEPUY ORTHOPAEDICS, INC.'S OPPOSITION TO EX PARTE APPLICATION FOR LEAVE TO FILE A SURREPLY TO THE MOTION TO DISMISS, OR ALTERNATIVELY, FOR THE COURT TO HEAR ORAL ARGUMENT ON THE MOTION**<br><br>The Honorable James Ware<br><br>Date:    December 3, 2007<br>Time:    9:00 a.m.<br>Place:   Courtroom 8<br>            4th Floor<br>            280 South 1st Street<br>            San Jose, CA 95113 |

## I. INTRODUCTION

Not only did Plaintiffs file an untimely opposition brief to Defendant's motion to dismiss. They now seek to compound the short notice they provided Defendant DePuy ("DePuy") in preparing its timely reply brief by rehashing in a surreply irrelevant arguments they already made in their untimely opposition brief and to which DePuy has no opportunity to respond.

Nor do Plaintiffs' arguments, including concerning compulsory counterclaims and consolidation of proceedings, create any new issues meriting a surreply. Plaintiffs' surreply is irrelevant to the issues before this Court and constitutes improper efforts by Plaintiffs to, yet again, make a procedurally defective motion before this Court in a responsive brief. Moreover, nothing DePuy raised in its reply brief constitutes new matter meriting a surreply, as DePuy's reply brief focused on rebutting the arguments Plaintiffs already made about the import of the Indiana court's order.

Plaintiffs' ex parte application merely constitutes a request to seek a second chance to present arguments that they already made in their opposition brief. Thus, no surreply is warranted and Plaintiffs' ex parte should be denied.

## II. THE APPLICATION SHOULD BE DENIED BECAUSE PLAINTIFFS ARE MERELY TRYING TO SUPPLEMENT THEIR OPPOSITION BRIEF IN A SURREPLY TO WHICH DEPUY CANNOT RESPOND

Plaintiffs Gault and Gault South Bay ("Plaintiffs") discussed at length in their opposition brief the Indiana Court order that is the subject of Plaintiffs' surreply. Plaintiffs' desire, in retrospect, to bolster the arguments they made in their Opposition with additional arguments on the same issues they already thoroughly discussed is not a proper basis for submitting a surreply to this Court.

Plaintiffs filed their Opposition belatedly on November 13, 2007 and had the Indiana order before they filed their Opposition. In fact, almost the entirety of Plaintiffs' brief concerns the Indiana Court's order. See Plaintiffs' Opp. Br. at 4-9.

Plaintiffs apparently are unsatisfied with an opposition brief they prepared in haste after they missed a calendaring deadline and would like to make additional arguments to those they already made about the Indiana order.  See Opp. Br. at 2 n.1.  However, Plaintiffs' dissatisfaction with its opposition brief is not a proper basis for submitting a duplicative and irrelevant surreply to this Court.  Moreover, Plaintiffs' ex parte application is just an attempt to end-run the normal motion practice rules and ensure that DePuy will lose its opportunity to rebut Plaintiffs' redundant and expanded argument.   This Court should not countenance such gamesmanship.

Nothing in Defendant's reply brief constitutes new matter justifying a surreply.  DePuy addressed how an Indiana Court's order regarding a separate action has nothing to do with the motion to dismiss presently before this Court **in response to Plaintiffs' arguments to the contrary in its Opposition brief**.  Plaintiffs had a full opportunity to make arguments concerning the import of the Indiana Court's order—and did so—and DePuy rebutted those arguments in a timely fashion, notwithstanding the shortened time it had to reply to Plaintiffs' untimely opposition brief.  Thus, nothing in DePuy's reply brief constitutes new matter that provides a basis for a surreply to the motion to dismiss. See Gelber v. Leonard Wood Memorial For Eradication of Leprosy, 2007 WL 1795746 at *3 n.1 (N.D.Cal., June 21, 2007) ("The court did not consider any new information in Defendants' Reply. Therefore, a surreply is not necessary."); The Heil Co. v. Curotto Can Co., 2004 WL 2600134 at *1 n.1 (N.D. Cal. 2004) ("Defendant's request to file a sur-reply is hereby DENIED.  Contrary to defendant's argument, plaintiff's reply does not raise new legal arguments, but, rather, responds to legal arguments made in defendant's opposition.") (emphasis added); Sweet v. Pfizer, 323 F.R.D. 360, 364 n.6 (C.D. Cal. 2005) (holding rebuttal arguments are appropriately contained in reply brief).

1  **III.   PLAINTIFFS PROPOSED SURREPLY IS IRRELEVANT TO THE**
2  **ISSUES BEFORE THIS COURT**

3   Not only does Plaintiffs' surreply continue making the same arguments
4  Plaintiffs already made in their opposition brief, but those arguments continue to
5  be entirely irrelevant to whether this Court must grant DePuy's motion to dismiss.

