1  DOWNEY BRAND LLP
   TORY E. GRIFFIN (Bar No. 186181)
2  MEGHAN M. BAKER (Bar No. 243765)
   555 Capitol Mall, Tenth Floor
3  Sacramento, CA  95814-4686
   Telephone: (916) 444-1000
4  Facsimile: (916) 444-2100
   mbaker@downeybrand.com
5  tgriffin@downeybrand.com

6  Attorneys for Plaintiffs GAULT SOUTH BAY, INC.
   and BOB GAULT

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12 | GAULT SOUTH BAY, INC., a California        | Case No.  C 07-cv-04659-JW
   | Corporation, and BOB GAULT,                | Case No.  C 07-cv-05897-JW
13 |
   |        Plaintiffs,                         | **DECLARATION OF TORY E. GRIFFIN
14 |                                            | IN SUPPORT OF CONSOLIDATION OF
   | v.                                         | ACTIONS**
15 |
   | DEPUY ORTHOPAEDICS, INC., an
16 | Indiana Corporation,
   |
17 |        Defendant.

18 | DEPUY ORTHOPAEDICS, INC., an
   | Indiana Corporation,
19 |
   |
20 |        Plaintiff,
   |
21 |
   | v.
22 |
   | GAULT SOUTH BAY, INC., a California
23 | Corporation, and BOB GAULT,
   |
24 |        Defendants.

25

26  ////

27  ////

28  ////

894395.2                          1
                        DECLARATION OF T. GRIFFIN

1  I, Tory E. Griffin, hereby declare as follows:

2      1.    I am an attorney licensed to practice law in the State of California, and am a partner at Downey Brand LLP, attorneys of record for Bob Gault ("Gault") and Gault South Bay Inc. ("GSB") in these actions. I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify competently to the contents hereof.

    2.    On August 24, 2007, Gault and GSB filed a Complaint against DePuy Orthopaedics Inc. ("DePuy") in the Superior Court of California, County of Santa Clara (the "California Action"). A true and correct copy of the Complaint filed in the California Action has been attached hereto as **Exhibit 1**.

    3.    On September 10, 2007, DePuy removed the California Action to the United States District Court, Northern District of California. DePuy moved to transfer the California Action to Indiana under 28 U.S.C. § 1406, or alternatively, to dismiss this action for improper venue under Fed. R. Civ. P. 12(b)(3), based on the existence of a forum-selection clause designating Indiana as the proper venue for disputes between the parties (the "Motion to Dismiss/Transfer").

    4.    On September 11, 2007, two weeks after Plaintiffs filed the California Action, DePuy filed a Complaint against Gault and GSB in the United States District Court, District of Indiana (the "Indiana Action"). A true and correct copy of the Complaint filed in the Indiana Action has been attached hereto at **Exhibit 2**.

    5.    On September 24, 2007, Gault filed a motion to dismiss in the Indiana Action based on a lack of personal jurisdiction as well as a motion to dismiss for improper venue. On the same day, GSB and Gault (in the alternative to his motions to dismiss) moved to transfer the action to the Northern District of California or to stay the Indiana Action pending resolution of the California Action. A true and correct copy of the Indiana docket in the Indiana Action as of December 6, 2007, has been attached hereto at **Exhibit 3**.

    6.    On October 12, 2007, DePuy filed oppositions to the motions to dismiss for lack of personal jurisdiction, to dismiss for improper venue, to transfer to the Northern District of California and/or to stay the Indiana Action. A true and correct copy of DePuy's Opposition to

894395.2

2

DECLARATION OF T. GRIFFIN

Gault's Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Pursuant to 28 U.S.C. § 1404, or to Stay, has been attached hereto as **Exhibit 4**.

7. On November 13, 2007, the Indiana Court issued an Order on the motions to dismiss for lack of personal jurisdiction, to dismiss for improper venue, to transfer to the Northern District of California and/or to stay the Indiana Action. A true and correct copy of that Order has been attached hereto as **Exhibit 5**.

8. The Indiana Action was officially docketed in the Northern District of California on November 20, 2007. A true and correct copy of the California docket in the Indiana Action as of December 6, 2007, has been attached hereto as **Exhibit 6**.

9. On November 28, 2007, Magistrate Judge Richard Seeborg referred the Indiana Action to Judge James Ware for a determination regarding whether the Indiana action and the California Action are related cases within the meaning of Civil Local Rule 3-12. A true and correct copy of the referral has been attached hereto as **Exhibit 7**.

10. This court set a case management conference in the California Action for December 3, 2007. A true and correct copy of the Order setting that conference has been attached hereto as **Exhibit 8**. At that conference, the court requested supplemental briefing by the parties regarding whether the California and Indiana Actions should be consolidated under Federal Rule of Civil Procedure 42(a). A true and correct copy of the Order following the case management conference has been attached hereto as **Exhibit 9**.

11. Prior to the Transfer of the Indiana Action, DePuy filed a Motion for a Temporary Restraining Order and Preliminary Injunction. A true and correct copy of the transcript of the hearing on that Motion has been attached hereto as **Exhibit 10.**

12. DePuy is involved in litigation with Kent Mahoney ("Mahoney") entitled *Kent Mahoney v. DePuy Orthopaedics, Inc.* (the "Mahoney Action"). I served as the attorney of record for Mahoney before the action was recently re-filed in Indiana.

13. Mahoney originally filed his Complaint against DePuy in the Superior Court of California, County of Stanislaus, on August 21, 2007. A true and correct copy of this Complaint has been attached hereto as **Exhibit 11.**

14. On September 10, 2007, DePuy removed the Mahoney Action from state court to the United States District Court, Eastern District of California, Fresno Division. DePuy then moved to dismiss the Mahoney Action based on the existence of an Indiana forum clause in the Agreement, or alternatively, to transfer the action to Indiana.

15. In response, Mahoney filed a motion to remand the action back to state court. Mahoney also opposed the motion to dismiss/ transfer.

16. On November 13, 2007, the district court denied the motion to remand and granted the motion to dismiss the Mahoney Action. A true and correct copy of this Order has been attached hereto as **Exhibit 12.**

17. After his Complaint was dismissed, Mahoney re-filed his action in Indiana state court. A true and correct copy of this Complaint has been attached hereto as **Exhibit 13.** DePuy subsequently removed the Indiana state court action to the United States District Court, Northern District of Indiana. I am informed and believe that Mahoney told DePuy that the removal was improper because DePuy – a citizen of the state of Indiana – could not remove the action to federal court within that state. I am also informed that DePuy, after recognizing its error, proposed a stipulation with Mahoney that the action be remanded to Indiana state court. A true and correct copy of the proposed stipulation from DePuy's counsel has been attached hereto as **Exhibit 14.** Consequently, the Mahoney Action will be litigated in Indiana state court.

18. The Mahoney Action was filed before the California Action and Indiana Action. After DePuy removed the California Action to the Northern District of California, DePuy filed a Notice of Pendency of Other Action that represented the Indiana and California Actions "involve[d] a material part of the same subject matter and the same parties." In that Notice, DePuy made no mention of the Mahoney Action. A true and correct copy of this Notice has been attached hereto as **Exhibit 15.** Also, after DePuy removed the Mahoney Action to the Eastern District of California, DePuy filed a Notice stating it was unaware of any cases related to that action. A true and correct copy of this Notice has been attached as **Exhibit 16.**

////
////

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct. Executed this 7th day of December, 2007, at Sacramento,
3  California.

                                        By: ___/s/ Tory E. Griffin_____
                                                    TORY E. GRIFFIN

894395.2

5

DECLARATION OF T. GRIFFIN