Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Carla A. Veltman (No. 223910)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067
Telephone:    (310) 734-3200
Facsimile:     (310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com
Email : cveltman@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| GAULT SOUTH BAY, INC. a California Corporation, and BOB GAULT, an individual,<br><br>            Plaintiffs,<br><br>   vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana corporation,<br><br>          Defendants. | CASE NO. 5:07-cv-04659-JW<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**<br><br>The Honorable James Ware<br><br>Date:        TBA<br>Time:       TBA<br>Place:      Courtroom 8<br>              4th Floor<br>              280 South 1st Street<br>              San Jose, CA 95113 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT............................................................................................................ 2

    A.    Consolidation That Prejudices DePuy Is Improper ............................................ 2

        1.    Consolidation of a Case Filed in an Improper Venue with Another
            Action Transferred for Convenience Grounds Improperly Ignores the
            Mandatory Forum Selection Clause Agreed to by the Parties and
            Mandatory Venue of Plaintiffs' Action. ...................................................... 3

        2.    Consolidation Increases Complexity and Prejudices DePuy if Indiana
            Choice of Law is Not Applied to Both Actions in the Consolidated Case .. 7

    B.    Plaintiffs' Compulsory Counterclaim Argument Is Irrelevant ......................... 10

III.  CONCLUSION ...................................................................................................... 11

1

## <u>TABLE OF AUTHORITIES</u>

2

**FEDERAL CASES**

3

*Berkowitz ex rel. Affymetrix, Inc. v. Fodor,*
4
    2006 WL 3365587 (N.D. Cal. 2006).................................................................................... 6

5
*Bradley v. Soo Line Railroad Co.,*
    88 F.R.D. 307 (D.C. Wis. 1980) ...................................................................................... 2
6

7
*Brown v. Kelly,*
    2006 WL 3411868 (N.D. Cal. 2006).................................................................................. 6
8

9
*Docksider, Ltd. v. Sea Technology, Ltd.,*
    875 F.2d 762 (9th Cir. 1989)............................................................................................ 4

10
*Dupont v. S. Pac. Co.,*
11
    366 F.2d 193 (5th Cir. 1966)....................................................................................... 2, 9-10

12
*Enterprise Bank v. Saettele,*
    21 F.3d 233 (8th Cir. 1994).............................................................................................. 5
13

14
*Huene v. United States,*
    743 F.2d 703 (9th Cir. 1984)............................................................................................ 6
15

16
*In re Adams Apple, Inc.,*
    829 F.2d 1484 (9th Cir. 1987).......................................................................................... 6

17
*Internet Law Library, Inc. v. Southridge Capital Management*, LLC,
18
    208 F.R.D. 59, 63 (S.D.N.Y. 2002) ................................................................................. 6

19
*J.G. Link & Co. v. Continental Cas. Co.,*
    470 F.2d 1133 (9th Cir. 1972).......................................................................................... 4, 6
20

21
*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir. 1990)....................................................................................... 2, 9-10
22

23
*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,*
    741 F.2d 273 (9th Cir. 1984)........................................................................................ 4-5, 7

24
*Sapiro v. Sunstone Hotel Investors*, LLC,
25
    2006 WL 898155 at *1 (D. Ariz. 2006). ......................................................................... 2

26
*Shannon-Vail Five Inc. v. Bunch,*
    270 F.3d 1207 (9th Cir. 2001)......................................................................................... 8-9
27

28
*United States v. Knauer,*
    149 F.2d 519 (7th Cir. 1945).......................................................................................... 2, 9

ii

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

*Webb v. Just In Time, Inc.*,
769 F. Supp. 993 (E.D. Mich. 1991) ...................................................... 6

*West v. Secretary of Dept. of Transp.*,
206 F.3d 920 (9th Cir. 2000) ........................................................... 5

**STATE CASES**

*ABF Capital Corp. v. Grove Properties Co.*,
126 Cal. App. 4th 204 (Cal. App. 2005) ................................................ 8

*Allen v. Great American Reserve Ins. Co.*,
766 N.E.2d 1157 (Ind. 2002) ........................................................... 8

**FEDERAL STATUTES**

28 U.S.C. § 1404 ............................................................... Passim

28 U.S.C. § 1406(a) .................................................................... 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) ......................................... 1, 12

Restatement Second of Conflict of Laws § 187 ........................................ 8

Schwarzer, et al., Federal Civil Procedure Before Trial § 4:576 (2007) .............. 4

Wright & Miller, 13A Federal Practice and Procedure § 3533.3 (1984) ................. 5

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365

1

## I.    INTRODUCTION

2    A key element in this debate over consolidation is which state law will apply to

3    the dispute between the parties—Indiana or California law.  Plaintiffs' hidden agenda is

4    to ignore the express provisions in their agreement with DePuy designating Indiana as the

5    agreed forum and Indiana law as the applicable law.

