1  DOWNEY BRAND LLP
   TORY E. GRIFFIN (Bar No. 186181)
2  MEGHAN M. BAKER (Bar No. 243765)
   555 Capitol Mall, Tenth Floor
3  Sacramento, CA  95814-4686
   Telephone: (916) 444-1000
4  Facsimile: (916) 444-2100
   mbaker@downeybrand.com
5  tgriffin@downeybrand.com

6  Attorneys for Defendants GAULT SOUTH BAY,
   INC. and ROBERT GAULT
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

12                                      Case No.  C:07-cv-04659-JW
    IN RE GAULT SOUTH BAY
13  LITIGATION                          **RESPONSE TO DEPUY ORTHOPAEDICS'
                                        "NOTICE RE GAULT SOUTH BAY, INC.'S
14                                      LACK OF CAPACITY TO PARTICIPATE
                                        IN THIS CONSOLIDATED ACTION;"
15                                      DECLARATION OF TORY E. GRIFFIN IN
                                        SUPPORT THEREOF**
16
                                        Date:  April 28, 2008
17                                      Time:  9:00 a.m.

18

19        Defendants Gault South Bay ("GSB") and Robert Gault ("Gault") hereby respond to the

20  "Notice re Gault South Bay, Inc's Lack of Capacity to Participate in this Consolidated Action,"

21  filed by Plaintiff DePuy Orthopaedics ("DePuy") on April 24, 2008.

22        As a threshold matter, GSB notes that DePuy erroneously claims that GSB's corporate

23  status was suspended pursuant to California Revenue and Taxation Code § 23301.  Such a

24  suspension would result from failure to pay corporate taxes, which is not the case here.  Instead,

25  GSB's corporate status was suspended under Corporations Code § 2205 because of GSB's failure

26  to file the requisite bi-annual information statement with the Secretary of State pursuant to

27  Corporations Code § 1502.  (Declaration of Tory E. Griffin ("Griffin Decl.") ¶ 2.)  Such an

28  information statement is required to include items such as the corporation's current directors,

923087.1                                    1

1    officers, and the registered agent for service of process.  Corp. Code § 1502.

2         The Secretary of State's office has advised that, to rectify this situation, all GSB needs to

3    do is file the statement of information, and pay a $25 fee at the counter of the Secretary of State's

4    office in Sacramento.  (Griffin Decl., ¶ 2.)  GSB has commenced this process, and expects the

5    requisite paperwork to be filed with the Secretary of State today, April 25, 2008.  (*Id.*)  By April

6    28, 2008, therefore, GSB's active status may very well be revived.

7         Based on these facts, it makes little sense to allow DePuy's strategically timed notice

8    unduly disrupt the proceedings in this matter.  DePuy has admittedly been aware of GSB's

9    suspended status since at least October 12, 2007,[1] yet has opted to ignore it for several months

10   while attempting to prosecute its claims against GSB both in the Northern District of Indiana

11   (prior to the transfer, by seeking a temporary restraining order, filing a motion for preliminary

12   injunction and engaging in discovery) and in this court (by participating in the case management

13   conference on December 3, 2007, and filing various pleadings in this matter).  DePuy's notice—

14   filed two days prior to the hearing on Gault and GSB's motion for partial summary judgment—

15   smacks of gamesmanship.  While GSB cannot contest that its status is currently suspended, GSB

16   fully expects it will be able to cure this problem in very short order.  Moreover, GSB's status in

17   no way affects Gault's right to participate as an individual.

18        Thus, GSB requests that the court do one of two things with respect to the hearings on

19   calendar for April 28, 2008: (1) proceed as planned, where Gault's counsel can participate fully in

20   the hearing and case management conference on behalf of Gault (who is also a party to the

21   motion); or (2) continue the hearings on both matters for two weeks to allow GSB reasonable

22   time to cure the defect in its current corporate status and provide the court notice of such cure.

23   Because GSB will be able to cure the defect in its current status quickly, and because of DePuy's

24   delay in raising the issue here despite its admitted knowledge of the issue prior to the action being

25   transferred to this court, in no way should the court issue any rulings to the prejudice of GSB

26   _____

27   [1] DePuy claims it put GSB on notice of its suspended status on October 12, 2007, when this action was
     still pending in the Northern District of Indiana.  DePuy does not state how it provided such notice,
     however.  Current counsel for GSB, Tory Griffin of Downey Brand, LLP, was not counsel of record for
28   GSB in the Indiana proceedings.

1    prior to allowing GSB a reasonable opportunity to revive its corporate status.

2

3    DATED:  April 25, 2008                    DOWNEY BRAND LLP

4

5                                          By:_____/s/ Tory E. Griffin_____
                                                  TORY E. GRIFFIN
6                                              Attorney for Defendants
                                           GAULT SOUTH BAY, INC. and ROBERT
7                                                      GAULT

8                    **DECLARATION OF TORY E. GRIFFIN**

9    I, Tory E. Griffin, hereby declare as follows:

10           1.      I am an attorney licensed to practice law in the State of California, and am a

11   partner at Downey Brand LLP, attorneys of record for Defendants Bob Gault ("Gault") and Gault

12   South Bay Inc. ("GSB").  I have personal knowledge of the facts set forth herein and, if called to

13   testify, I could and would testify competently to the contents hereof.

14           2.      DePuy erroneously claims that GSB's corporate status was suspended pursuant to

15   California Revenue and Taxation Code § 23301.  A call to the California Secretary of State's

16   Office today confirmed that GSB's corporate status was suspended under Corporations Code §

17   2205 because of GSB's failure to file the requisite bi-annual information statement with the

18   Secretary of State pursuant to Corporations Code § 1502, and that GSB's status was not

19   suspended by the Franchise Tax Board.  The Secretary of State's office has advised that, to rectify

20   this situation, GSB needs to file the statement of information, and pay a $25 fee at the counter of

21   the Secretary of State's office in Sacramento.  GSB has commenced the process to cure its

22   suspended status, and expects the requisite paperwork to be filed with the Secretary of State

23   today, April 25, 2008.

24           I declare under penalty of perjury under the laws of the State of California that the

25   foregoing is true and correct.  Executed this 25th day of April, 2008, at Roseville, California.

26

27                                          By:_____/s/ Tory E. Griffin_____
                                                  TORY E. GRIFFIN

28

923087.1                                        3

RESPONSE TO NOTICE OF LACK OF CAPACITY -- Case No. C:07-cv-05897-JW