1  Mark A. Neubauer (No. 73728)
   Rebecca Edelson (No. 150464)
2  Carla A. Veltman (No. 223910)
   Steptoe & Johnson LLP
3  2121 Avenue of the Stars, Suite 2800
   Los Angeles, CA  90067
4  Telephone:      (310) 734-3200
   Facsimile:      (310) 734-3300
5  Email: mneubauer@steptoe.com
   Email: redelson@steptoe.com
6  Email : cveltman@steptoe.com

7  Attorneys for Defendant
   DEPUY ORTHOPAEDICS, INC.,
8  an Indiana corporation

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

| | |
|---|---|
| IN RE GAULT SOUTH BAY LITIGATION | CASE NO. 5:07-cv-04659-JW |
| | The Honorable James Ware, Ctrm. 8 |
| | DEPUY ORTHOPAEDIC, INC.'S REPLY TO RESPONSE TO NOTICE RE GAULT SOUTH BAY, INC.'S LACK OF CAPACITY TO PARTICIPATE IN THIS CONSOLIDATED ACTION |

  DePuy Orthopaedics, Inc. ("DePuy") replies to the "Response To [DePuy's] 'Notice Re Gault South Bay, Inc.'s ["GSB"] Lack of Capacity To Participate In This Consolidated Action" as follows:

  (1) Even if a failure to provide the requisite information statement rather than a failure to pay taxes caused the State of California to suspend GSB's corporate status, a suspension from a failure to provide such an information statement nevertheless results in incapacity to participate in litigation.  <u>Palm Valley Homeowners Assn, Inc. v. Design MTC</u>, 85 Cal. App. 4th 553 (2001)(cited in DePuy's original Notice).

   (2) GSB has been on notice of its suspended status since 2004.  DePuy reminded GSB of that suspended status on October 12, 2007 in connection with this litigation (see Millard Declaration attached hereto as Exhibit 1).   Moreover, regardless of whether Mr. Griffin was GSB's counsel of record in that Indiana action on October 12, 2007, he is and has been GSB's counsel in this consolidated action and is deemed to have notice of the papers filed in the Indiana action before it was transferred to this Court.  More to the point, the Gault parties offer no explanation of why GSB did not rectify its suspended corporate status before it filed this litigation or even after October 12, 2007.

   (3) As to the Gault parties' contention that DePuy purposefully delayed and strategically timed its Notice to derail the April 28 proceedings, it is unsupported and wrong.  DePuy reasonably assumed that GSB  would cure the suspension after receiving DePuy's October 12, 2007 filing.  However, in connection with preparing its Answer to the Complaint in the action the Gault parties filed in California  -- which Answer is due next week-- DePuy checked to make sure GSB had in fact cured the problem.  When it discovered *this week* GSB had not, it filed its Notice.

/ / /

1

**DEPUY ORTHOPAEDIC, INC.'S REPLY TO RESPONSE TO NOTICE RE LACK OF CAPACITY TO PARTICIPATE IN THIS CONSOLIDATED ACTION**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-182679 v.1

1  (4) DePuy is amenable to the suggestion by the Gault parties that the proceedings scheduled for April 28 proceed with Gault's and DePuy's, but not GSB's, participation. DePuy intends to appear on April 28 and will be prepared to go forward then.

DATED: April 25, 2008        STEPTOE & JOHNSON LLP

By   /s/ Rebecca Edelson
     REBECCA EDELSON
     Attorneys for Defendant
     DEPUY ORTHOPAEDICS, INC.