Mark A. Neubauer (No. 73728)
Rebecca Edelson (No. 150464)
Carla A. Veltman (No. 223910)
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067
Telephone:	(310) 734-3200
Facsimile:	(310) 734-3300
Email: mneubauer@steptoe.com
Email: redelson@steptoe.com
Email : cveltman@steptoe.com

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GAULT SOUTH BAY LITIGATION | CASE NO. 5:07-cv-04659-JW |
| | The Honorable James Ware, Courtroom 8 |
| | **DEPUY ORTHOPAEDICS, INC.'S ANSWER TO COMPLAINT OF GAULT SOUTH BAY, INC. AND BOB GAULT** |

Defendant DePuy Orthopaedics, Inc., ("DePuy" or "Defendant") hereby answers the Complaint of Plaintiffs Gault South Bay, Inc. and Bob Gault.[1] DePuy does not belief it is required to answer the preface in the Complaint before its Paragraph 1 or the headers within the Complaint, but to the extent they include any allegations that require a denial or admission by DePuy, DePuy specifically and generally denies each and every such allegation, express or implied.

1.  Answering the allegations of Paragraph 1 of the Complaint, based on Gault South Bay's suspended status as a corporation when this Complaint was filed, Defendant specifically and generally denies each and every allegation contained in Paragraph 1, express or implied.

2.  Answering the allegations of Paragraph 2 of the Complaint, Defendant admits the allegations contained in Paragraph 2.

3.  Answering the allegations of Paragraph 3 of the Complaint, Defendant admits that Candice Polich is an individual residing in California to the extent "Polich" refers to her. To the extent "Polich" does not refer to Candice Polich, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations and, therefore, specifically denies each and every one of those allegations in this Paragraph 3, express or implied. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 3, express or implied.

4.  Answering the allegations of Paragraph 4 of the Complaint, Defendant admits that DePuy is a corporation incorporated under the laws of the State of Indiana; DePuy has its principal place of business in the State of Indiana; this Court has personal jurisdiction over DePuy; DePuy has contacts in California including customers and employees; the instant dispute relates to a contract between Gault South Bay and Defendant which was performed in part in California. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations about Plaintiffs' information and belief and, therefore, specifically denies each and every one of those allegations in this Paragraph 4, express or implied. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation

---

[1] Candice Polich was dismissed as Plaintiff at her request on September 21, 2007.

contained in Paragraph 4, express or implied.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendant admits that Does 1 through 10 are sued as defendants under such fictitious names and Defendant is without knowledge sufficient to form a belief as to the truth of the allegations about Plaintiffs' knowledge and intent to amend and, therefore, specifically denies each and every one of those allegations in this Paragraph 5, express or implied. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 5, express or implied.

6. Answering the allegations of Paragraph 6 of the Complaint, Defendant specifically and generally denies each and every allegation contained in Paragraph 6, express or implied.

7. Answering the allegations of Paragraph 7 of the Complaint, Defendant admits the allegations contained in Paragraph 7.

8. Answering the allegations of Paragraph 8 of the Complaint, Defendant alleges that in 2006 Gault South Bay and Defendant signed an agreement dated on the first page November 22, 2006 whereby Gault South Bay agreed to act as the independent sales representative for Defendant's products in a certain identified territory and that agreement stated it had an effective date of January 1, 2007. Defendant denies that the Agreement attached to the Complaint as Exhibit A is that agreement as the Agreement at Exhibit A is missing the signatures. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 8, express or implied.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant admits that Exhibit A to the Complaint speaks for itself. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 9, express or implied.

10. Answering the allegations of Paragraph 10 of the Complaint, Defendant alleges that on August 20, 2007, it sent a letter addressed to Robert Gault, Gault South Bay Inc., which stated it was giving notice that effective the close of business August 24, 2007, and DePuy was

1  terminating the November 22, 2006 independent sales representative agreement between Gault
2  South Bay Inc. and DePuy.  Except as expressly admitted or alleged herein, Defendant
3  specifically and generally denies each and every allegation contained in Paragraph 10, express or
4  implied.