6   Plaintiffs filed this action in contravention of a mandatory Indiana forum
7  selection clause, which is both indisputably enforceable and, as a procedural
8  matter, must be filed with an Indiana court in the first instance or be transferred for
9  lack of jurisdiction.  See <u>Fireman's Fund Insurance Co v. M.V.DSR Atlantic</u>, 131
10 F.3d 1336, 1340 (9th Cir. 1998) (dismissing action for lack of subject matter
11 jurisdiction based on mandatory forum selection clause).  Plaintiffs continue to
12 pretend that this Court is making a determination about a motion to transfer under
13 28 U.S.C § 1404 when, in fact, Plaintiffs brought no such motion before this Court.
14 The mere fact that they are attempting to file a surreply evidences Plaintiffs'
15 improper request to this Court that it construe Plaintiffs' opposition to DePuy's
16 motion to dismiss as an affirmative motion to transfer on grounds on inconvenient
17 forum:  Plaintiffs have filed a surreply so that they will have the last word just as if
18 they were the moving party.  But its is DePuy's motion to dismiss that is before the
19 Court.  Plaintiffs have not properly noticed any affirmative motion.

20   The determination of a motion to dismiss is not affected by the propriety of
21 the transfer of venue of an action for the convenience of the witnesses.  How
22 another court may or may not decide a subsequent Section 1404 motion filed in
23 Indiana under the mandatory forum selection clause is irrelevant to whether this
24 Court has jurisdiction to hear this action.  Plaintiffs continue to want this Court to
25 pretend that it is a hypothetical court in Indiana deciding a Section 1404 motion to
26 transfer venue, rather than the actual motion to dismiss on the grounds of a
27 mandatory forum selection clause that is, in fact, before this Court.  Moreover,
28 Plaintiffs continue to ask this Court to ignore the fact that Plaintiffs—not

1  Defendant—chose to file this action in this venue in violation of a mandatory
2  forum selection clause designating Indiana, and not California, as the appropriate
3  filing forum.  Whatever inconvenience and costs Plaintiffs complain would arise
4  should this action be transferred to the jurisdiction where it should have been
5  brought in the first place, is Plaintiffs' doing, not DePuy's.

## IV. PLAINTIFFS CONTINUE TO MAKE IMPROPER MOTIONS IN RESPONSIVE BRIEFS

Plaintiffs' argument concerning compulsory counterclaims and consolidation of actions constitute improper attempts to bring an affirmative motion to consolidate in a surreply.  Plaintiffs have not brought a properly noticed motion to consolidate separate actions.  As they did in their opposition brief, Plaintiffs continue to ignore the fact that they are responding to a motion to dismiss, and not bringing a separate motion for transfer of venue or consolidation of claims and actions.   A surreply is certainly not the appropriate place for Plaintiffs to ask this court for relief that they should be making to an Indiana court.

Moreover, the factual basis of Plaintiffs' consolidation argument is lacking.  Plaintiffs' assertion that the two actions should be consolidated as "duplicative" and as "mirror images" of one another is unsupported.  Nor is it correct that all claims involve the "threshold" issue of the enforceability of the non-compete provisions. The two lawsuits assert different claims and not all of them involve the non-compete provisions.  Plaintiffs' action asserts that the non-compete provisions, jury waiver and termination provisions of the GSB sales agreement with DePuy are unenforceable.   Although DePuy's action asserts that GSB breached the non-compete provisions of the GSB sales agreement, it also asserts that GSB breached the *"best efforts"* provision and also asserts that Gault and GSB *interfered with DePuy's customer relationships*, but makes no mention of the jury waiver or termination provisions of the agreement.

In addition, consolidation should not be used to circumvent the

4

**OPPOSITION TO EX PARTE APPL FOR LEAVE TO FILE A SURREPLY TO THE MOTION TO DISMISS**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-172685 v.1

enforceability of the mandatory Indiana forum selection clause. In the first instance, the action should go to the Indiana court as a procedural and jurisdictional matter.

## V. CONCLUSION

Plaintiffs' ex parte application for a surreply is an ill-disguised attempt to bolster arguments they already made in an unpersuasive opposition to DePuy's motion to dismiss. Not only are the issues raised in the surreply redundant, they are both irrelevant and inappropriate attempts to move for affirmative relief in responsive briefing. Plaintiffs' ex parte application for a surreply should, therefore, be denied.

DATED: November 29, 2007         STEPTOE & JOHNSON LLP

                                              MARK A. NEUBAUER
                                              REBECCA EDELSON
                                              CARLA A. VELTMAN

                                       By   /s/ Rebecca Edelson
                                               REBECCA EDELSON
                                             Attorneys for Defendant
                                            DEPUY ORTHOPAEDICS, INC.