6    Plaintiffs Gault and Gault South Bay ("Plaintiffs") indisputably initiated this

7    action in the wrong forum.  Now, they seek to take advantage of their improper forum

8    shopping by arguing that, instead of requiring Plaintiffs to file their lawsuit in their

9    contractually agreed forum of Indiana, their declaratory relief action need never be filed

10   in that proper forum.  Instead, they urge the Court to ignore Plaintiffs' motion to dismiss

11   pursuant to Federal Rule of Civil Procedure 12(b)(3) and merely consolidate their action

12   with another action recently transferred by a court in Indiana on Section 1404 grounds.

13   Consolidation of Plaintiffs' action with the separate action recently transferred

14   from Indiana, Case No. 07-cv-05897-JW, will only complicate the issues for the Court to

15   resolve and prejudice Defendant DePuy OrthoPaedics, Inc. ("DePuy").  When an action

16   is transferred, the transferee court must apply the state law that the transferor district

17   court would have applied had the case not been transferred, including the conflicts law of

18   the transferor state.  Thus, Indiana choice of law and Indiana law apply in the action

19   recently transferred by the Indiana district court and must be applied to the transferred

20   action.  In contrast, Plaintiffs have alleged in their declaratory relief action that California

21   law applies, and thus will presumably attempt to take advantage of filing in an improper

22   forum by arguing that California choice of law applies to their declaratory relief action

23   concerning the validity of their agreement with DePuy.[1]  Thus, consolidation will only

24   confuse the issues, combining two cases in which the parties contend different law

25   applies and prejudicing DePuy by allowing Plaintiffs to take advantage of their efforts to

26   file in an improper venue.

27

28   _____

[1] Defendant DePuy by no means concedes that California law applies to Plaintiffs'
declaratory relief action.  Rather, DePuy contends that both actions are subject to Indiana
law given the choice of law agreed to by the parties.

1   Therefore, Defendant opposes consolidation insofar as this Court intends to apply

2   California choice of law and California law to Plaintiffs' action.  Either Plaintiffs'

3   improperly filed action must be dismissed so that Plaintiffs must initiate their action in

4   the proper forum, or consolidation of the actions may proceed, **but only if Indiana**

5   **choice of law is applied across the board** to both Plaintiffs' action and the transferred

6   action.  Otherwise, the confusion, inconvenience and risk of inconsistent judgments that

7   consolidation seeks to avoid will be perpetuated by the act of consolidation.

8   **II.**    **ARGUMENT**

9          **A.    Consolidation That Prejudices DePuy Is Improper**

10          Commonality of law and fact does not end the Court's inquiry concerning the

11  propriety of consolidation.  Where consolidation would result in prejudice to a party, it

12  should not be ordered.  DePuy will be prejudiced by consolidation in the event Plaintiffs

13  are allowed to take advantage of filing in an improper forum and then argue that

14  California choice of law principles apply in the consolidated action.  The Court can avoid

15  such prejudice to DePuy by denying consolidation and granting DePuy's motion to

16  dismiss so that Plaintiffs are required to file their action in Indiana where they should

17  have filed it in the first place.  Alternatively, Indiana choice of law should be applied

18  consistently to both actions if they are consolidated in this venue.

19          Though common law and fact are one consideration for a Court when determining

20  whether separate actions should be consolidated, consolidation should not be granted

21  where it would cause prejudice to a party.  *See United States v. Knauer*, 149 F.2d 519,

22  520 (7th Cir. 1945); *Bradley v. Soo Line Railroad Co.,* 88 F.R.D. 307, 309 (D.C. Wis.