5          11.     Answering the allegations of Paragraph 11 of the Complaint, Defendant alleges
6  that Exhibit A to the Complaint speaks for itself.  Except as expressly admitted or alleged herein,
7  Defendant specifically and generally denies each and every allegation contained in Paragraph 11,
8  express or implied.

9          12.     Answering the allegations of Paragraph 12 of the Complaint, Defendant alleges
10 that Exhibit A to the Complaint speaks for itself and reflects who are the parties to it and
11 Defendant further alleges that to the extent "Polich" refers to Candice Polich, she was in the past
12 an independent contractor for Gault South Bay.  Except as expressly admitted or alleged herein,
13 Defendant specifically and generally denies each and every allegation contained in Paragraph 12,
14 express or implied.

15         13.     Answering the allegations of Paragraph 13 of the Complaint, Defendant alleges
16 that Exhibit A to the Complaint speaks for itself.  Except as expressly admitted or alleged herein,
17 Defendant specifically and generally denies each and every allegation contained in Paragraph 13,
18 express or implied.

19         14.     Answering the allegations of Paragraph 14 of the Complaint, Defendant admits
20 that it reflects what Plaintiffs seek to have the Court declare but denies that Plaintiffs are entitled
21 to the declaration they seek or that any provisions in Exhibit A to the Complaint are void or
22 invalid.  Except as expressly admitted or alleged herein, Defendant specifically and generally
23 denies each and every allegation contained in Paragraph 14, express or implied.

24         15.     Answering the allegations of Paragraph 15 of the Complaint, Defendant admits
25 that it reflects what Plaintiffs seek to have the Court declare but deny that Plaintiffs are entitled
26 to the declaration they seek or that any provisions in Exhibit A to the Complaint are unlawful or
27 invalid.  Except as expressly admitted or alleged herein, Defendant specifically and generally
28 denies each and every allegation contained in Paragraph 15, express or implied.

## ANSWER TO FIRST CAUSE OF ACTION
## REQUEST FOR DECLARATORY RELIEF

16. In response to Paragraph 16, Defendant incorporates by reference each and every response (including but not limited to denials of allegations) to Paragraph 1-15 of this Answer as though fully set forth herein.

17. Answering the allegations of Paragraph 17 of the Complaint, Defendant alleges that any actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and obligations under their agreement dated November 22, 2006 on the first page. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations about Plaintiffs' information and belief and, therefore, specifically denies each and every one of those allegations in this Paragraph 17, express or implied. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 17, express or implied.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendant admits that it reflects what Plaintiffs have requested in the way of a judicial determination but denies that Plaintiffs are entitled to the judicial determination they seek or that any provisions in Exhibit A to the Complaint are unenforceable or invalid. Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 18, express or implied.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendant specifically and generally denies each and every allegation contained in Paragraph 19, express or implied.

## ANSWER TO SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### (Business & Professions Code § 17200)

20. In response to Paragraph 20, Defendant incorporates by reference each and every response (including but not limited to denials of allegations) to Paragraph 1-19 of this Answer as though fully set forth herein.

21.     Answering the allegations of Paragraph 21 of the Complaint, Defendant specifically and generally denies each and every allegation contained in Paragraph 21, express or implied.

    22.     Answering the allegations of Paragraph 22 of the Complaint, Defendant admits that Plaintiffs seek the injunction described but denies that Plaintiffs are entitled to that or any injunction and that any portions of Exhibit A to the Complaint are invalid.  Except as expressly admitted or alleged herein, Defendant specifically and generally denies each and every allegation contained in Paragraph 22, express or implied.

## ANSWER TO PRAYER FOR RELIEF

    23.     Answering the allegations of the prayer for relief of the Complaint, Defendant generally and specifically denies that Plaintiffs are entitled to any of the prayed-for relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### (First Affirmative Defense)

(Failure to State a Cause: To All Causes of Action)

    1.      As a first affirmative defense, Plaintiffs have failed to state a claim upon which relief may be granted.

### (Second Affirmative Defense)

(Unclean Hands: To All Causes of Action)

    2.      As a second affirmative defense, Plaintiffs are barred by their unclean hands from asserting any claims for relief, including by reason of the following conduct:

        a.      Plaintiffs engaged in the conduct alleged in DePuy's Complaint against them in this consolidated action.

        b.      Plaintiff Gault South Bay, Inc. participated in this litigation while its corporate status had been suspended by the California Secretary of State.