23  1980).  "The trial judge should be most cautious not to abuse his judicial discretion and to

24  make sure that the rights of the parties are not prejudiced by the order of consolidation

25  under the facts and circumstances of the particular case." *Dupont v. S. Pac. Co*., 366 F.2d

26  193, 196 (5th Cir. 1966).  "Considerations of convenience and economy must yield to a

27  paramount concern for a fair and impartial trial."  *Johnson v. Celotex Corp.,* 899 F.2d

28  1281, 1285 (2d Cir. 1990); *Sapiro v. Sunstone Hotel Investors*, LLC, 2006 WL 898155 at

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365

1    *1 (D. Ariz. 2006).

2        DePuy will suffer prejudice by virtue of consolidation because consolidating an

3    action that should be dismissed because of a mandatory forum selection clause with

4    another action transferred from the proper venue puts the cart before the horse and

5    ignores the fact that the first action was improperly filed in the wrong venue.

6    Furthermore, consolidation of these two separate actions risks choice of law

7    inconsistency, which in turn further prejudices DePuy and causes complexity in the

8    consolidated action, contrary to the goals of consolidation.   Each of these bases for

9    prejudice to DePuy are discussed in detail below.

10        1.    Consolidation of a Case Filed in an Improper Venue with Another

11   Action Transferred for Convenience Grounds Improperly Ignores the Mandatory Forum

12   Selection Clause Agreed to by the Parties and Mandatory Venue of Plaintiffs' Action.

13        Defendant will be prejudiced by consolidation of Plaintiffs' action with the

14   recently transferred action because Plaintiffs' action should never have been filed in this

15   forum in the first place and consolidation of an action filed in an improper venue with a

16   second action does not resolve or waive the issue of improper venue.

17        The parties entered into an agreement with an express forum selection clause

18   calling for all actions to be brought in Indiana and under Indiana law.  *See* Declaration of

19   Tory E. Griffin, filed December 7, 2007 in support of Plaintiffs' Supplemental Brief

20   ("Griffin Decl."), Ex. 2 at 21 (Nov. 22, 2006 Agreement).  When Plaintiffs began to

21   breach that agreement, including by selling products on behalf of DePuy's competitor

22   while Plaintiffs were still under an exclusive agreement to sell only DePuy's product,

23   DePuy terminated the Agreement.  *See* Griffin Decl. Ex. 2 at 5-6 (DePuy Complaint

24   ¶¶17, 19-21).  Then Plaintiffs rushed to file their declaratory relief action in California,

25   notwithstanding the express Indiana forum provision in the agreement.  *See* Griffin Decl.

26   Ex. 1 (Plaintiffs' Complaint).  Moreover, Plaintiffs' declaratory relief action alleges that

27   the agreement with DePuy is invalid solely based on California law, notwithstanding the

28   agreement's designation of Indiana law in its choice of law provision.  *See id.* at 5-6

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365

1    (Plaintiffs' Complaint ¶¶ 14-22). In other words, Plaintiffs filed in an improper forum

2    and argue for consolidation in order to seek the invalidity of the agreement in an

3    improper forum with law to which the parties did not agree.

4            In response to Plaintiffs' decision to file their suit in an improper forum,

5    Defendant immediately removed the action to federal court and then moved to dismiss

6    the action on the basis of improper forum. As DePuy discussed in detail in its prior

7    briefing on its motion to dismiss, where parties have entered into an enforceable,

8    mandatory forum selection clause, the only issue for the Court to decide is the validity of

9    the forum selection clause followed by dismissal of the action filed in the improper

10   venue. *See* DePuy's Reply In Support Of Motion To Dismiss at 2-5. Moreover,

11   dismissal for improper forum is <u>mandatory</u>. *See* 28 U.S.C. § 1406(a) ("The district court

12   of a district in which is filed a case laying venue in the wrong division or district **shall**

13   dismiss . . . such case . . .") (emphasis added); *Docksider, Ltd. v. Sea Technology, Ltd*.,

14   875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is clear from these and other

15   cases that where venue is specified with mandatory language the clause **will** be

16   enforced.") (emphasis added); Schwarzer, et al., Federal Civil Procedure Before Trial §

17   4:576 (2007) ("Assuming timely and sufficient objection to improper venue, transfer *or*

18   dismissal is *mandatory*."); *see also Pelleport Investors, Inc. v. Budco Quality Theatres,*

19   *Inc.,* 741 F.2d 273, 280 (9th Cir. 1984) (rejecting consideration of Section 1404

20   convenience factors when determining whether to enforce forum selection clause).