6
DEPUY ORTHOPAEDICS, INC.'S ANSWER TO COMPLAINT
CASE NO. 5:07-cv-04659-JW
Doc. # CC-183245 v.1

      c.    Plaintiffs have used provisions in contracts similar to those ones that they complain Defendant has unlawfully used.

      d.    In filing this litigation, Plaintiffs breached the forum selection clause in the parties' agreement.

**(Third Affirmative Defense)**

(Estoppel and Waiver: To All Causes of Action)

3.    As a third and separate affirmative defense, Plaintiffs' claims are barred by the equitable doctrines of estoppel and waiver.

**(Fourth Affirmative Defense)**

(Laches: To All Causes of Action)

4.    As a fourth affirmative defense, Plaintiffs have delayed an unreasonable period of time in bringing this action and that the delay in bringing this suit has prejudiced Defendant.

**(Fifth Affirmative Defense)**

(Lack of Standing: To Last Cause of Action)

5.    As a fifth affirmative defense, Plaintiffs lack standing to assert a claim under Bus. & Prof. Code Section 17200.

**(Sixth Affirmative Defense)**

(Good Faith and Reasonableness: To All Causes of Action)

6.    As a sixth affirmative defense, each and every purported cause of action alleged therein, is barred against Defendant as a matter of law because Defendant has at all relevant times acted reasonably and in good faith to the extent it engaged in alleged conduct.

**(Seventh Affirmative Defense)**

(Privilege and Justification: To All Causes of Action)

7.  As a seventh affirmative defense, any acts or omissions by Defendant were privileged or justified, including but not limited to under controlling and applicable case law the enforceability and validity of non-compete agreements.

**(Eighth Affirmative Defense)**

(Conduct Not Unlawful: To All Causes of Action)

8.  As an eighth affirmative defense, Plaintiffs' claims are barred on the ground that Defendant has not engaged in any unlawful conduct.

**(Ninth Affirmative Defense)**

(Moot: To All Causes of Action)

9.  As a ninth affirmative defense, Plaintiffs' claims asserting the agreement is terminable at will are moot since Defendant gave notice of termination.

**(Tenth Affirmative Defense)**

(Jurisdiction And Proper Venue Lacking:  To All Causes of Action)

10.  As a tenth affirmative defense, Plaintiffs' claims are barred on the ground that jurisdiction and proper venue are lacking in light of the Indiana forum selection provision in the parties' agreement.

**(Eleventh Affirmative Defense)**

(Contrary Agreed Upon Choice of Law)

11.  As a eleventh affirmative defense, Plaintiffs' claims alleging the parties' agreement is to be construed under California law violates the choice of Indiana law in the parties' agreement.

8
**DEPUY ORTHOPAEDICS, INC.'S ANSWER TO COMPLAINT**
CASE NO. 5:07-cv-04659-JW
Doc. # CC-183245 v.1

**(Twelfth Affirmative Defense)**

(California Business & Professions Code Section 16600 Is Invalid:

To All Causes of Action)

12.   As a twelfth affirmative defense, Plaintiffs' claims are barred on the grounds that California Business & Professions Code Section 16600 is impermissibly vague and ambiguous; violates the Commerce Clause; and violates the right or freedom to contract.

**(Thirteenth Affirmative Defense)**

(Violation of Due Process: To All Causes of Action)

13.   As a thirteenth affirmative defense, Plaintiffs' claims violate Defendant's rights of due process.

WHEREFORE, the Defendant requests that this Court enter judgment in its favor and against Plaintiffs, and award it the following relief as well as the relief sought through its Complaint against Gault South Bay, Inc. and Robert Gault in this consolidated action:

a.   A judgment denying with prejudice any of the relief sought by Plaintiffs in their Complaint;

b.   Costs of suit to the extent permitted by law; and

c.   Such other relief as this Court deems just and proper.

DATED: May 2, 2008          STEPTOE & JOHNSON LLP

MARK A. NEUBAUER
REBECCA EDELSON
CARLA A. VELTMAN


By   /s/ Rebecca Edelson
     REBECCA EDELSON
Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.