21           Consolidating Plaintiffs' action filed in an improper forum and a second action

22   transferred by the Indiana Court on Section 1404 convenience grounds ignores DePuy's

23   properly raised objection to the propriety of this forum for Plaintiffs' declaratory relief

24   action. The fact that Plaintiffs filed their action in an improper forum does not go away

25   merely because a second case was transferred to this Court by an Indiana Court.

26   Consolidation of two separate actions merely places them together for purposes of

27   convenience and judicial economy, however the actions do not merge into a single action,

28   but retain their separate character. *J.G. Link & Co. v. Continental Cas. Co.,* 470 F.2d

1133, 1138 (9th Cir. 1972); *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) ("Because consolidation, when proper, does not merge the two separate lawsuits, it normally would not affect the district court's jurisdiction."). Thus, the fact that Plaintiffs filed their declaratory relief action in an improper forum does not disappear through some type of merger with the transferred action and DePuy's objections to the improper forum neither are waived nor disappear through consolidation.

Moreover, Plaintiffs' arguments concerning the commonality of issues between their declaratory relief action and the transferred action begs the question of whether they filed their action in the proper forum in the first place. They did not file their declaratory relief action in the proper venue and DePuy immediately objected to the erroneous jurisdiction and assuredly has not waived its right to object to the improper forum. Thus, the issue of improper forum of Plaintiffs' action continues to be a live issue which consolidation with a second action does not moot. *See, e.g., West v. Secretary of Dept. of Transp.,* 206 F.3d 920, 925 n.4 (9th Cir. 2000) ( "'The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.... [C]ourts must be careful to appraise the full range of remedial opportunities.'") (citing Wright & Miller, 13A Federal Practice and Procedure § 3533.3 at 268 (1984); summarizing authorities). Plaintiffs' action continues to be filed in an improper forum and requires mandatory dismissal. The fact that an Indiana court transferred an entirely separate action filed by DePuy in the proper venue on convenience grounds does not moot or resolve the issue of Plaintiffs' improper choice of venue, as no Indiana Court has yet addressed the issue of whether Plaintiffs' declaratory relief action should be transferred on Section 1404 grounds to California and Plaintiffs have not (and cannot until they file their complaint in the proper forum) make a motion to transfer based on the convenience factors outlined in 28 U.S.C. § 1404. Moreover, this Court cannot decide the issues of convenience through the vehicle of **DePuy's** motion to dismiss. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir. 1984) ("Although those facts [concerning

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

1   convenience factors] may be relevant to a forum non conveniens motion, they are not

2   persuasive here. The Supreme Court has distinguished the inconvenience necessary to

3   establish unreasonableness of a forum selection clause and the balancing of convenience

4   test appropriate in a change of venue or forum non conveniens motion.").  None of these

5   issues can be resolved simply by consolidating this action with the second transferred

6   action, as DePuy's objection to the improper venue Plaintiffs' declaratory relief action

7   will still exist. *J.G. Link & Co. v. Continental Cas. Co.,* 470 F.2d 1133, 1138 (9th Cir.

8   1972) ("[T]he law is clear that an act of consolidation does not affect any of the

9   substantive rights of the parties.").

10          Pointedly, Plaintiffs cannot cite to a single case that supports ignoring the fact that

11   one action was filed in an improper forum and has been properly challenged through a

12   motion to dismiss by virtue of a mechanism of consolidation with a second action.  None

13   of the cases cited by Plaintiffs in support of consolidation involve a similar factual

14   circumstance where a Court reviewing a motion to dismiss on improper venue grounds

15   can circumvent that analysis or ignore the existence of a valid mandatory forum selection

16   clause by virtue of consolidation of the challenged action with a separate action.  For

17   example, Plaintiff cites a bankruptcy case in which several bankruptcy cases were

18   consolidated, but in which there was no challenge of improper venue or jurisdiction of

19   the bankruptcy court over the consolidated actions.  *See In re Adams Apple, Inc.,* 829

20   F.2d 1484, 1487 (9th Cir. 1987).  This Court's decisions in both *Brown v. Kelly*, 2006

21   WL 3411868, *1 (N.D. Cal. 2006) and *Berkowitz ex rel. Affymetrix, Inc. v. Fodor*, 2006

22   WL 3365587 (N.D. Cal. 2006), both involved consolidation of shareholder derivative

23   actions, but again, neither case involved a pending challenge to improper venue.

24   Likewise, no issue of improper venue was presented in the consolidation of two FOIA

25   cases in *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  Plaintiffs also rely on

26   *Internet Law Library, Inc. v. Southridge Capital Management*, LLC, 208 F.R.D. 59, 63

27   (S.D.N.Y. 2002) and *Webb v. Just In Time, Inc*., 769 F. Supp. 993, 994 (E.D. Mich.

28   1991), the first case involving the consolidation of a transferred case and a non-

6

1  transferred case and the second involving the consolidation of a case removed to federal
2  court with a second case filed in federal court.  But again, in neither situation was there a
3  pending improper forum motion to dismiss in the cases the court considered for
4  consolidation.  Nor were there any mandatory forum selection clauses that required that
5  either of the cases posed for consolidation should have been filed in another forum first.

6      Moreover, no case indicates that this Court can step into the shoes of a
7  hypothetical Indiana court, act as if Plaintiffs' improperly filed declaratory relief action
8  was filed in the proper forum, and then decide that an Indiana court would have
9  transferred that action on Section 1404 convenience grounds to this Court, and then
10  consolidate two pending cases into one case.  *See Pelleport Investors, Inc.,* 741 F.2d at
11  280.  Consolidation, in short, puts the cart before the proverbial horse in several respects,
12  including consolidating two cases when one case is subject to mandatory dismissal on the
13  grounds of improper forum and deciding on Section 1404 convenience grounds that an
14  Indiana court that has never seen Plaintiffs' declaratory relief action would transfer it to
15  the Northern District of California on Section 1404 convenience grounds—before
16  Plaintiffs have even filed such a motion to transfer.

17      2.   Consolidation Increases Complexity and Prejudices DePuy if
18  Indiana Choice of Law is Not Applied to Both Actions in the Consolidated Case

19      The stakes of allowing Plaintiffs to proceed with their declaratory relief action in
20  this forum and ignoring the fact that they filed their action in an improper forum
21  notwithstanding a mandatory forum selection clause are high.  Indiana choice of law will
22  necessarily apply to the transferred action, while Plaintiffs have alleged California law
23  applies in the action they improperly filed in this Court.  Consolidation of two cases in
24  which Indiana choice of law is not applied to both consolidated actions will greatly
25  prejudice DePuy and complicate the issues before this Court, defeating the purpose of
26  consolidation.

27      The choice of law issue arises because Plaintiffs have based their allegations of the
28  invalidity of DePuy's agreement with Gault South Bay solely on the grounds of

7

1    California law.  *See* Griffin Decl. Ex. 1 at 5-6 (Plaintiffs' Complaint at ¶¶14-22).

2    Presumably, Plaintiffs intend to argue that California choice of law principles apply to

3    their declaratory relief action, given their assertion of the applicability of that law in their

4    Complaint.  In contrast, DePuy's action transferred to this Court by the Indiana court will

5    apply Indiana choice of law principles.  "After a transfer pursuant to 28 U.S.C. § 1404(a),

6    the transferee district court generally must apply the state law that the transferor district

7    court would have applied had the case not been transferred."  *Shannon-Vail Five Inc. v.*

8    *Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001).  The law of the transferor district court that

9    the transferee court must apply includes the conflicts law of the transferor forum.  *Id*.

10   Thus, with respect to the action recently transferred by the Indiana court, Indiana

11   conflicts of law and Indiana law must apply to DePuy's claims for breach of contract and

12   tort claims.

13          Indiana choice of law and California choice of law principles are substantially

14   different so that, in the event inconsistent choice of law are applied in the different

15   actions, different law may apply.  "Indiana choice of law doctrine favors contractual

16   stipulations as to governing law . . . .Accordingly, [a] contractual provision that Indiana

17   law governs the construction of the contract is controlling on the choice of law issue."

18   *Allen v. Great American Reserve Ins. Co*., 766 N.E.2d 1157, 1162 (Ind. 2002).  In

19   contrast, California follows the Second Restatement approach to choice of law, which

20   calls for the contractual choice of law provision to apply unless "'(a) the chosen state has

21   no substantial relationship to the parties or the transaction and there is no other

22   reasonable basis for the parties' choice, or (b) application of the law of the chosen state

23   would be contrary to a fundamental policy of a state which has a materially greater

24   interest than the chosen state in the determination of the particular issue and which, under

25   the rule of §188, would be the state of the applicable law in the absence of an effective

26   choice of law by the parties.'"  *ABF Capital Corp. v. Grove Properties Co*., 126 Cal.

27   App. 4th 204, 216 (Cal. App. 2005) (citing Restatement Second of Conflict of Laws §

28   187).  The added complexity of California's choice of law approach in contrast to

---

8
**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

1    Indiana's choice of law methodology may lead to a different law applying to the action

2    Plaintiffs improperly brought in this forum in contrast to the transferred action, to which

3    Indiana choice of law and Indiana law must apply.[2]

4            DePuy will be prejudiced in the event consolidation results in the application of

5    choice of law principles and a forum law for which it did not bargain and in a forum to

6    which it never agreed.  It is not appropriate to apply California choice of law or

7    California law to the transferred action in which DePuy is the Plaintiff because this Court

8    must apply the law of the transferor jurisdiction when an action is transferred on Section

9    1404 grounds.  *Shannon-Vail,* 270 F.3d at 1210.  Moreover, it makes no sense to apply

10   California law to Plaintiffs' declaratory relief action concerning the validity of the

11   Agreement, and then apply Indiana choice of law and Indiana law to determine DePuy's

12   breach of contract and tort claims, when the application of different law may result in

13   different end-results.  Consolidation without resolution of these issues in favor of

14   applying Indiana choice of law across the board would add complexity and confusion to

15   this case.  Such a result is contrary to the policies consolidation is supposed to advance,

16   including judicial efficiency and avoiding disparate judgments.  *See Knauer*, 149 F.2d at

17   520; *Dupont,* 366 F.2d at 196; *Johnson,* 899 F.2d at 1285.

18           The only reason this Court must grapple with these issues is because Plaintiffs

19   brought their declaratory relief action in the improper forum to begin with.  If Plaintiffs

20   had brought their declaratory relief claim in the Indiana forum, and an Indiana court

21   ultimately transferred that action to this Court on the basis of Section 1404 convenience

22   grounds, then consolidation of the two actions would make sense and Indiana choice of

23   law principles would be applied to both actions.  However, Plaintiffs clearly wanted to

24   escape the possibility that Indiana choice of law would apply to their conduct and their

25   ───────────────

26   [2] DePuy intends to argue that Indiana law must apply in any event to either action, but
     recognizes that an inconsistent application of choice of law principles to the consolidated
     actions may prejudice its rights in the event it does not win the day on that argument.

27   Thus, consistent application of Indiana choice of law to the consolidated action is the
     only way to ensure DePuy is not prejudiced by Plaintiffs' improper forum shopping in

28   violation of their mandatory forum selection clause and improper consolidation of that
     action in the first instance without requiring Plaintiffs to refile in the proper forum and
     seek a transfer on the basis of convenience in that forum.

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365

1    agreement with DePuy, and thus they ignored the mandatory forum selection provision

2    and Indiana choice of law provision to which they agreed and for which DePuy

3    handsomely paid, and rushed to court in California.  This Court should not countenance

4    such obvious forum shopping.

5          There are two possible solutions to this quandary.  Either this Court should decline

6    to exercise its discretion to consolidate this action with the transferred action and grant

7    DePuy's motion to dismiss.  Conversely, this Court may consolidate the actions, but must

8    apply Indiana choice of law to both actions.  Either solution ensures that DePuy will not

9    be prejudiced by inconsistent application of choice of law and the confusion that such

10   inconsistency would naturally engender in a consolidated action.  However, consolidation

11   without consistent choice of law application would constitute an abuse of discretion given

12   the clear prejudice to DePuy in the event California choice of law is applied in this

13   action, resulting in inconsistent results and an unwieldy and confusing amalgamation of

14   two separate actions.  *See Dupont*, 366 F.2d at 196; *Johnson,* 899 F.2d at 1285.

15          **B.     Plaintiffs' Compulsory Counterclaim Argument Is Irrelevant**

16          Plaintiffs' extensive argument concerning compulsory counterclaims is beside the

17   point.  Similarity of claims in an action—even to the point where they could be filed as

18   counterclaims—neither excuses Plaintiffs' decision to file their action in an improper

19   forum nor supports consolidation in which one of the cases considered for consolidation

20   is located in an improper venue.

21          Again, none of the cases Plaintiffs cite concerning compulsory counterclaims pose

22   the procedural issue before this Court of a case that is filed in an improper forum being

23   consolidated with a second action.  In short, even assuming that Plaintiffs' declaratory

24   relief action constitutes a compulsory counterclaim to the claims raised by DePuy in the

25   transferred action, Plaintiffs cite no case that allows a court to ignore the fact their

26   declaratory relief action was first filed in an improper forum.  Moreover, none of the

27   purported benefits Plaintiffs claim would arise through consolidation of these two

28   actions, including preventing unnecessary fragmentation of litigation and inconsistent

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365

1    judgments, will actually be achieved unless the choice of law debacle posed by

2    consolidation of these actions is not first remedied.  *See* Part II.A.2.

3        In contrast, nothing stops Plaintiffs from filing a declaratory relief counterclaim in

4    response to DePuy's transferred action.  If Plaintiffs' declaratory relief claim is a

5    compulsory counterclaim to DePuy's breach of contract and tort claims, Plaintiffs would

6    have to file such a counterclaim anyway.  However, Indiana choice of law would clearly

7    apply to that transferred action and Plaintiffs' properly filed counterclaim.  Thus,

8    Plaintiffs seek to avoid application of Indiana law by urging this court to consolidate their

9    improperly filed action with DePuy's transferred action in an effort, again, to sidestep the

10   law and the forum they agreed would apply in any claims or matters related to or arising

11   from the agreement with DePuy.  *See* Griffin Decl. Ex. 2 at 21.   However, as discussed

12   in detail in Part II.A.2, consolidation does not remove the separate character of the

13   consolidated actions, nor moot DePuy's ongoing objections to Plaintiffs' action filed in

14   an improper forum.

15       The only remedy that avoids inconsistent judgments and prejudice to DePuy is

16   either granting the motion to dismiss so that Plaintiffs must file in the Indiana forum to

17   which they agreed, after which they may petition that court for transfer on convenience

18   grounds if they wish to file their action in the proper forum instead of asserting a

19   counterclaim in response to DePuy's transferred action.  Or, Indiana choice of law

20   principles must be consistently applied to the consolidated action in this forum in order to

21   prevent Plaintiffs from improperly benefiting from their forum shopping and avoiding the

22   choice of law that would have applied to their claims had they filed in the proper forum

23   in the first place.

24   **III.    <u>CONCLUSION</u>**

25       Consolidation of the instant action with the recently transferred action will not

26   resolve the issues DePuy posed in its motion to dismiss on the grounds of improper

27   forum.  DePuy's objections to consolidation of Plaintiffs' declaratory relief action with

28   the second action will only be resolved if Indiana choice of law is fairly applied to both

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

1   actions after consolidation.  If not, confusion, complexity and prejudice will win the day,

2   in violation of the policies underlying consolidation.  DePuy therefore respectfully

3   requests that this Court either grant its motion to dismiss Plaintiffs' declaratory relief

4   action pursuant to Federal Rule of Civil Procedure 12(b)(3), or rule that Indiana choice of

5   law applies to both actions in the event they are consolidated, in order to avoid prejudice

6   to DePuy and a reward to Plaintiffs for their improper forum shopping.

7   DATED: December 14, 2007          STEPTOE & JOHNSON LLP

8                                     MARK A. NEUBAUER
                                      REBECCA EDELSON
9                                     CARLA A. VELTMAN

10

11                                    By   /s/ Rebecca Edelson
12                                          REBECCA EDELSON
                                      Attorneys for Defendant
13                                    DEPUY ORTHOPAEDICS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUPPLEMENTAL BRIEF IN OPPOSITION TO CONSOLIDATION OF ACTION WITH CASE NO. 07-CV-05897-JW**

CASE NO. 5:07-cv-04659-JW
Doc. # CC-17365